United States District Court
Southern District of Texas
FILED

OCT 0 7 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOE GONZALEZ, | § | JURY DEMAND |
| | § | |
| Plaintiff, | § | C. A. NO. **B-02-194** |
| | § | JURY DEMAND |
| vs. | § | |
| | § | |
| HIDALGO COUNTY, TEXAS, ROBERT | § | |
| LIZCANO, MICHAEL WILSON, JOE E. | § | |
| LOPEZ, SGT. RAMIREZ and J.C. GOMEZ | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOE GONZALEZ, plaintiff, files this his original complaint against HIDALGO COUNTY, TEXAS, ROBERT LIZCANO, MICHAEL WILSON, JOE E. LOPEZ, SGT. RAMIREZ and J.C. GOMEZ showing the Court as follows:

1. This action is brought pursuant to 42 U.S.C. §1983, the Eighth and Fourteenth Amendments to the Constitution of the United States.

2. Jurisdiction is founded upon 28 U.S.C. §1343 (3)(4), 28 U.S.C. §1331, and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims under State law.

4. Venue is proper in this Court because the acts and omissions complained of occurred within the geographical boundaries of the United States District Court for the Southern District

of Texas.

## PARTIES

5. Plaintiff, NOE GONZALEZ, is an individual residing in Cameron County, Texas.

6. Plaintiff is at all times relevant to this Complaint a citizen of the United States and a resident of the State of Texas.

7. Defendant, HIDALGO COUNTY, TEXAS, is a unit of local government and may be served by serving the County Judge, Jose Eloy Pulido at 100 East Cano Street, 2nd Floor, Edinburg, Texas 78539.

8. Defendant, ROBERT LIZCANO, is sued in his individual and official capacity and may be served at his place of employment at Judge Homer Salinas Rehabilitation Center, 1000 North "M" Road, Edinburg, Texas 78540.

9. Defendant, MICHAEL WILSON, is sued in his individual and official capacity and may be served at his place of employment at Judge Homer Salinas Rehabilitation Center, 1000 North "M" Road, Edinburg, Texas 78540.

10. Defendant, JOE E. LOPEZ is sued in his individual and official capacity and may be served at his place of employment at Judge Homer Salinas Rehabilitation Center, 1000 North "M" Road, Edinburg, Texas 78540.

11. Defendant, SGT. RAMIREZ is sued in his individual and official capacity and may be served at his place of employment at Judge Homer Salinas Rehabilitation Center, 1000 North "M" Road, Edinburg, Texas 78540.

12. Defendant, J.C. GOMEZ is sued in his individual and official capacity and may be served

at his place of employment at Judge Homer Salinas Rehabilitation Center, 1000 North "M" Road, Edinburg, Texas 78540.

13. Hidalgo County Boot Camp (also known as Judge Homer Salinas Rehabilitation Center)("Boot Camp") is a department of HIDALGO COUNTY, TEXAS ("County"). Defendant County was and is a local governmental unit under the laws of the State of Texas, and at all relevant times was the employer of ROBERT LIZCANO ("Lizcano"), MICHAEL WILSON ("Wilson"), JOE E. LOPEZ ("Lopez"), SGT. RAMIREZ ("Ramirez") and J.C. GOMEZ ('Gomez"). The County was and is charged with overall policy—making, administration and supervision of its boot camp. By its delegations of authority described above, the County has directly adopted the actions of Lopez, the highest ranking director of the Boot Camp.

14. Defendant, Wilson and Ramirez were at all times relevant to this Complaint employed as enforcement/corrections officers by the Boot Camp. At all relevant times, these defendants were acting under color of law; his actions being under color of statutes, ordinances, regulations, polices, customs and usages of the State of Texas and/or the County. In performing the actions complained of, defendants were acting within the course and scope of their employment with the County.

15. Defendants Lizcano, Lopez and Gomez were the duly appointed and acting program coordinator, executive director and boot camp director respectively for the County at all times relevant to this Complaint. At all times material hereto, these defendants were acting under color of law and were the officials to whom the County delegated policy-making authority to operate

the Boot Camp. As such, Lizcano, Lopez and Gomez were responsible for making policy, setting rules, and the training, supervision and conduct of enforcement/corrections officers and medical staff employed by the Boot Camp. These defendants were also responsible for enforcing the policy, rules and regulations of the Boot Camp and for ensuring that enforcement/corrections officers and medical staff obeyed the laws of the State of Texas and of the United States.

## FACTS

16. On or about June 27, 2001, plaintiff Noe Gonzalez was a resident of the Boot Camp located in Edinburg, Texas, when he suffered the bites of one or more Brown Recluse spiders. After advising Boot Camp employees of the spider bites, enforcement, supervisory and medical personnel delayed treatment of plaintiff's injuries, prolonging his suffering and exacerbating plaintiff's medical condition.

17. Prior to the occurrence made the subject of this suit, defendants knew that the Boot Camp was infested with Brown Recluse spiders; knew that the residents had been bitten by spiders in the past; knew that the bite of a Brown Recluse spider is especially venomous, and deliberately failed to eradicate the poisonous spiders and/or evacuate the parasitized Boot Camp housing. While compelling residents to sleep in a spider infested environment, the only protective action taken by defendants was to compel the Boot Camp residents, including the plaintiff, to sleep with dormitory lights on.

18. As a result of defendants' concerted and wrongful actions, plaintiff suffered venomous spider bites to both legs and delay in treatment, causing serious and debilitating injuries.

## FIRST CAUSE

19.　Paragraphs 12-17 are hereby incorporated by reference.

20.　Plaintiff brings this claim under 42 U.S.C. Sec. 1983 and the 14th Amendment to the U.S. Constitution. Under color of the official policy or custom of the County, plaintiff's constitutional rights to personal security and bodily integrity were violated. In addition, or in the alternative, the conduct of Wilson, and Ramirez was ratified by Lizcano, Lopez, Gomez and the County.

21.　The policy and/or custom complained of are (a) the County's acquiescence in housing Boot Camp residents in dangerous dormitories and providing inadequate medical response, (b) the County's failure to investigate properly the complaints of spider infestation and bite occurrences, (c) the County's failure to train personnel to recognize the danger of spider infestation and provide adequate medical response, (d) the County's failure to discipline personnel who deliberately disregarded the spider infestation and consequent injuries in the past, (e) the County's failure to evacuate the spider infested dormitories and/or extinguish the spider problem, and (f) the County's failure to provide adequate medical response and/or medical care.

22.　At all times material, defendants had a "special relationship" with the plaintiff. In addition, or in the alternative, defendants exposed the plaintiff to a danger of their own creation. The policy or custom complained of resulted in a "state created danger" subjecting the plaintiff to the risk of significant injury, and was promulgated with deliberate indifference to the known or obvious consequences that such constitutional violations would result.

23.　As a proximate result of defendants' wrongful actions, plaintiff has been greatly damaged through improper deprivation of his constitutional rights resulting in severe mental and physical

pain and suffering, loss of work, medical, legal and other expenses.

24. Under 42 U.S.C.A. sections 1983 and 1988 and the foregoing constitutional provisions plaintiff is entitled to recover damages and attorney's fees from defendants as a result of such constitutional violations. The willful and outrageous nature of the defendants' actions further entitles plaintiff to recover punitive damages from the individual defendants.

## SECOND CAUSE

25. Paragraphs 12-21 are hereby incorporated by reference.

26. Plaintiff brings this claim under 42 U.S.C. Sec. 1983, showing that defendants have violated his Eighth Amendment rights secured by the Constitution and/or laws of the United States and the State of Texas. The conditions and treatment inflicted upon the plaintiff during his confinement constitutes cruel and unusual punishments.

27. At all times material, the conditions of confinement in the venomous spider infested Boot Camp and the failure of medical response, individually, or in combination, deprived plaintiff of the minimal civilized measure of life's necessities, i.e. personal security, bodily integrity, medical care, freedom from unnecessary or wanton pain and mental suffering.

28. As a proximate result of defendants' wrongful actions, plaintiff has been greatly damaged through improper deprivation of his civil rights resulting in severe mental and physical pain and suffering, loss of work, medical, legal and other expenses.

29. Under 42 U.S.C.A. sections 1983 and 1988 and the foregoing constitutional provisions plaintiff is entitled to recover damages and attorney's fees from defendants as a result of such constitutional violations. The willful and outrageous nature of the defendants' actions further

entitles plaintiff to recover punitive damages from the individual defendants.

## THIRD CAUSE

30. Paragraphs 12-28 are hereby incorporated by reference.

31. Plaintiff brings this claim under 42 U.S.C. Sec. 1983 showing that a deliberate choice by final policymakers with the County to condone a general and widespread practice of failing to instruct law enforcement personnel in rudimentary training pertaining to corrections facilities resulted in the injuries and damages to plaintiff. The training policy of the County was so inadequate as to amount to deliberate indifference to the constitutional needs of the plaintiff. This failure-to-train policy was the "moving force" behind plaintiff's injuries. Alternatively, or in addition, the final policymakers failed to provide formal, and very little effective, supervision for its enforcement officers which was the "moving force" behind plaintiff's injuries.

32. As a proximate result of defendants' wrongful actions, plaintiff has been greatly damaged through improper deprivation of his constitutional rights resulting in severe mental and physical pain and suffering, loss of work, medical, legal and other expenses.

33. Under 42 U.S.C.A. sections 1983 and 1988 and the foregoing constitutional provisions plaintiff is entitled to recover damages and attorney's fees from defendants as a result of such constitutional violations. The willful and outrageous nature of the defendants' actions further entitles plaintiff to recover punitive damages from the individual defendants.

## FOURTH CAUSE

34. Alternatively, this claim is brought pursuant to the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE, Section 101.001 et seq, for damages suffered by plaintiff.

35. At all times material, plaintiff's damages were proximately caused by the infestation of Brown Recluse spiders, a defect posing an unreasonable risk of harm on the Boot Camp premises.

36. At all times material, defendants knew or should have known of the danger.

37. The occurrence made the basis of this action was a direct and proximate result of the negligence of defendant County, and its agents and employees in the following particulars: (a) creating the dangerous condition, (b) failing to make the condition reasonably safe, and (c) failing to warn of the dangerous condition.

## FIFTH CAUSE

38. Paragraphs 12-36 are hereby incorporated by reference.

39. On the occasion in question, defendants were guilty of intentional infliction of emotional distress upon the plaintiff which resulted in injuries and damages to the plaintiff.

40. As a proximate result of such actions, plaintiff is entitled to recover compensatory damages from defendants. Given the willful and egregious nature of defendants' wrongful acts, plaintiff is further entitled to recover punitive damages from the individual defendants.

WHEREFORE, plaintiff NOE GONZALEZ prays for the following:

(a) That the defendants be required to appear and answer;

(b) Compensatory damages from defendants:

(c) Punitive damages from the individual defendants;

(d) Reasonable attorney's fees incurred pursuant to 42 U.S.C section 1988;

(e) Prejudgment and postjudgment interest at the legal rate as provided by law;

(f)  Costs of suit; and

(g)  Such other and further relief to which plaintiff may show himself justly entitled.

A jury demand is made.

                                       Respectfully submitted,

                                       MOSS LAW OFFICE
                                       5350 S. Staples, Suite # 209
                                       Corpus Christi, Texas 78411
                                       (361)992-8999 Telephone
                                       (361)992-8373 Telecopier

                                       By: _____
                                       Abraham Moss
                                       State Bar No. 14581700
                                       Federal Bar No. 364

                                       ATTORNEY FOR PLAINTIFF