IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RECEIVED
NOV 0 6 2002
ABRAHAM MOSS

| | | |
|---|---|---|
| NOE GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | CIVIAL ACTION NO. B-02-194 |
| | § | |
| vs. | § | |
| | § | |
| HIDALGO COUNTY, TEXAS, ROBERT | § | |
| LIZCANO, MICHAEL WILSON, JOE E. | § | |
| LOPEZ, SGT. RAMIREZ and J.C. GOMEZ | § | |
| | § | |
| Defendants. | § | JURY DEMAND |

United States District Court
Southern District of Texas
FILED
NOV 1 3 2002
Michael N. Milby
Clerk of Court

## WAIVER OF SERVICE OF SUMMONS

TO    Abraham Moss, MOSS LAW OFFICE, 5350 S. Staples, Suite 209, Corpus Christi, Texas 78411.

I acknowledge receipt of your request that I waive service of a summons in the action of *Noe Gonzalez v. Hidalgo County, Texas, Robert Lizcano, Michael Wilson, Joe E. Lopez, Sgt. Ramirez and JC Gomez;* In the United States District Court for the Southern District of Texas, Brownsville Division, which is case number B-02-194. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the Complaint in this suit by not requiring that Hidalgo County, Texas be served with judicial process in the manner provided by Rule 4. Hidalgo County, Texas will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Hidalgo County, Texas if an answer

or motion under Rule 12 is not served upon you within 60 days after October 15, 2002.

DATE: October 15, 2002

*Charles Willette*
Signature   *Atty for Hidalgo County*

Printed/typed name: County Judge, Jose Eloy Pulido

### Duty to Avoid Unnecessary Cost of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.