United States District Court
Southern District of Texas
FILED

DEC 12 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALES,* | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | Civil Action No. B-02-194 |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| **Defendants.** | § | |

### ORIGINAL ANSWER OF JOE E. LOPEZ, ROBERT LIZCANO, MICHAEL WILSON, SGT ALEX RAMIREZ, AND J.C. GOMEZ

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COME Defendants Joe E. Lopez, Executive Director, Hidalgo County Community Supervision and Corrections Department, Robert Lizcano, Program Coordinator, Judge Homer Salinas Rehabilitation Center, Michael Wilson, Drill Staff, Judge Homer Salinas Rehabilitation Center, Sgt Alex Ramirez, Drill Staff, Judge Homer Salinas Rehabilitation Center, and J.C. Gomez, Director, Judge Homer Salinas Rehabilitation Center, by and through the Office of the Attorney General for the State of Texas, and submit this their Original Answer. In support thereof, the Defendants respectfully offer the following:

### NATURE OF THE CASE

Plaintiff, Noe Gonzalez, asserts that on or about June 27, 2001, he suffered bites from one or more Brown Recluse Spiders while a resident at the Judge Homer Salinas Rehabilitation Center. He alleges enforcement, supervisory, and medical personnel delayed treatment of his injuries after he advised them of the spider bites.

Center personnel first suspected the presence Brown Recluse Spiders in the center during December 2000. They proceeded to fumigate the building in December 2000, January 2001, and March 2001. They also attempted to seal the building with caulk and duct tape. They advised the residents of the problem and provided medical care to those reporting apparent spider bites.

When the fumigations failed to solve the problem, experts from local and regional health departments determined a virus present in the building caused the spider-like wounds when it came into contact with skin. Washing down the facility with bleach resolved the problem.

## ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Lopez denies each and every allegation contained in the Plaintiff's Complaint except those expressly admitted herein.

2. Defendants admit that Plaintiff is a resident of Cameron County, Texas.

3. Defendants admit that Plaintiff resided at the Judge Homer Salinas Rehabilitation Center, 1000 North "M" Road, Edinburg, Hidalgo County, Texas, on or about June 27, 2001.

4. Defendants deny the Judge Homer Salinas Rehabilitation Center is a department of Hidalgo County, Texas.

5. Defendants deny Hidalgo County was and is charged with overall policy-making, administration, and supervision of the Judge Homer Salinas Rehabilitation Center.

6. Defendants state the Hidalgo County Community Supervision and Corrections Department operates the Judge Homer Salinas Rehabilitation Center, 1000 North "M" Road, Edinburg, Hidalgo County, Texas.

7. Defendants assert that the Hidalgo County Community Supervision and Corrections Department was established by the district judges trying criminal cases in Hidalgo County

   in accordance with TEX. GOV'T CODE § 76.002 and is an "arm of the state" entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983.

8. Defendants deny they were employees of Hidalgo County at all times relevant to this complaint. Defendants admit they were employees of the Hidalgo County Community Supervision and Corrections Department and at all times relevant to this complaint they were acting within the course and scope of their employment.

9. Defendant Lopez admits he was the Executive Director of the Hidalgo County Community Supervision and Corrections Department at all times relevant to the allegations in the Plaintiff's Complaint. He admits that he was responsible for making policy, setting rules, training staff members, supervising employees, and monitoring medical personnel.

10. Defendant Robert Lizcano admits he was the Program Coordinator at the Judge Homer Salinas Rehabilitation Center at all times relevant to the allegations in the Plaintiff's Complaint. He admits that he was responsible for making policy, setting rules, training staff members, supervising employees, and monitoring medical personnel.

11. Defendant Michael Wilson admits he was a member of the Drill Staff at the Judge Homer Salinas Rehabilitation Center at all times relevant to the allegations in the Plaintiff's Complaint.

12. Defendant Sgt Alex Ramirez admits he was a member of the Drill Staff at the Judge Homer Salinas Rehabilitation Center at all times relevant to the allegations in the Plaintiff's Complaint.

13. Defendant J.C. Gomez admits he was the Director of the Judge Homer Salinas Rehabilitation Center at all times relevant to the allegations in the Plaintiff's Complaint. He admits that he

was responsible for making policy, setting rules, training staff members, supervising employees, and monitoring medical personnel.

14. Defendants admit they suspected the Judge Homer Salinas Rehabilitation Center was infested with Brown Recluse Spiders by deny they deliberately failed to eradicate the spiders or evacuate the facility. They deny that the "only protective action" taken by them was to compel residents to sleep with the dormitory lights on.

15. Defendants deny they engaged in a concerted effort to delay treatment for the residents of the facility.

16. Defendants deny they housed residents in dangerous dormitories, provided inadequate medical responses, failed to train personnel to recognize medical problems, failed to investigate complaints of spider infestation and bite occurrences or deliberately disregarded the purported spider infestation.

17. Defendants deny they deprived the Plaintiff of the minimal civilized measures of life's necessities, i.e., personal security, bodily integrity, medical care, freedom from unnecessary or wanton pain, and mental suffering.

18. Defendants deny they failed to instruct employees with "rudimentary training pertaining to corrections facilities."

19. Defendants deny they created a dangerous situation, failed to make conditions reasonably safe, or failed to warn of the conditions.

20. Defendants assert Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. §1983 or under any other statute, constitutional theory, or legal authority.

21. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. §1983, but deny that such circumstances are present in this case.

22. Defendants state the statute of limitations may be a bar to the Plaintiff's claims.

23. Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. §1983.

24. Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. §1983.

25. Defendants assert that a government official acting in his official capacity is not a "person" within the meaning of 42 U.S.C. §1983, and thus is not a proper party to a cause of action under said statute.

26. Defendants assert their Eleventh Amendment immunity to any claim for damages which may have been brought against them in their official capacities.

27. Defendants deny they acted separately or in concert with others to engage in illegal conduct to injure the Plaintiff.

28. Defendants deny that the Plaintiff was deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

29. Defendants state that at all times relevant to the allegations against them they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States and hereby claim their entitlement to qualified immunity from suit.

30. Defendants hereby assert their entitlement to discretionary immunity to any claims brought against them under the Constitution and laws of the State of Texas.

31. The Defendants assert that attorney's fees are unavailable for any and all claims brought pursuant to the laws of the State of Texas.

32. Defendants assert that the Plaintiff's amount of recovery, if any, under pendent state claims may be barred or limited by state law theories of comparative responsibility and/or contribution.

33. Defendants assert their entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted against him and any other pendent state claims to which these defenses apply.

34. Defendants assert that liability for claims brought pursuant to TEX. CIV. PRAC. & REM. CODE §101.001, *et seq.*, are limited by TEX. CIV. PRAC. & REM. CODE § 101.023, and hereby asserts the limit as set forth therein.

35. Defendants assert that punitive damages and attorneys fees are not available for claims brought pursuant to TEX. CIV. PRAC. & REM. CODE §101.001, *et seq.*

36. Defendants assert the waiver of sovereign immunity effectuated by the Texas Tort Claims Act is specific and limited in scope. TEX. CIV. PRAC. & REM. CODE § 101.021 provides in pertinent part that a government unit may be held liable for "personal injury and death so cause by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." See also TEX. CIV. PRAC & REM. CODE §101.025(a)("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter).

37. Defendants assert the Plaintiff has not pled a "condition or use of tangible personal or real property," which proximately cause the alleged injuries. Further, the Defendants' immunity would be a bar to recovery since a private person would not be liable to a claimant.

38. The Defendants state that the Texas Tort Claims Act does not apply to intentional torts.

39. Defendants deny that the Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that the Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

40. Defendants assert this suit is frivolous and without merit and that as such he is entitled to recover from the Plaintiff the amount of any attorneys fees and costs incurred in defending this suit. The Defendants seek recovery from the Plaintiff such attorneys fees and costs expended by him in being required to defend this suit.

**WHEREFORE, PREMISES CONSIDERED**, Defendants urge this Court to deny the Plaintiff any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

GREGG ABBOTT
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

DON J. CLEMMER
Acting Deputy Attorney General
For Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

JOHN M. ORTON
Assistant Attorney General
Attorney in Charge
State Bar No. 00792038

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANTS JOE E. LOPEZ, ROBERT LIZCANO, MICHAEL WILSON, SGT ALEX RAMIREZ, AND J.C. GOMEZ**

## CERTIFICATE OF SERVICE

I, JOHN M. ORTON, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Original Answer of Joe E. Lopez, Robert Lizcano, Michael Wilson, Sgt. Alex Ramirez, and J.C. Gomez** has been served by placing same in the United States Mail on this 9th day of December, 2002, addressed to:

Abraham Moss          *CM/RRR No. 7002 0510 0002 8084 3051*
Attorney at Law
5350 S. Staples, Suite #209
Corpus Christi, Texas 78411

*Attorney for Plaintiff*

/s/ John Orton
JOHN M. ORTON
Assistant Attorney General