IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NOE GONZALEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-02-194 |
| HIDALGO COUNTY, TEXAS, | § | |
| ROBERT LIZCANO, MICHAEL | § | |
| WILSON, JOE E. LOPEZ, | § | |
| SGT. RAMIREZ AND J.C. GOMEZ | § | |

### DEFENDANT HIDALGO COUNTY'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now, Defendant Hidalgo County, and files this, its Answer to Plaintiff's Original Complaint, and in support thereof, would show unto this honorable court the following:

### ANSWER

1. Defendant admits that Plaintiff has alleged claims under 42 U.S.C. § 1983, the Eighth Amendment, and the Fourteenth Amendment, as alleged in Paragraph 1 of Plaintiff's Original Complaint.

2. Defendant admits that this court has jurisdiction to hear this case, as alleged in Paragraph 2 of Plaintiff's Original Complaint.

3. Defendant admits that this court has pendant jurisdiction to hear Plaintiff's state law claims, as alleged in Paragraph 3 of Plaintiff's Original Complaint.

4. Defendant admits that this court is the proper venue, as alleged in Paragraph 4 of Plaintiff's Original Complaint.

5. Defendant admits the allegations in Paragraph 5 of Plaintiff's Original Complaint.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Original Complaint.

7. Defendant admits the allegations in Paragraph 7 of Plaintiff's Original Complaint.

8. Defendant admits the allegations in Paragraph 8 of Plaintiff's Original Complaint.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Original Complaint.

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Original Complaint.

11. Defendant admits the allegations in Paragraph 11 of Plaintiff's Original Complaint.

12. Defendant admits the allegations in Paragraph 12 of Plaintiff's Original Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Original Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Original Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendant admits that Plaintiff Gonzalez was incarcerated in the Judge Homer Salinas Rehabilitation Center on or about June 27, 2001. Defendant otherwise denies the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendant denies the allegations in Paragraph 20 of Plaintiff's Original Complaint.

20. Defendant denies the allegations in Paragraph 21 of Plaintiff's Original Complaint.

21. Defendant denies the allegations in Paragraph 22 of Plaintiff's Original Complaint.

22. Defendant denies the allegations in Paragraph 23 of Plaintiff's Original Complaint.

23. Defendant denies the allegations in Paragraph 24 of Plaintiff's Original Complaint.

24. Defendant denies the allegations in Paragraph 26 of Plaintiff's Original Complaint.

25. Defendant denies the allegations in Paragraph 27 of Plaintiff's Original Complaint.

26. Defendant denies the allegations in Paragraph 28 of Plaintiff's Original Complaint.

27. Defendant denies the allegations in Paragraph 29 of Plaintiff's Original Complaint.

28. Defendant denies the allegations in Paragraph 31 of Plaintiff's Original Complaint.

29. Defendant denies the allegations in Paragraph 32 of Plaintiff's Original Complaint.

30. Defendant denies the allegations in Paragraph 33 of Plaintiff's Original Complaint.

31. Defendant admits that Plaintiff is bringing a claim under the Texas Tort Claims Act, as alleged in Paragraph 34 of Plaintiff's Original Complaint, but denies that Plaintiff is in any way entitled to recover under that act.

32. Defendant denies the allegations in Paragraph 35 of Plaintiff's Original Complaint.

33. Defendant denies the allegations in Paragraph 36 of Plaintiff's Original Complaint.

34. Defendant denies the allegations in Paragraph 37 of Plaintiff's Original Complaint.

35. Defendant denies the allegations in Paragraph 39 of Plaintiff's Original Complaint.

36. Defendant denies the allegations in Paragraph 40 of Plaintiff's Original Complaint.

37. Defendants deny that Plaintiff is entitled to the relief requested in the Prayer of Plaintiff's Original Complaint.

38. Defendant requests a trial by jury.

## AFFIRMATIVE DEFENSES

39. Defendant Hidalgo County is entitled to sovereign immunity and governmental immunity from both liability and suit. Defendant has not waived its right to sovereign immunity.

40. Defendants would show, that to the extent punitive damages are sought under 42 U.S.C. §1983, those claims for punitive damages are barred. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2448, 69 L.Ed 2d 616 (1981).

41. Defendant would show that Plaintiff's injuries and damages were caused in whole or in part, or contributed to, by the negligence or fault or want of care of parties, person(s), or instrumentalities over whom Defendant exercised no control and for whose acts Defendant is not legally responsible.

42. Defendant would show that Plaintiff's injuries and damages were caused in whole or in part, by his own contributory negligence.

43. Defendants seek reasonable costs and attorney's fees as a prevailing party pursuant to 42 U.S.C. §1988.

44. With respect to Plaintiff's state law claims, Defendant Hidalgo County is entitled to immunity from any and all liability in connection with Plaintiff's claims under the state doctrine of official immunity.

45. With respect to Plaintiff's state law claims, Defendant is entitled to sovereign immunity and governmental immunity from both liability and suit. Defendant has not waived its right to sovereign immunity. Further, Plaintiff's claims do not fall within the narrow waiver of immunity provided by the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. §101.021 and 101.051 et. seq.

46. With respect to Plaintiff's state law claims, Defendant specifically pleads the statutory limits on liability as to actual damages and the bar as to punitive damages set forth in the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. §101.023 and §101.024.

47. With respect to Plaintiff's state law claims, Defendant would show that Plaintiff's allegations involve discretionary activities for which Defendant is not liable under Tex. Civ. Prac. & Rem. Code § 101.056.

48. With respect to Plaintiff's state law claims, Defendant invokes the doctrine of comparative responsibility and assert that they are entitled to a determination of proportionate responsibility and contribution and to all other remedies and limitations set forth in Tex. Civ. Prac. & Rem. Code Ch. 33.

49. With respect to Plaintiff's state law claims, Defendant would show that they are barred by section 101.057 of the Texas Civil Practice and Remedies Code, which prohibits claims for intentional torts against Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant Hidalgo County prays that Plaintiff's claims against it be dismissed, that Plaintiff take nothing by this suit, that costs be taxed against Plaintiff, and for all other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone : (956)541-1846
Facsimile : (956)541-1893

BY: _____
CHARLES WILLETTE
Federal I. D. No. 1937
State Bar No. 21509700

SETH MOORE
Federal I. D. No. 28488
State Bar No. 24027522

**ATTORNEYS FOR DEFENDANT
HIDALGO COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing DEFENDANT HIDALGO COUNTY'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT has been served by mailing same, *via certified mail, return receipt requested* to all counsel of record as follows:

Abraham Moss
MOSS LAW OFFICE
5350 South Staples, Suite 209
Corpus Christi, Texas  78411
*(Attorney for Plaintiff)*

on this the ___12th___ day of December, 2002.

_____
CHARLES WILLETTE