IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| NOE GONZALEZ, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff,* | § | C. A. NO.B-02-194 |
| | § | |
| vs. | § | |
| | § | |
| ROBERT LIZCANO, MICHAEL | § | |
| WILSON, JOE E. LOPEZ, | § | |
| SGT. ALEX RAMIREZ and J.C. GOMEZ | § | |
| | § | |
| *Defendants.* | § | JURY DEMAND |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOE GONZALEZ, plaintiff, files this his first amended original complaint against ROBERT LIZCANO, MICHAEL WILSON, JOE E. LOPEZ, SGT. ALEX RAMIREZ and J.C. GOMEZ showing the Court as follows:

1. This action is brought pursuant to 42 U.S.C. §1983, the Eighth and Fourteenth Amendments to the Constitution of the United States.

2. Jurisdiction is founded upon 28 U.S.C. §1343 (3)(4), 28 U.S.C. §1331, and the aforementioned statutory and constitutional provisions.

3. Venue is proper in this Court because the acts and omissions complained of occurred within the geographical boundaries of the United States District Court for the Southern District of Texas.

### PARTIES

4. Plaintiff, NOE GONZALEZ, is an individual residing in Cameron County, Texas.

5. Plaintiff is at all times relevant to this Complaint a citizen of the United States and a resident of the State of Texas.

6. Defendant, ROBERT LIZCANO, is sued in his individual and official capacity and is before the Court.

7. Defendant, MICHAEL WILSON, is sued in his individual and official capacity and is before the Court.

8. Defendant, JOE E. LOPEZ is sued in his individual and official capacity and is before the Court.

9. Defendant, SGT. ALEX RAMIREZ is sued in his individual and official capacity and is before the Court.

10. Defendant, J.C. GOMEZ is sued in his individual and official capacity and is before the Court.

11. Hidalgo County Boot Camp (also known as Judge Homer Salinas Rehabilitation Center)("Boot Camp") is operated by the Hidalgo County Community Supervision and Corrections Department, a governmental unit under the laws of the State of Texas ("HCCSCD"). At all relevant times, HCCSCD was the employer of ROBERT LIZCANO ("Lizcano"), MICHAEL WILSON ("Wilson"), JOE E. LOPEZ ("Lopez"), SGT. ALEX RAMIREZ ("RAMIREZ") and J.C. GOMEZ ('GOMEZ"). Lizcano, Lopez and Gomez were and are charged with overall policy—making, administration and supervision of its boot camp. Lopez is the highest ranking director of the Boot Camp.

12. Defendants, Wilson and Ramirez were at all times relevant to this Complaint employed as enforcement/corrections officers by the Boot Camp. At all relevant times, these defendants were

acting under color of law; their actions being under color of statutes, ordinances, regulations, polices, customs and usages of the State of Texas. In performing the actions complained of, defendants were acting within the course and scope of their employment with the Boot Camp.

13.   Defendants LIzcano, Lopez and Gomez were the duly appointed and acting program coordinator, executive director and director respectively of the Boot Camp at all times relevant to this Complaint. At all times material hereto, these defendants were acting under color of law and were the officials to whom HCCSCD delegated policy-making authority to operate the Boot Camp. As such, Lizcano, Lopez and Gomez were responsible for making policy, setting rules, and the training, supervision and conduct of enforcement/corrections officers and medical staff employed by the Boot Camp. These defendants were also responsible for enforcing the policy, rules and regulations of the Boot Camp and for ensuring that enforcement/corrections officers and medical staff obeyed the laws of the State of Texas and of the United States.

## FACTS

14.   On or about June 27, 2001, plaintiff Noe Gonzalez was a resident cadet of the Boot Camp located in Edinburg, Texas, when he suffered the bites of one or more Brown Recluse spiders. After advising Boot Camp employees of the spider bites, enforcement, supervisory and medical personnel delayed treatment of plaintiff's injuries, prolonged his suffering and deliberately exacerbated plaintiff's medical, physical and emotional condition.

15.   Prior to the occurrence made the subject of this suit, defendants knew that the Boot Camp was infested with Brown Recluse spiders; knew that the residents had been bitten by spiders, required medical attention as a result and even hospitalized; knew that the bite of a Brown Recluse spider is especially venomous, and deliberately failed to evacuate the parasitized

Boot Camp housing. While compelling residents and plaintiff specifically to sleep in a spider infested environment, the only continuous protective action taken by defendants was to compel the Boot Camp residents, including the plaintiff, to sleep with dormitory lights on.

16. In addition, defendants knew on June 27, 2001 that plaintiff had suffered a serious debilitating injury to his knee and nevertheless compelled plaintiff to continue to engage in the regular and strenuous training regimen of the Boot Camp without restriction. Defendants could see that plaintiff's knee was incredibly swollen and painful. Plaintiff was limping and complaining of extraordinary pain for approximately seven days. He was forced to participate in hourly grueling physical exercises, directly putting stress on the injured knee. He became sleep deprived because of lights remaining on after hours, and the methodic practice of forcing residents to scramble in and out of their bunks to do exercises at all hours of the night. Occasionally, plaintiff was given an aspirin for the pain but no let up from the regular training schedule until he was finally transferred to a hospital. After approximately nine days of treatment in the hospital, plaintiff was released from the hospital and of his obligation of confinement at the Boot Camp or any other correctional facility.

17. As a result of defendants' concerted, deliberate and wrongful actions, plaintiff suffered venomous spider bites to both legs, delay in treatment, and wanton, intentional infliction of physical and emotional pain, resulting in serious and debilitating injuries and damages.

## FIRST CAUSE

18. Paragraphs 12-17 are hereby incorporated by reference.

19. Plaintiff brings this claim under 42 U.S.C. Sec. 1983 and the 14th Amendment to the U.S. Constitution. Under color of the official policy or custom of the County, plaintiff's constitutional

rights to personal security and bodily integrity were violated. In addition, or in the alternative, the conduct of Wilson, and Ramirez was ratified by Lizcano, Lopez, Gomez and the County.

20. The policy and/or custom complained of are (a) defendants' acquiescence in housing Boot Camp residents in dangerous dormitories and providing inadequate medical response, (b) defendants' failure to properly investigate the complaints of spider infestation and bite occurrences, (c) defendants' failure to train personnel to recognize the danger of spider infestation and provide adequate medical response, (d) defendants' failure to discipline personnel who deliberately disregarded the danger of spider infestation and consequent injuries, (e) defendants' failure to evacuate the spider infested dormitories until the spider problem was abated, (f) defendants' failure to provide adequate medical response and/or medical care, (g) defendants' failure to provide injured residents proper restrictions from full duty training exercises, (h) defendants' failure to properly train staff to recognize dangers associated with compelling injured residents to participate in full training duty, and (i) depriving residents of adequate rest and/or sleep.

21. At all times material, defendants had a "special relationship" with the plaintiff. In addition, or in the alternative, defendants exposed the plaintiff to a danger of their own creation. The policy or custom complained of resulted in a "state created danger" subjecting the plaintiff to the risk of significant injury, and was promulgated with deliberate indifference to the known or obvious consequences that such constitutional violations would result.

22. As a proximate result of defendants' wrongful actions, plaintiff has been greatly damaged through improper deprivation of his constitutional rights resulting in severe mental and physical pain and suffering, loss of work, medical, legal and other expenses.

23. Under 42 U.S.C.A. sections 1983 and 1988 and the foregoing constitutional provisions plaintiff is entitled to recover damages and attorney's fees from defendants as a result of such constitutional violations. The willful and outrageous nature of the defendants' actions further entitles plaintiff to recover punitive damages from the individual defendants.

## SECOND CAUSE

24. Paragraphs 11-20 are hereby incorporated by reference.

25. Plaintiff brings this claim under 42 U.S.C. Sec. 1983, showing that defendants have violated his Eighth Amendment rights secured by the Constitution and/or laws of the United States and the State of Texas. The conditions and treatment inflicted upon the plaintiff during his confinement constitutes cruel and unusual punishment.

26. At all times material, the conditions of confinement in the venomous spider infested Boot Camp, the wanton and unnecessary infliction of pain, and the failure of medical response, individually, or in combination, deprived plaintiff of the minimal civilized measure of life's necessities, i.e. personal security, bodily integrity, medical care, freedom from unnecessary or wantonly inflicted pain and mental suffering.

27. As a proximate result of defendants' wrongful actions, plaintiff has been greatly damaged through improper deprivation of his civil rights resulting in severe mental and physical pain and suffering, loss of work, medical, legal and other expenses.

28. Under 42 U.S.C.A. sections 1983 and 1988 and the foregoing constitutional provisions plaintiff is entitled to recover damages and attorney's fees from defendants as a result of such constitutional violations. The willful and outrageous nature of the defendants' actions further entitles plaintiff to recover punitive damages from the individual defendants.

## THIRD CAUSE

29. Paragraphs 11-28 are hereby incorporated by reference.

30. Plaintiff brings this claim under 42 U.S.C. Sec. 1983 showing that a deliberate choice by final policymakers with the Boot Camp to condone a general and widespread practice of failing to instruct law enforcement personnel in rudimentary training pertaining to corrections facilities resulted in the injuries and damages to plaintiff. The training policy of the defendants' was so inadequate as to amount to deliberate indifference to the constitutional needs of the plaintiff. This failure-to-train policy was the "moving force" behind plaintiff's injuries. Alternatively, or in addition, the final policymakers failed to provide formal, and very little effective, supervision for its enforcement officers which was the "moving force" behind plaintiff's injuries.

31. As a proximate result of defendants' wrongful actions, plaintiff has been greatly damaged through improper deprivation of his constitutional rights resulting in severe mental and physical pain and suffering, loss of work, medical, legal and other expenses.

32. Under 42 U.S.C.A. sections 1983 and 1988 and the foregoing constitutional provisions plaintiff is entitled to recover damages and attorney's fees from defendants as a result of such constitutional violations. The willful and outrageous nature of the defendants' actions further entitles plaintiff to recover punitive damages from the individual defendants.

## FOURTH CAUSE

33. Paragraphs 12-32 are hereby incorporated by reference.

34. On the occasion in question, defendants were guilty of intentional infliction of emotional distress upon the plaintiff which resulted in injuries and damages to the plaintiff.

35. As a proximate result of such actions, plaintiff is entitled to recover compensatory

damages from defendants. Given the willful and egregious nature of defendants' wrongful acts, plaintiff is further entitled to recover punitive damages from the individual defendants.

WHEREFORE, plaintiff prays for the following:

(a)     Compensatory damages from defendants:

(b)     Punitive damages from the individual defendants;

(c)     Reasonable attorney's fees incurred pursuant to 42 U.S.C section 1988;

(d)     Prejudgment and postjudgment interest at the legal rate as provided by law;

(e)     Costs of suit; and

(f)     Such other and further relief to which plaintiff may show himself justly entitled.

Respectfully submitted,

MOSS LAW OFFICE
5350 S. Staples, Suite 209
Corpus Christi, Texas 78411
(361) 992-8999 Telephone
(361) 992-8373 Telecopier

By: _____
Abraham Moss
State Bar No. 14581700
Fed Bar No. 364

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record, to wit:

| | |
|---|---|
| Charles Willette, Jr.<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Ste. 460<br>3505 Boca Chica Boulevard<br>Brownsville, Texas 78521 | **CM RRR**: # 7002 0510 0004 4298 8798 |
| John M. Orton<br>Assistant Attorney General<br>Law Enforcement Defense Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548 | **CM RRR**: # 7002 0510 0004 4298 8781 |

      by certified mail, return receipt requested pursuant to Rule 5, Fed. R. Civ. Pro., and as otherwise indicated, on this the 1st day of August, 2003.

_____
Abraham Moss