United States District Court
Southern District of Texas
FILED

AUG 1 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALES,* | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-02-194 |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

**FIRST AMENDED ANSWER OF JOE E. LOPEZ, ROBERT
LIZCANO, MICHAEL WILSON, SGT ALEX RAMIREZ, AND
J.C. GOMEZ**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COME Defendants Joe E. Lopez, Executive Director, Hidalgo County Community Supervision and Corrections Department, Robert Lizcano, Program Coordinator, Judge Homer Salinas Rehabilitation Center, Michael Wilson, Drill Staff, Judge Homer Salinas Rehabilitation Center, Sgt Alex Ramirez, Drill Staff, Judge Homer Salinas Rehabilitation Center, and J.C. Gomez, Director, Judge Homer Salinas Rehabilitation Center, by and through the Office of the Attorney General for the State of Texas, and submit this their Original Answer. In support thereof, the Defendants respectfully offer the following:

**NATURE OF THE CASE**

Plaintiff, Noe Gonzalez, asserts that on or about June 27, 2001, he suffered bites from one or more Brown Recluse Spiders while a resident at the Judge Homer Salinas Rehabilitation Center. He alleges enforcement, supervisory, and medical personnel delayed treatment of his injuries after he advised them of the spider bites.

Center personnel first suspected the presence Brown Recluse Spiders in the center during December 2000. They proceeded to fumigate the building in December 2000, January 2001, and March 2001. They also attempted to seal the building with caulk and duct tape. They advised the residents of the problem and provided medical care to those reporting apparent spider bites.

When the fumigations failed to solve the problem, experts from local and regional health departments determined a virus present in the building caused the spider-like wounds when it came into contact with skin. Washing down the facility with bleach resolved the problem.

### ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants Joe E. Lopez, Robert Lizcano, Michael Wilson, Sgt Alex Ramirez, and J.C. Gomez (Defendants) deny each and every allegation contained in the Plaintiff's Complaint except those expressly admitted herein.

2. Defendants admit that Plaintiff is a resident of Cameron County, Texas.

3. Defendants admit that the Judge Homer Salinas Rehabilitation Center (Boot Camp) is operated by the Hidalgo County Community Supervision and Corrections Department (CSCD), a political entity established by the district judges trying criminal cases in Hidalgo County in accordance with TEX. GOV'T CODE § 76.002 and is an "arm of the state" entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983. Defendants admit they were at all times relevant employees of the Hidalgo County CSCD. Defendants assert that Defendant Lopez and Gomez were charged with the administration and supervision of the Boot Camp. Defendants deny Defendant Lopez was charged with the "overall policy-making" for the Boot Camp.

4. Defendants admit the assertions contained in paragraph 12 of the Plaintiff's First Amended Original Complaint.

5. Defendant Lopez admits he was the Executive Director of the Hidalgo County Community Supervision and Corrections Department at all times relevant to the allegations in the Plaintiff's Complaint. He admits that he was responsible for making policy, setting rules, training staff members, supervising employees, and monitoring medical personnel.

6. Defendant J.C. Gomez admits he was the Director of the Judge Homer Salinas Rehabilitation Center at all times relevant to the allegations in the Plaintiff's Complaint. He admits that he was responsible for making policy, setting rules, training staff members, supervising employees, and monitoring medical personnel.

7. Defendant Robert Lizcano admits he was the Program Coordinator at the Judge Homer Salinas Rehabilitation Center at all times relevant to the allegations in the Plaintiff's Complaint. He admits that he was responsible for making policy, setting rules, training staff members, supervising employees, and monitoring medical personnel.

8. Defendant Michael Wilson admits he was a member of the Drill Staff at the Judge Homer Salinas Rehabilitation Center at all times relevant to the allegations in the Plaintiff's Complaint.

9. Defendant Sgt Alex Ramirez admits he was a member of the Drill Staff at the Judge Homer Salinas Rehabilitation Center at all times relevant to the allegations in the Plaintiff's Complaint.

10. Defendants admit that Plaintiff resided at the Judge Homer Salinas Rehabilitation Center, 1000 North "M" Road, Edinburg, Hidalgo County, Texas, on or about June 27, 2001.

11. Defendants assert that on the morning of Wednesday, June 27, 2001, Defendant Ramirez was responsible for leading the physical training exercises. At approximately 6:00 a.m. Defendant Ramirez noticed Resident Noe Gonzalez coming to the front door of Alpha Company. Resident Gonzalez told him he could not do lunges that day because he had hurt his right knee. When questioned, Resident Gonzalez explained that he hit his right knee on the floor three days before while "thrashing" with Corporal Wilson. Defendant Ramirez told Resident Gonzalez he should not do any more exercises for the day, and instructed him to see the nurse when he came to give out medication later in the morning. Defendants deny enforcement, supervisory, and medical personnel delayed treatment of the Plaintiff's injuries, prolonged his suffering, and deliberately exacerbated plaintiff's medical, physical, and emotional condition.

12. Defendants deny they knew Plaintiff had suffered a "serious debilitating injury to the knee" on June 27, 2001. They deny they compelled plaintiff to continue to engage in the "regular and strenuous training regimen of the Boot Camp without restriction." Defendants deny plaintiff was "forced to participate in hourly grueling physical exercises." Defendants have no knowledge as to whether plaintiff became sleep deprived. Defendants understand plaintiff was prescribed ibuprofen and a knee brace. Defendants admit Plaintiff was admitted to a hospital on July 2, 2001, for an infected knee. Defendants assert District Judge Robert Garza, 138th District Court Judge, modified Plaintiff's conditions of probation and released him from the Boot Camp approximately nine days later.

13. Defendants admit they suspected the Judge Homer Salinas Rehabilitation Center was infested with Brown Recluse Spiders, but deny they deliberately failed to eradicate the spiders or

evacuate the facility. They deny that the "only protective action" taken by them was to compel residents to sleep with the dormitory lights on.

14. Defendants deny they deliberately and wrongfully engaged in a concerted effort to cause plaintiff venomous spider bites to both legs, delay his treatment, and intentionally inflict physical and emotional pain, resulting in serious and debilitating injuries and damages to the plaintiff.

15. Defendants deny they violated Plaintiff's rights to personal security and bodily integrity.

16. Defendants deny they housed residents in dangerous dormitories, provided inadequate medical responses, failed to investigate the complaints of spider infestation and bite occurrences, failed to train personnel to recognize medical problems, deliberately disregarded the danger of spider infestation and consequent injuries, failed to take appropriate actions until the problem was abated, failed to restrict the activities of injured residents, failed to train staff to recognize the dangers associated with compelling injured residents to participate in full training duty, deprived residents of adequate rest, or deliberately disregarded the purported spider infestation.

17. Defendants deny they had a "special relationship" with the plaintiff and deny they exposed the plaintiff to a danger of their own creation. Defendants deny they were deliberately indifferent to rights of the plaintiff.

18. Defendants deny they deprived Plaintiff of his constitutional rights.

19. Defendants deny they inflicted confinement upon the Plaintiff which constituted cruel and unusual punishment.

20. Defendants deny they deprived the Plaintiff of the minimal civilized measures of life's necessities, i.e., personal security, bodily integrity, medical care, freedom from unnecessary or wanton pain, and mental suffering.

21. Defendants deny their actions were wrongful.

22. Defendants deny they failed to instruct employees with "rudimentary training pertaining to corrections facilities." They deny their training policies were so inadequate as to amount to deliberate indifference to the constitutional needs of the plaintiff. They deny that the purported failure-to-train was the moving force behind Plaintiff's injuries. Defendants deny that they failed to provide formal and effective supervision.

23. Defendants deny they intentionally inflicted emotional distress upon the plaintiff.

24. Defendants deny Plaintiff is entitled to recover punitive damages from the individual defendants.

25. Defendants deny they created a dangerous situation, failed to make conditions reasonably safe, or failed to warn of the conditions.

26. Defendants assert Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. §1983 or under any other statute, constitutional theory, or legal authority.

27. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. §1983, but deny that such circumstances are present in this case.

28. Defendants state the statute of limitations may be a bar to the Plaintiff's claims.

29. Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. §1983.

30. Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. §1983.

31. Defendants assert that a government official acting in his official capacity is not a "person" within the meaning of 42 U.S.C. §1983, and thus is not a proper party to a cause of action under said statute.

32. Defendants assert their Eleventh Amendment immunity to any claim for damages which may have been brought against them in their official capacities.

33. Defendants deny they acted separately or in concert with others to engage in illegal conduct to injure the Plaintiff.

34. Defendants deny that the Plaintiff was deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

35. Defendants state that at all times relevant to the allegations against them they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States and hereby claim their entitlement to qualified immunity from suit.

36. Defendants hereby assert their entitlement to discretionary immunity to any claims brought against them under the Constitution and laws of the State of Texas.

37. The Defendants assert that attorney's fees are unavailable for any and all claims brought pursuant to the laws of the State of Texas.

38. Defendants assert that the Plaintiff's amount of recovery, if any, under pendent state claims may be barred or limited by state law theories of comparative responsibility and/or contribution.

39. Defendants assert their entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted against him and any other pendent state claims to which these defenses apply.

40. Defendants assert that liability for claims brought pursuant to TEX. CIV. PRAC. & REM. CODE §101.001, *et seq.*, are limited by TEX. CIV. PRAC. & REM. CODE § 101.023, and hereby asserts the limit as set forth therein.

41. Defendants assert that punitive damages and attorneys fees are not available for claims brought pursuant to TEX. CIV. PRAC. & REM. CODE §101.001, *et seq.*

42. Defendants assert the waiver of sovereign immunity effectuated by the Texas Tort Claims Act is specific and limited in scope. TEX. CIV. PRAC. & REM. CODE § 101.021 provides in pertinent part that a government unit may be held liable for "personal injury and death so cause by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." See also TEX. CIV. PRAC & REM. CODE §101.025(a)("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter).

43. Defendants assert the Plaintiff has not pled a "condition or use of tangible personal or real property," which proximately cause the alleged injuries. Further, the Defendants' immunity would be a bar to recovery since a private person would not be liable to a claimant.

44. The Defendants state that the Texas Tort Claims Act does not apply to intentional torts.

45. Defendants deny that the Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that the Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

46. Defendants assert plaintiff failed to exhaust his administrative remedies.

47. Defendants assert this suit is frivolous and without merit and that as such he is entitled to recover from the Plaintiff the amount of any attorneys fees and costs incurred in defending

this suit. The Defendants seek recovery from the Plaintiff such attorneys fees and costs expended by him in being required to defend this suit.

**WHEREFORE, PREMISES CONSIDERED**, Defendants urge this Court to deny the Plaintiff any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

JAY KIMBROUGH
Deputy Attorney General for Criminal Justice

JOHN A. NEAL
Assistant Attorney General
Chief, Criminal Law Enforcement Division

PHILLIP E. MARRUS
Assistant Attorney General
Deputy Chief, Litigation Services

JOHN M. ORTON
Assistant Attorney General
Attorney in Charge
State Bar No. 00792038
Southern District No. 29115

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139
E-mail: john.orton@oag.state.tx.us

**ATTORNEYS FOR DEFENDANTS JOE E. LOPEZ, ROBERT LIZCANO, MICHAEL WILSON, SGT ALEX RAMIREZ, AND J.C. GOMEZ**

## CERTIFICATE OF SERVICE

I, JOHN M. ORTON, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **First Amended Answer of Joe E. Lopez, Robert Lizcano, Michael Wilson, Sgt. Alex Ramirez, and J.C. Gomez** has been served by placing same in the United States Mail on this 8th day of August, 2003, addressed to:

Abraham Moss             *CM/RRR No. 7003 0500 0005 0010 3325*
Attorney at Law
5350 S. Staples, Suite #209
Corpus Christi, Texas 78411
*Attorney for Plaintiff*

_____
JOHN M. ORTON
Assistant Attorney General