IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Tex
FILED

APR 1 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **NOE GONZALEZ,** | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. B-02-194** |
| | § | |
| **HIDALGO COUNTY, TEXAS, ROBERT** | § | |
| **LIZCANO, MICHAEL WILSON, JOE** | § | |
| **E. LOPEZ, SGT ALEX RAMIREZ, AND** | § | |
| **J.C. GOMEZ,** | § | |
| Defendants. | § | |

---

## DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

---

Defendants Joe E. Lopez, Robert Lizcano, Michael Wilson, Sgt Alex Ramirez, and J.C. Gomez ("Defendants"), by and through the Office of the Attorney General for the State of Texas, submit this Second Motion for Summary Judgment. In support thereof, Defendants respectfully offer the following:

## I. INTRODUCTION

Plaintiff, Noe Gonzalez ("Gonzalez"), a former resident of the Judge Homer Salinas Rehabilitation Center ("Boot Camp"), brings this suit pursuant to 42 U.S.C. § 1983 and state tort laws against five defendants in their individual and official capacities: Joe E. Lopez, Executive Director of the Hidalgo County Community Supervision and Corrections Department ("Hidalgo County CSCD"); Robert Lizcano, Program Coordinator of the Boot Camp; Michael Wilson and Alex Ramirez, members of the Boot Camp drill staff; and J.C. Gomez, Director of the Boot Camp.

The parties dismissed Defendant Hidalgo County, Texas, by stipulation. The Court found it lacked subject matter jurisdiction over the Defendants in their official capacities, and dismissed

Gonzalez' Eighth Amendment claim on March 11, 2004. Gonzalez' Fourteenth Amendment and state common law intentional infliction of emotional distress claims against the defendants in their individual capacities remain. Gonzalez premised his Fourteenth Amendment claims upon alleged substantive due process violations arising from a "state created danger" and a "failure-to-train" policy.

## II. SUMMARY JUDGMENT EVIDENCE

Exhibit D-1:    Information Concerning the Judge Homer Salinas Rehabilitation Center Boot Camp

Exhibit D-2:    Order of Modification, Noe Andres Gonzalez

Exhibit D-3:    Chronology, Hidalgo County Boot Camp

Exhibit D-4:    Medical Records for Resident Noe Gonzalez

Exhibit D-5:    Affidavit of J.C. Gomez concerning Report on Lesions, Spider Bites and Methicillin-Resistant Staphylococcus Aureus (MRSA), on Boot Camp Residents

Exhibit D-6:    Affidavit of Kirk Long, Director of Residential Services for the Texas Department of Criminal Justice Community Justice Assistance Division

Exhibit D-7:    Affidavit of J.C. Gomez concerning Grievances

Exhibit D-8:    Resident Rights

Exhibit D-9:    Affidavit of Noe Gonzalez

## III.  UNDISPUTED FACTUAL BACKGROUND

The Hidalgo County CSCD, a political subdivision of the State of Texas, supervises individuals on community supervision (adult probation) and operates a residential Boot Camp. See

TEX. GOV'T CODE §§ 76.001-.017 (West 1998 & Supp. 2004); Exhibit D-1. The Boot Camp provides a highly structured residential program that houses and supervises young male offenders between the ages of 17 and 26. Modeled on military basic training, it services individuals convicted of non-violent felony offenses.

Gonzalez began his residence at the Boot Camp on June 18, 2001, after State District Court Judge Abel Limas modified the conditions of his community supervision and committed him to the facility for a period not to exceed six months in lieu of incarceration in the Texas Department of Criminal Justice Institutional Division. Exhibit D-2. Medical records maintained by the Boot Camp indicate that on Wednesday, June 27, 2001, Gonzalez reported to sick call for pain associated with swelling to his right knee. Exhibit D-4, page 6. Nurse Frank Luevano noted, "no previous problem - exercise related" in his medical records. Gonzalez received a knee brace, non-prescription pain medication, and a release to full duty.

Gonzalez related in his affidavit, "From June 27, 2001, until July 2, 2001, I had to go through the regular routine of the Boot Camp just like all the other cadets." Exhibit D-9, page 2. This involved "strenuous training . . . with no restrictions." Drill staff required cadets to sleep with the lights on and scramble in and out of their bunks and perform exercises throughout the night. They also required cadets to stand against a wall while holding their footlockers, and "duck walk" to the dining facility. Gonzalez claimed Defendants Ramirez and Wilson told him to "suck it up" and "quit being a baby."

Gonzalez returned to sick call on Monday, July 2, 2001, with an infection in his right knee. Exhibit D-4, page 6. At the direction of the Boot Camp's physician, Dr. Omar Garza, Gonzalez was transported to the Edinburg Medical Center for further observation and medical care. Exhibit D-4,

page 20. On July 11, 2001, the hospital released Gonzalez to his family on the order of State District Court Judge Robert Garza. The hospital's discharge diagnosis indicated Gonzalez was treated for "toxic affects of venom . . . venomous spider bite." Exhibit D-4, page 20.

Boot Camp personnel first suspected the presence of brown recluse spiders on or about December 11, 2000. Exhibit D-5, page 01. Between the time of the first reported bite and the hospitalization of Gonzalez on July 2, 2001, Boot Camp personnel took the following actions to address the problem:

- Advised residents of the problem and provided medical care at the Boot Camp for 23 individuals reporting apparent spider bites.

- Referred one individual to hospital for further treatment.

- Fumigated Boot Camp facilities on December 26, 2000, and January 22, March 23, April 25, May 23, and June 22, 2001.

- Treated Boot Camp facilities for spiders on January 2, May 23, June 4, and June 21, 2001.

- Caulked openings in dorm areas and covered air conditioning vents with screens.

- Started daily visual inspections of all residents by center staff and nurse for spider bite symptoms on March 14, 2001.

- Initiated daily removal of linen and mattress covers at bedtime to check for spiders, began hourly monitoring for spiders from 9:00 p.m. until 5:30 a.m., and moved bunks and lockers away from dorm walls on June 4, 2001.

- Trained the staff in preventive measures, identifying lesions, and reporting bites on June 14, 2001. Exhibit D-5, pages 1 - 3.

Boot Camp staff and outside experts never confirmed the presence of brown recluse spiders. Exhibit D-5, page 05. Dr. Stormy Sparks from the Texas A&M Agricultural Service reported experts on spiders did not believe the bites were caused by brown recluse spiders because of the number, frequency and location of the bites. When the fumigations failed to solve the problem, experts from local and regional health departments concluded a methicillin-resistant staphylococcus aureus virus present in the building may have caused the spider-like wounds when it came into contact with punctures to the skin. Exhibit D-5, page 11. Dr. Michael Jelinek, a contagious disease specialist in McAllen, stated that while he could not completely rule out spider bites, he treated all Boot Camp cases referred to him by the hospital for staph infections.   Washing down the facility with bleach seemed to resolve the problem.  Kirk Long, the Director of Residential Services for the Texas Department of Criminal Justice Community Justice Assistance Division (TDCJ-CJAD), opined "the actions taken by Mr. Gomez and the staff of the Boot Camp to address the problem of suspected spiders in the facility were reasonable, met TDCJ-CJAD standards, and complied [with] American Corrections Association standards." Exhibit D-6, Affidavit of Kirk Long, pages 2 and 3.

## IV. ISSUES

1.  Did the Defendants knowingly subject Gonzalez to a state-created danger with deliberate indifference to his welfare?

2.  Was the Defendants' training policy so inadequate as to amount to a "moving force" behind Gonzalez' injuries?

3.  Did the Defendants intentionally inflict emotional distress upon Gonzalez?

4.  Does the doctrine of qualified immunity shields the Defendants from personal liability for damages claimed by the Plaintiff?

## V. SUMMARY OF THE ARGUMENT

Defendants did not knowingly subject Gonzalez to a state-created danger. They took appropriate measures to protect the Boot Camp residents and correct a health problem. They neither increased the danger to him nor acted with deliberate indifference toward him.

Since Gonzalez' "failure to train" claim centers on their employer's training policy, Defendants are being sued in their official capacities and their employer is the real party in interest. Defendants' employer is an agency of the State. The Eleventh Amendment bars Section 1983 "failure to train" claims brought against employees of State agencies in their official capacities.

Defendants' conduct did not go beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. They did not intentionally inflict emotional distress upon Gonzalez.

Gonzalez has not alleged a deprivation of an actual constitutional or statutory right clearly established under currently applicable standards. The actions of the Defendants were objectively reasonable. The doctrine of qualified immunity shields the Defendants from personal liability for damages for the claims brought by the Plaintiff.

## VI. BRIEF

### A.    The Standard for Summary Judgment.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by

a trier of fact. *See Anderson,* 477 U.S. at 248. The mere *existence* of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment.

Only disputes over facts that might affect the outcome of the lawsuit under governing law will

preclude the entry of summary judgment. *See Anderson,* 477 U.S. at 247-48. If the evidence is such

that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should

not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574,

587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.,* 799

F.Supp. 691, 694 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence

could lead to different factual findings and conclusions). Determining credibility, weighing evidence,

and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255.

**B.    State Created Danger / Special Relationship**

Gonzalez claims defendants acquiesced in county policies or customs of failing to: (1) house

Boot Camp residents in safe dormitories, (2) provide adequate medical responses, (3) properly

investigate complaints of spider infestations, (4) train personnel to recognize the dangers of spider

infestation, (5) discipline personnel who deliberately disregarded the dangers of spider infestation,

(5) evacuate the spider infested dormitories, (6) provide adequate medical responses, (7) provide

injured residents proper restrictions from full duty training exercises, (8) train staff to recognize

dangers associated with compelling injured residents to participate in full training, and (9) ensure

residents received adequate rest.  Plaintiff's First Amended Original Complaint, para. 20. Following

these policies or customs, according to Gonzalez, resulted in a "state created danger." Plaintiff's First

Amended Original Complaint, para. 21. Gonzalez also asserts a theory of liability based on the

-7-

"special relationship" between him and the state.

### 1. State Created Danger.

"When state actors knowingly place a person in danger, the due process clause of the constitution has been held to render them accountable for the foreseeable injuries that result from their conduct, whether or not the victim was in formal state 'custody.'" *Johnson v. Dallas Indep. Sch. Dist.*, 38 F. 3d 198, 200, (5th Cir. 1994). In *Johnson*, the Fifth Circuit noted four cases, involving conduct substantially more abhorrent than even gross negligence, that it believed exemplified the state created danger theory of liability. In *Wood v. Ostrander*, 879 F.2d 583 (9th Cir.1989), *cert. denied*, 498 U.S. 938, 111 S.Ct. 341, 112 L.Ed.2d 305 (1990), a police officer arrested a drunken driver, impounded his car, and left his female passenger alone at night, without any means to go home, in a neighborhood known for criminal activity. A stranger who offered her a ride subsequently raped her. In *Cornelius v. Town of Highland Lake*, 880 F.2d 348 (11th Cir.1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990), the state assigned a prisoner with a violent criminal history to a work program at a municipal town hall under the supervision of an untrained city employee. He gained access to a knife, abducted a city worker, and held her hostage for three days. In *K.H. ex rel. Murphy v. Morgan*, 914 F.2d 846 (7th Cir.1990), the state removed a sixteen-month-old child from her parents' custody and shuttled her among eleven foster homes during the next four years. Residents in at least two of these homes molested or abused the child. In *White v. Rochford*, 592 F.2d 381, 384-85 (7th Cir.1979), an officer left minor children in a car on the side of a busy highway after he arrested the driver.

All of the cases cited by the Fifth Circuit involved state actors exposing individuals to potential criminal behavior; none involved exposing individuals to potential health hazards from

insects or spiders. Defendants in this case did not abandon Gonzalez in a crack house, leave him unsupervised with a violent offender, place him in foster care with child molesters, or abandon him along a highway. Defendants took significant steps to warn Boot Camp residents of the dangers, eliminate suspected spiders from the facility, and provide medical care to injured residents. They also took Gonzalez to the hospital when they first noted his infected knee.

The Fifth Circuit has set out two basic requirements for the state created danger theory. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995). A plaintiff asserting such a claim must show the (1) state actors increased the danger to him or her; and (2) the state actors acted with deliberate indifference. *Piotrowski,* 51 F.3d at 515, *see Leffall v. Dallas Indep. Sch. Dist.*, 28 F. 3d 521, 531 (5th Cir. 1994).

The Fifth Circuit defines "deliberate indifference" as "a lesser form of intent 'rather than a heightened form of negligence.' *Leffall*, 28 F. 3d at 531; *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 n. 13 (5th Cir. 1994). To establish deliberate indifference, "the environment created by the state actors must be dangerous; they must know it is dangerous; and . . . they must have used their authority to create an opportunity that would not otherwise have existed for the . . . crime to occur." *Johnson*, 38 F.3d at 201. Deliberate indifference can arise from "tortious conduct exceeding mere negligence but not quit rising to the level of intentional . . ." *Salas v. Carpenter*, 980 F.2d 299, 307 (5th Cir. 1992). "The key to the state created danger cases . . . lies in the state actor's culpable knowledge and the conduct in affirmatively placing an individual in a position of danger, effectively stripping a person of her ability to defend herself, or cutting off potential sources of private aid." *Johnson*, 38 F. 3d at 201.

There is insufficient evidence of culpable affirmative conduct to support a conclusion that

Defendants knowingly placed Gonzalez in a state-created danger in violation of his constitutional rights. The situation at the Boot Camp hardly justified shutting down the facility and denying youthful offenders, including Gonzalez, this alternative to more severe sanctions such as prison.

Defendants neither created nor increased the danger to Gonzalez. Spiders and insects, including brown recluse spiders, are indigenous to the region. Defendants took reasonable measures to control or eliminate spiders and insects from the Boot Camp facility. They also took reasonable steps to inspect the residents and promptly treat their injuries. Although medical personnel had already treated 23 residents for suspected spider bites by the time Gonzalez arrived, only one had required hospitalization.

Defendants were not deliberately indifferent to Gonzalez. Allowing inmates to endure irritating insect bites, even without immediate medical attention to the bites, does not normally rise to the level of a cognizable constitutional injury. *Palmer v. Johnson*, 193 F. 3d 346, 352 (5th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (holding that deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation). There is no evidence Defendants intentionally exposed Gonzalez to brown recluse spiders or other dangers. They took measures to protect him. They brought in professional exterminators and took other means to avoid or eliminate the suspected problem. They did not cut Gonzalez off from potential sources of private aid. They promptly hospitalized him in a regional medical center when Dr. Garza first noted the infection in his knee.

Expanding the substantive due process clause to encompass the allegations in this case would expand the protections of the Fourteenth Amendment far beyond its traditional boundaries. Because Gonzalez failed to allege, and cannot allege, a cognizable substantive due process violation, as a

matter of law, his section 1983 claim against the Defendants based on the state-created danger theory warrants dismissal.

### 2. Special Relationship.

Gonzalez also asserts a theory of liability based on the "special relationship" between him and the state. *See, DeShaney v. Winnebago Co. Dept. of Social Services,* 489 U.S. 189, 197, 109 S.Ct. 998, 1004 (1989). Having taken Gonzalez into custody, the State acquired an affirmative "duty", enforceable through the Due Process Clause, to care for him in a reasonably competent fashion. Failure to discharge that duty may be an abuse of governmental power if it so "shocks the conscience" as to constitute a substantive due process violation. *Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952).

In *DeShaney,* the Court noted affirmative obligations of care and protection arise when the state "takes a person into its custody and holds him there against his will." *DeShaney.* 489 U.S. at 199-200, 109 S.Ct. at 1005-06. In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Court recognized that the Eighth Amendment's prohibition against cruel and unusual punishment, made applicable to the States through the Fourteenth Amendment's Due Process Clause, requires the State to provide adequate medical care to incarcerated prisoners. The Court reasoned that because the prisoner is unable " 'by reason of the deprivation of his liberty [to] care for himself,' " it is only " 'just' " that the State be required to care for him. *Estelle,* 429 U.S., at 103-104, 97 S.Ct., at 290-291 (quoting *Spicer v. Williamson,* 191 N.C. 487, 490, 132 S.E. 291, 293 (1926)). To make out an Eighth Amendment claim based on the failure to provide adequate medical care, a prisoner must show that the state defendants exhibited "deliberate indifference" to his "serious" medical needs; the mere negligent or inadvertent failure to provide adequate care is not enough.

-11-

*Estelle v. Gamble,* 429 U.S., at 105-106, 97 S.Ct., at 291-292. In *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), the Court suggested that a similar state of mind is required to make out a substantive due process claim in the prison setting. *Id.,* at 326-327, 106 S.Ct., at 1088.

Again, Defendants were not deliberately indifferent to the health and safety needs of Gonzalez. They did not intentionally expose Gonzalez to dangers. They brought in professional exterminators and took other measures to avoid or eliminate the suspected problem. They promptly hospitalized him in a regional medical center when medical personnel first noticed the infection in his knee.

There can be no liability of state actors for insect and spider bites received in confinement facilities unless the Fourteenth Amendment made them virtual guarantors of resident safety from naturally occurring pests--a rule not yet adopted for beneficiaries of a "special relationship" with the state. *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

## C. Failure to Train

Gonzalez has alleged, "a deliberate choice by final policymakers with the Boot Camp to condone a general and widespread practice of failing to instruct law enforcement personnel in rudimentary training pertaining to corrections facilities resulted in the injuries and damages to plaintiff." Plaintiff's First Amended Original Complaint, para. 30. The training policy, according to Gonzalez, was so inadequate as to amount to deliberate indifference to his constitutional needs. He concluded this "failure-to-train" policy was the "moving force" behind his injuries.

Local governing bodies, and local officials in their official capacities, may be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the implementation of a policy statement, ordinance, regulation, or official decision ("policy") violates a plaintiff's constitutional

-12-

rights. *Monell v. Department of Social Services*, 436 U.S. 658, 690, 81 S.Ct 2018, 2035, 56 L.Ed.2d 611 (1978). Because a policy must have played a part in the constitutional violation, the real party in interest is the governmental entity and not the named official. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 361 (1991). The policy must also be the "moving force" of the constitutional violation in order to establish liability of a governmental body under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). Finally, "the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Monell*, 436 U.S. at 694 n. 58, 98 S.Ct. At 2037 n. 58. Thus, a plaintiff must show the defendant acted affirmatively to bring about the complained of wrongs in order to recover damages. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct 598, 604, 46 L.Ed.2d 561 (1976).

Under certain limited circumstances, the failure of a municipality to train its officers may give rise to section 1983 liability. *Brown v. Bryan Co.*, 219 F.3d 450, 457 (5th Cir. 2000). "[T]he failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *City of Canton v. Harris,* 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). In order for liability to arise, the plaintiff must present evidence of: (1) a constitutional injury, (2) the existence of a policymaker, (3) a decision by a decision maker that amounts to a policy under *Monell[1]* and its progeny; (4) a decision so deliberately indifferent to the rights of citizens that the political entity fairly can be said to be culpable for the injury; and (5) sufficient causation between the specific policy decision and

---

[1]    *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

the resulting constitutional injury. *Brown*, 219 F.3d at 457.

Gonzalez has not named a political entity as a defendant in this matter; he has named only employees of the Hidalgo County CSCD. Since the complaint centers on a training policy, the defendants are arguably being sued in their official capacities and the Hidalgo County CSCD is the real party in interest. The Hidalgo County CSCD is an arm of the state, not a local governing body, created in accordance with TEX. GOV'T CODE §§ 76.001-.017 (West 1998 & Supp. 2004). *Clark v. Tarrant County*, 798 F.2d 736, 745 (5th Cir. 1986). The Eleventh Amendment generally bars suits in federal courts by citizens of a state against a state agency or department. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Suits against public employees of state agencies in their official capacities are in all respects like suits against the state, and the state is not a person for the purposes of Section 1983. *See Hafer v. Melo*, 502 U.S. at 25, 112 S.Ct. at 361; *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 68, 109 S.Ct. 2304, 2311 (1989). Gonzalez section 1983 claims against the individual defendants in their official capacities are barred by the Eleventh Amendment.    Even if Gonzalez could sue defendants in their individual capacities, they would be entitled to qualified immunity. *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). This issue will be discussed in more detail below.

Finally, even if Gonzalez could sue the defendants in their individual capacities on a failure-to-train theory and they were not entitled to qualified immunity, the undisputed facts show that shortly before Gonzalez arrived at the Boot Camp, staff received training in preventive measures, identifying lesions, and reporting bites. Professional exterminators fumigated facilities on December 26, 2000, January 22, March 23, April 25, May 23, and June 22, 2001. They treated Boot Camp

-14-

facilities specifically for spiders on January 2, May 23, June 4, and June 21, 2001. The staff caulked openings in dorm areas and covered air conditioning vents with screens. The staff and nurse started daily visual inspections of all residents by for spider bite symptoms on March 14, 2001. The staff initiated daily removal of linen and mattress covers at bedtime to check for spiders, began hourly monitoring for spiders from 9:00 p.m. until 5:30 a.m., and moved bunks and lockers away from dorm walls on June 4, 2001. The staff developed these "policies" and underwent this "training" with a view toward eliminating the threat of spider bites. These uncontested facts do not support a conclusion that policies or training at the Boot Camp resulted in a constitutional injury to Gonzalez, demonstrated a deliberate indifference to Gonzalez' health and safety needs, or caused him any injuries. There is no evidence that any defendant acted affirmatively to bring about the complained of wrongs. Gonzalez' claim that a failure-to-train policy was the "moving force" behind his injuries must be rejected.

**D. Intentional Infliction of Emotional Distress.**

The Texas Supreme Court has adopted the elements of the tort of intentional infliction of emotional distress as expressed in the Restatement (Second) of Torts § 46 (1965). *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). The Restatement elements are: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe. *Id.* According to the Restatement, liability for outrageous conduct should be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* cmt. d.

-15-

The severity of distress is not merely a matter of damages, it is an element of the cause of action. *Huckabay v. Moore*, 144 F.3d 233, 242 (5th Cir. 1999). "Severe" distress is that which no reasonable person could be expected to endure, and must be more than mere worry, anxiety, vexation, embarrassment, or anger. *Huckabay*, 144 F.3d at 242 (citations omitted). Whether conduct is sufficiently outrageous for purposes of recovery for the intentional infliction of emotional distress is a question of law. *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex.1993) (stating that the court determine, "in the first instance," whether the conduct may reasonably be regarded as so extreme and outrageous as to permit recovery); *Tarleton State University v. Rosiere*, 867 S.W.2d 948, 952 (Tex.App.-Eastland 1993, writ dism'd by agr.); *Motsenbocker v. Potts*, 863 S.W.2d 126, 132 (Tex.App.- Dallas 1993, no writ). Outrageous conduct is that which "[goes] beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement§ 46, cmt. d.

Gonzalez claims that, despite his knee injury, Defendants Ramirez and Wilson told him to "suck it up" and "quit being a baby." But when Gonzalez complained of a swollen knee, they referred him for medical assistance. The Defendants' conduct, as a matter of law, did not "exceed all possible bounds of decency" and was not "utterly intolerable in a civilized community." Finally, Gonzalez has not alleged in his pleading that the purported emotional distress was "severe." His of intentional infliction of emotional distress claim should be dismissed.

**E. Defendants are entitled to qualified immunity.**

Qualified immunity shields "a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law" *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 456 (5th

-16-

Cir.2001). To that end:

> Where a defendant pleads qualified immunity and shows he is a governmental
> official whose position involves the exercise of discretion, the *plaintiff then has the*
> *burden* "to rebut this defense by establishing that the official's allegedly wrongful
> conduct violated clearly established law." We do "not require that an official
> demonstrate that he did not violate clearly established federal rights; *our precedent*
> *places that burden upon plaintiffs.*" *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th
> Cir.1997) (emphasis added; internal citations omitted; quoting *Salas v. Carpenter*,
> 980 F.2d 299, 306 (5th Cir.1992)).

The bifurcated test for qualified immunity is: (1) whether the plaintiff has alleged a violation of a clearly established constitutional or federal statutory right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident. *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir.1998). The first prong requires determining "whether the plaintiff has alleged the deprivation of an *actual* constitutional [or statutory] right." *Conn v. Gabbert*, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999). That is, a right "clearly established ... under ... currently applicable ... standards" *Hare*, 135 F.3d at 325-26. Only if the plaintiff has done so should a court proceed to the second prong. The second prong "is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare*, 135 F.3d at 326. To satisfy the first prong, a plaintiff may allege the claimed deprivation at a higher level of generality. *See Thompson*, 245 F.3d at 459. For the second prong, however, the contours of the

-17-

right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). A "defendant's acts are ... objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson*, 245 F.3d at 457 (emphasis in original).

In this case, Gonzalez has not alleged a deprivation of an *actual* constitutional or statutory right clearly established under currently applicable standards. Further, most would agree that the actions of the Defendants in this case—the fumigations, inspections, other countermeasures, and prompt medical attention for Gonzalez—were objectively reasonable. Kirk Long, the Director of Residential Services for the Texas Department of Criminal Justice Community Justice Assistance Division, opined "the actions taken by Mr. Gomez and the staff of the Boot Camp to address the problem of suspected spiders in the facility were reasonable, met TDCJ-CJAD standards, and complied [with] American Corrections Association standards." Exhibit D-6, Affidavit of Kirk Long, pages 2 and 3. Defendants are entitled to qualified immunity with regard to all claims brought against them in their individual capacities by Gonzalez.

## VII. CONCLUSIONS

Defendants did not knowingly subject Gonzalez to a state-created danger with deliberate indifference to his welfare. Defendants' training policy was not so inadequate as to amount to a "moving force" behind Gonzalez' injuries. Defendants did not intentionally inflict emotional distress upon Gonzalez. The doctrine of qualified immunity shields the Defendants from personal liability for damages claimed by the Plaintiff.

Therefore, Defendants Joe E. Lopez, Robert Lizcano, Michael Wilson, Alex Ramirez, and J.C. Gomez pray that they be granted summary judgment and that this case be dismissed with prejudice. Defendants further pray that they be awarded attorney's fees, costs and any other relief which this Court deems is just and proper.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

DAVID A. TALBOT, JR.
Assistant Attorney General
Chief, Law Enforcement Defense Division

JOHN M. ORTON
Assistant Attorney General
Law Enforcement Defense Division
Attorney in Charge

State Bar No. 00792038
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone: (512) 463-2080
Fax No: (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, JOHN M. ORTON, Assistant Attorney General of Texas, do hereby certify that a true and

correct copy of the above and foregoing **Defendants' Second Motion for Summary Judgment** has

been served by placing same in the United States Mail on this 15th day April, 2004, addressed to:

*Attorney for Plaintiff*
Abraham Moss
Attorney at Law
5350 S. Staples, Suite #209
Corpus Christi, Texas 78411
**Via CM/RRR #7003 1680 0001 3542 5054**

JOHN M. ORTON
Assistant Attorney General

-20-

# TABLE OF CITATIONS

## CASES

*Anderson v. Creighton,*
    483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ...................... 18

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ............... 6, 7

*Brown v. Bryan Co.,*
    219 F.3d 450, 457 (5th Cir. 2000) ............................................ 13

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986) ............... 6

*City of Canton v. Harris,*
    489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ...................... 13

*Clark v. Tarrant County,*
    798 F.2d 736, 745 (5th Cir. 1986) ............................................ 14

*Conn v. Gabbert,*
    526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999) ...................... 17

*Cornelius v. Town of Highland Lake,*
    880 F.2d 348 (11th Cir.1989), *cert. denied,* 494 U.S. 1066, 110 S.Ct.
    1784, 108 L.Ed.2d 785 (1990) .................................................. 8

*DeShaney v. Winnebago Co. Dept. of Social Services,*
    489 U.S. 189, 197, 109 S.Ct. 998, 1004 (1989) ................................ 11

*Dixon v. State Farm Fire & Cas. Co.,*
    799 F.Supp. 691, 694 (S.D.Tex.1992) ......................................... 7

*Doe v. Taylor Indep. Sch. Dist.,*
    15 F.3d 443, 453 n. 13 (5th Cir. 1994) ......................................... 9

*Estelle v. Gamble,*
    429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ............... 10, 11, 12

*Farmer v. Brennan,*
    511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) .......................... 12

*Hafer v. Melo,*
     502 U.S. 21, 25, 112 S.Ct. 358, 361 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Hare v. City of Corinth, Miss.,*
     135 F.3d 320, 325 (5th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Huckabay v. Moore,*
     144 F.3d 233, 242 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Johnson v. Dallas Indep. Sch. Dist.,*
     38 F. 3d 198, 200, (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*K.H. ex rel. Murphy v. Morgan,*
     914 F.2d 846 (7th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Leffall v. Dallas Indep. Sch. Dist.,*
     28 F. 3d 521, 531 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Matsushita Elec. Indus. Co. v. Zenith RadioCorp.,*
     475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) . . . . . . . . . . . . . . . . . 7

*Monell v. Department of Social Services of City of New York,*
     436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Motsenbocker v. Potts,*
     863 S.W.2d 126, 132 (Tex.App.- Dallas 1993, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Murphy v. Morgan,*
     914 F.2d 846 (7th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Owen v. City of Independence,*
     445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Palmer v. Johnson,*
     193 F. 3d 346, 352 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pierce v. Smith,*
     117 F.3d 866, 871-72 (5th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Piotrowski v. City of Houston,*
     51 F.3d 512 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pennhurst State School and Hospital v. Halderman,*
     465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) . . . . . . . . . . . . . . . . . . . . 14

-22-

*Polk County v. Dodson,*
 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981) . . . . . . . . . . . . . . . . . . . 13

*Rizzo v. Goode,*
 423 U.S. 362, 371, 96 S.Ct 598, 604, 46 L.Ed.2d 561 (1976) . . . . . . . . . . . . . . . . . . . . 13

*Rochin v. California,*
 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952) . . . . . . . . . . . . . . . . . . . . . 11

*Salas v. Carpenter,*
 980 F.2d 299, 306 (5th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 17

*Spicer v. Williamson,*
 191 N.C. 487, 490, 132 S.E. 291, 293 (1926) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Tarleton State University v. Rosiere,*
 867 S.W.2d 948, 952 (Tex.App.-Eastland 1993, writ dism'd by agr.) . . . . . . . . . . . . . 16

*Thompson v. Upshur County, Tex.,*
 245 F.3d 447, 456 (5th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Twyman v. Twyman,*
 855 S.W.2d 619, 621 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*White v. Rochford,*
 592 F.2d 381, 384-85 (7th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Whitley v. Albers,*
 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Will v. Michigan Dept. Of State Police,*
 491 U.S. 58, 68, 109 S.Ct. 2304, 2311 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Wood v. Ostrander,*
 879 F.2d 583 (9th Cir.1989), *cert. denied,* 498 U.S. 938, 111 S.Ct.
 341, 112 L.Ed.2d 305 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wornick Co. v. Casas,*
 856 S.W.2d 732, 734 (Tex.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**STATUTES**

TEX. GOV'T CODE §§ 76.001-.017 (West 1998 & Supp. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 3, 14

**RULES**

Fed.R.Civ.P. 56(c) ......................................................... 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ***NOE GONZALEZ,*** | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. B-02-194** |
| | § | |
| ***HIDALGO COUNTY, TEXAS, ROBERT*** | § | |
| ***LIZCANO, MICHAEL WILSON, JOE*** | § | |
| ***E. LOPEZ, SGT ALEX RAMIREZ, AND*** | § | |
| ***J.C. GOMEZ,*** | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the Defendants' second motion for summary judgment and the Plaintiff's response to the Defendants' motion.

The Court **GRANTS** Defendants motion for summary judgment on Plaintiff's Fourteenth Amendment and intentional infliction of emotional distress claims. As there are no claims remaining in this lawsuit, this case is **DISMISSED** with prejudice.

Done at Brownsville, Texas, this _____ day of _____, 2004.

 

 

_____
HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. B-02-194** |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# EXHIBIT   D-1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. B-02-194 |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# EXHIBIT  D-2



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. B-02-194 |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# EXHIBIT  D-3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. B-02-194** |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# EXHIBIT  D-4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. B-02-194 |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# EXHIBIT  D-5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. B-02-194 |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# EXHIBIT  D-6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. B-02-194 |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# EXHIBIT  D-7



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. B-02-194** |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# EXHIBIT D-8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. B-02-194 |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| Defendants. | § | |

---

**DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

---

# Exhibit D-9

# The Judge Homer Salinas
# *"Boot Camp"*
# Rehabilitation Center



1000 North "M" Road

P.O. Box 1109

Edinburg  TX  78540

Phone (956) 380 3311

Fax (956) 380 3324

# PROGRAM DESCRIPTION

The Judge Homer Salinas Rehabilitation Center is a community based, highly structured residential program modeled after military basic training. The center houses and supervises male offenders convicted of a felony offense. During a stay of 6 months, sentenced offenders are exposed to a regimen of strict military-style discipline, a GED program, Drug and Alcohol Counseling, performance of CSR hours and participation in the Boot Camp's Padrino/Mentor program.

Individuals referred to the program are youthful, male offenders who have failed in a less restrictive enviornment. The program provides services to convicted non-violent felony offenders as a diversion from the Institutional Division of the Texas Department of Corrections.

The Correctional Aims of the the program are:

1  Rehabilitation --- to reform offenders so that they will return to society in a constructive rather than a destructive way.

2. Incapacitation --- to protect society by placing offenders in residential programs so that they can't victimize anyone.

3. Deterrence --- to teach offenders as well as other people contemplating going into crime that in America crime does not pay.

4 Retribution --- to punish offenders for the harm they have caused society.

Eligibility Criteria for Admission
to the
Judge Homer Salinas Rehabilitation Center

In an effort to ensure adherence with the department's mission statement, goals/objectives, and strict compliance with state standards, the following admission and eligibility criteria is hereby adopted.

The Defendant:

1. Must be a male between the ages of 17 and 26.

2. Must be on probation for a felony offense. (Deferred Adjudication included)

3. Must not have personally and intentionally caused serious bodily injury or death* of another as a result of the commission of the offense, as determined by the trier of the facts.

4. Must not have personally used a deadly weapon during the commission of or flight from the offense as determined by the trier of the facts.

5. Must be physically capable of participating in the program, as determined by a licensed medical physician.

NOTE:  Placement of a defendant in the Boot Camp Program shall only be done by order of the Court.

* Section 1.07. (46), "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. (Penal Code)

To:     All Referring Angencies
From:   Robert Lizcano, Program Coordinator
RE:     MRSA Culture Test  (Eligibility Criteria)


As an added preventive measure, we will now be requiring that all referrals to the Boot Camp be
screened for MRSA by utilizing a nasal culture test before acceptance. Individuals testing positive for
MRSA bacteria will be automatically disqualified.  This additional eligibility requirement was presented
to and approved by our local Board of Judges in their meeting of May 2, 2002.

# TITLE V OFFENSES

## TITLE 5.  OFFENSES AGAINST THE PERSON

19.  Criminal Homicide.................................................................................... 33
    Section
    19.01.  Types of Criminal Homicide...................................................... 33
    19.02.  Murder...................................................................................... 33
    19.03.  Capital Murder......................................................................... 33
    19.04.  Manslaughter............................................................................ 34
    19.05.  Criminally Negligent Homicide................................................. 34
    19.06.  Deleted..................................................................................... 34
    19.07.  Renumbered.............................................................................. 34
20.  Kidnapping and Unlawful Restraint............................................................. 34
    Section
    20.01.  Definitions................................................................................ 34
    20.02.  Unlawful Restraint.................................................................... 35
    20.03.  Kidnapping............................................................................... 35
    20.04.  Aggravated Kidnapping............................................................ 35
    20.05.  Unlawful Transport................................................................... 36
21.  Sexual Offenses.......................................................................................... 36
    Section
    21.01.  Definitions................................................................................ 36
    21.02 to 21.05. Repealed...................................................................... 36
    21.06.  Homosexual Conduct................................................................ 36
    21.07.  Public Lewdness........................................................................ 36
    21.08.  Indecent Exposure.................................................................... 37
    21.09 to 21.10. Repealed...................................................................... 37
    21.11.  Indecency With a Child............................................................. 37
    21.12.  Repealed................................................................................... 37
    21.13.  Renumbered.............................................................................. 37
    21.14.  Deleted..................................................................................... 37
    Section
    22.01.  Assault...................................................................................... 37
    22.011. Sexual Assault.......................................................................... 39
    22.012. Deleted..................................................................................... 40
    22.015. Coercing, Soliciting, or Inducing Gang Membership................... 40
    22.02.  Aggravated Assault................................................................... 41
    22.021. Aggravated Sexual Assault....................................................... 41
    22.03.  Deleted..................................................................................... 42
    22.04.  Injury to a Child, Elderly Individual, or Disabled Individual........ 42
    22.041. Abandoning or Endangering Child............................................. 44
    22.05.  Deadly Conduct........................................................................ 44
    22.06.  Consent as Defense to Assaultive Conduct................................ 45
    22.065. Repealed................................................................................... 45
    22.07.  Terrorist Threat......................................................................... 45
    22.08.  Aiding Suicide........................................................................... 45
    22.09.  Tampering with Consumer Product............................................. 45
    22.10.   Leaving a Child in a Vehicle..................................................... 46
    22.11.   Harassment by Persons in Certain Correctional Facilities............ 46

## REFERRAL PROCESS

1. Fill out boot camp referral form and determine offenders eligibility.
   (Attachment #1).

2. Meet with defendant and fill out Personal Screening Sheet.
   (Attachment #2).

3. Submit the 2 completed forms to the Boot Camp Program Coordinator via fax (956)-380-3324.

4. Boot Camp Program Coordinator will review forms for proper completion.

5. Boot Camp Program Coordinator will notify referring county of the decision to accept or reject referral.

6. Boot Camp Program Coordinator will continue working with referring county to complete the process on all referrals which are accepted.

Hidalgo County CSCD
Boot Camp
Referral Form


Defendant:_____Cause #._____DOC:
Offense:_____CSO:_____Date:
DOB:_____SSN:_____DPS #:

Type of Placement:Direct__MWO__ADM__ Boot Camp start date:

Defendant's phone number_____

If in custody (Hidalgo County) Cell block#_____
Medical Exam Date:_____ Court Date:_____

Eligibility Check List:

a. Is the defendant between the age of 17 - 26 years?
   Yes___No___

b. Would the defendant be sentenced to the TDCJ-ID, were it
   not for the availability of the Boot Camp?
   Yes___No

c. Does the defendant have a physical or mental disability?
   Yes___No

d. Did the defendant personally and intentionally cause serious
   bodily injury or death of another as a result of the
   commission     of the offense?
   Yes___No

e. Did the defendant personally use a deadly weapon during the
   commission of or flight from the offense?
   Yes___No

f. Has the defendant ever been convicted of a Title V Offense
   before?
   Yes___No

g. **CIRCLE THE FOLLOWING PROBLEM AREAS IF APPLICABLE:**

   1. Academic/Vocational Skills   5. Companions
   2. Employment                   6. Emotional stability
   3. Financial Difficulties       7. Alcohol Usage Problems
   4. Marital/Family Relationship  8. Drug Usage Problems
   9. Other:_____
      _____

h. Identify any programs referred to during this supervision
_____

i. Identify any programs completed during this supervision


After being ordered into the program the participants must bring
the following items:
1. Running Shoes                 8. Roll on Deodorant (1)
2. White T-shirts (6)            9. Book of Stamps (1)
3. Tooth paste (1)              10. Box of Envelopes (1)
4. Shower Shoes                 11. Grey Cotton Sweats (2)
5. White Socks (6)                  (depending on weather)
6. Razors (1 pack)             12. Family Pictures are Allowed
7. White Undershorts (boxer or jockey)

NOTE:  **The above items need to be brought in a paper sack or
        plastic bag. Tell your defendants not to bring any
        jewelry, money, or a wallet. If your defendant cannot
        purchase these items, we will provide these items for
        indigents.**

Has or is the defendant presently taking any type of medication?
Yes____No____  If yes list the medication:
In the event that participant does not pass the physical exam,
the following is an Alternative Plan:_____


_____DENIED  _____APPROVED
                              FELONY SECTION SUPERVISOR

If denied, why?_____
_____


**BOOT CAMP RESPONSE TO THE CASE REFERRAL:**

_____Accepted  _____Rejected Comments:_____
_____
_____


_____     _____
Staff Member Conducting Screening              Date


Revised 05/01/00

**Judge Homer Salinas Rehabilitation Center**
**Boot Camp**

**SCREENING SHEET**

01. NAME_____ D.O.B._____ AGE_____

02. OFFENSE_____ CR_____ (IF KNOWN)

03. ATTORNEY'S NAME_____ CELL BLOCK#_____ (IF IN
    CUSTODY)

04. EXPECTED COURT DATE_____

05. PROBATION/PSI OFFICER_____

06. SCHEDULED PHYSICAL DATE_____ MEDICALLY CLEARED YES__ NO

07. ETHNICITY_____

08. MARITAL STATUS_____

09. ADDRESS_____ CITY_____

    PHONE # _____

10. WHOM DO YOU RESIDE WITH? _____

11. PARENTS NAME _____

12. SIGNIFICANT OTHER_____

13. ADDRESS_____

14. # OF CHILDREN_____AGE_____

15. HAVE YOU EVER USED THE FOLLOWING:

    Marijuana____     Cocaine____     Roches_____
    Heroin_____     Alcohol____     Inhalants_____

16. ANY OTHER DRUGS USED?_____

17. DO YOU CONSIDER YOURSELF IN GOOD PHYSICAL CONDITION? YES/NO
    IF NO EXPLAIN?_____

18. HAVE YOU EVER HAD A BACK INJURY/BROKEN BONES/DISLOCATIONS?____
    _____

19. DO YOU HAVE ANY HISTORY OF HEALTH PROBLEMS: YES____ NO
    DESCRIBE_____ ARE YOU TAKING ANY
    MEDICATION? YES__ NO__ DESCRIBE _____

20. FAMILY DOCTOR:_____ADDRESS_____PHONE#

21. DO YOU HAVE ANY HISTORY OF MENTAL OR EMOTIONAL PROBLEMS?
    YES____ NO____ DESCRIBE_____

22. ARE YOU A HIGH SCHOOL GRADUATE? YES/NO
    LAST GRADE COMPLETED_____

23. DO YOU HAVE A GED YES__ NO__ HAVE YOU TAKEN ANY GED TESTS AND
    PASSED?  YES/NO WHAT SUBJECTS_____ WHERE/WHEN?_____
    _____

24. WHAT DO YOU KNOW ABOUT THE BOOT CAMP?  EXPLAIN PROGRAM.

25. DO YOU WANT TO PARTICIPATE IN THE PROGRAM?  YES____NO____
    IF NO EXPLAIN_____

REVISED 05/01/00

***EXAMPLE***

CAUSE NO. CR123456

THE STATE OF TEXAS                                    IN THE DISTRICT COURT OF

VS.                                                   WEBB COUNTY, TEXAS

                                  123RD JUDICIAL DISTRICT

### ORDER OF MODIFICATION



BE IT REMEMBERED that on July 22,1999, a hearing was held on State's Motion to Revoke

Probated Sentence. All parities appeared and announced ready,  The Court will approve the agreement

reached by the parties and is of the opinion that said probation should not be revoked and that the

defendant be continued on probation subject to certain modifications;

It is therefore ordered that the defendant, ████████ , shall remain and continue on probation in accordance with the Probation Judgment of **June 16, 1998**, provided:

> *As a sentencing alternative and in lieu of incarceration in the institutional division of the Texas Department of Criminal Justice the defendant is hereby committed to the Homer Salinas Rehabilitation Center (Adult Probation Boot Camp) located at 1000 M Road Edinburg, Hidalgo County, Texas, for a period not to exceed six (6) months, commencing on the date directed by the Center. The defendant shall remain committed to the Center, cooperate fully with the program and abide by all program rules until released by Order of the Court. Upon release, the defendant may be assigned to any program under the continuum of sanctions of the ████ County Supervision and Corrections Department; (defendant to remain in jail until available placement at the Local Boot Camp).*
>
> *All court ordered payments are hereby suspended during the defendant's stay at the Center. Thirty days from the date of discharge from the Center all payments shall be reinstated.*

**All of the terms and conditions of the Probation Judgment signed for entry on June 16, 1998, shall remain in full force and effect.**

The Community Supervision and Corrections Department is directed to cause probationer to appear forthwith to receive and acknowledge a copy of this Order

SIGNED FOR ENTRY: August 12, 1999.

_____
Judge Presiding

## ITEMS REQUIRED BY A DEFENDANT COMMITTED TO THE BOOT CAMP

01.  6 - PAIRS OF CREW LENGTH WHITE SOCKS

02.  6 - WHITE UNDERWEAR (JOCKEY OR BOXER)

03.  6 - WHITE CREW NECK T-SHIRTS

04.  1 - PAIR OF RUNNING SHOES

05.  1 - PACK OF DISPOSABLE RAZORS

06.  1 - CAN OF SHAVING CREAM

07.  2 - TOOTHPASTES

08.  1 - TOOTH BRUSH

09.  2 - ROLL ON DEODORANTS (NO SPRAYS)

10.  1 - PAIR OF GRAY COTTON RUNNING SHORTS

11.  1 - PAIR OF SHOWER SANDALS

12.  1 - PAIR NAIL AND TOE NAIL CLIPPERS

13.  GRAY COTTON SWEATS (DEPENDING ON THE WEATHER)

14.  2 - FAMILY PICTURES

15.  1 - BOX OF ENVELOPES

16.  1 - BOOK OF STAMPS


    The above items need to be brought in a paper sack or plastic bag
with their name written on it.  Tell your defendants not to bring any
jewelry, money or wallet. Note, don't worry if your defendant cannot
purchase these items, we will find a way to provide these items for
indigents.

12. Pay a **MONTHLY FEE** to the Court in the amount of **$25.00** due on or before 30 days from the date of this Order and every month thereafter until paid in full, payable at:
COMMUNITY SUPERVISION CORRECTIONS DEPARTMENT
918 E. BUSINESS HWY 83, McALLEN, TEXAS

13. Pay **COURT COSTS** to the County of Hidalgo, payable on or before **December 1, 2003**, payable at:
HIDALGO COUNTY CLERK
100 N. CLOSNER, EDINBURG, TEXAS

14. Pay the **FINE** in the amount of **$750.00** in monthly installments of **$10.00** commencing thirty (30) days from the date of this Order and continuing every month thereafter until paid in full, payable at:
HIDALGO COUNTY CLERK
100 N. CLOSNER, EDINBURG, TEXAS

15. Make **RESTITUTION** to the victim(s) in the amount of **$250.00** in monthly installments of **$10.00** commencing thirty (30) days from the date of this order and continuing every month thereafter until paid in full, payable at:
COMMUNITY SUPERVISION CORRECTIONS DEPARTMENT
918 E. BUSINESS HWY 83, McALLEN, TEXAS

16. Not communicate or associate in any way with co-defendant(s) during the entire period of community supervision.

17. Observe a curfew from 9:00 p.m. to 6:00 a.m. every day during the entire period of community supervision.

18. Work **400** hours at a community service project(s) for an organization(s) approved by the Judge and designated by the Hidalgo County Community Supervision & Corrections Department at the rate of eight (8) hours per week beginning immediately and continuing every week thereafter until completed in full.

19. Participate in the Texas Department of Criminal Justice **"PRISON ORIENTATION FOR A DAY PROGRAM"** operated by the Hidalgo County Community Supervision & Corrections Department, 918 E. Business Highway 83, McAllen, Texas, and the Texas Department of Criminal Justice Institutional Division, Segovia Unit, 1201 E. El Cibolo Road, Edinburg, Texas, within 180 days of this Order or as instructed by the Hidalgo County Community Supervision & Corrections Department; and obey and comply with all rules, regulations, policies, and procedures of the program.

20. Complete all requirements for and obtain a **G.E.D. CERTIFICATE.**

21. Attend and successfully complete a **15-HOUR DRUG EDCUATION PROGRAM** certified by the Texas Commission on Alcohol and Drug Abuse and approved by the Hidalgo County **Board** of Judges; pay the costs of the classes directly to the sponsoring agency; commence and complete the classes within 180 days from the date of this order; and submit a copy of the certificate of completion to the Hidalgo County Community Supervision and Corrections Department.

22. Not go to any Wal-Mart's, pawnshops or flee markets during the entire period of community supervision.

23. Serve a term of confinement in the **HOMER SALINAS REHABILITATION CENTER** located at 1000 "M" Road, Edinburg, Texas, for a period of **SIX (6) months, beginning INSTANTER**, obey all rules and regulations of the Center, and upon release from the center participate in any program under the continuum of sanctions of the Hidalgo County Community Supervision & Corrections Department.

VI.                          EMERGENCY PLANS

Fire exit plans are posted throughout the facility indicating the proper exit route in case of fire. Residents are made aware of the exit routes when they are assigned a bed in the facility. The facility is equipped with lighted fire exit signs, fire extinguishers. and sprinklers in some areas. The Fire Marshall for the City of Edinburg will conduct periodic fire drills in an effort to ensure that everyone is familiar with the proper exit procedures.

At any time that a Medical Doctor determines that a resident is suffering from a highly contagious disease, the resident is immediately granted an emergency medical pass. The resident will remain with his family until the Doctor authorizes his return to the Boot Camp at no risk to the other residents.

The most common natural disaster in our area is a hurricane. Local news media provide continuous coverage when a hurricane is approaching our area. A disaster control command post is set up at the County Courthouse. County Officials are kept informed through said command post and react accordingly. The Boot Camp will continue its normal course of operation until the County Officials make a decision to release all county employees from work. At this point, all residents who wish to go home and help their families prepare for the hurricane are allowed to do so. Residents are instructed to call the Boot Camp every day to receive instructions as to when to return. The Boot Camp will be manned twenty-four (24) hours a day during the emergency and will resume full operation immediately after it is declared safe to do so by the Boot Camp Director.

## EMERGENCY MEDICAL SERVICE

Emergency medical needs are handled through the Edinburg General Hospital Emergency Room.

Psychiatric help is available to the resident through the Tropical Texas Center for Mental Health and Mental Retardation in Edinburg. This agency provides individual and/or group counseling to residents in need of such services. There is no cost to the resident for services through this agency. Emergency psychiatric services are available through the agency's psychiatric unit. A resident who has the need for emergency services may be committed for evaluation in two different ways. He may be committed through a mental health warrant issued by any Justice of the Peace or he may be committed by any local Police Officer without a warrant. There is no cost to the resident for services rendered.

Residents are issued emergency medical passes in cases where special care or diet is recommended by a doctor. Residents will remain at home where the family can provide the special care. Short term medical passes may also be issued to residents who are diagnosed as having a highly contagious disease.

CERTIFIED COPY

## CAUSE NO. 00-CR-122-B
# 114723

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | CAMERON COUNTY. TEXAS |
| NOE ANDRES GONZALEZ | § | 138TH JUDICIAL DISTRICT |

### ORDER OF MODIFICATION

BE IT REMEMBERED that on **February 12, 2001**, a hearing was had on State's Motion for Adjudication of Guilt. All parties appeared and announced ready. Defendant plead true to the allegations in said motion. The Court is of the opinion that said defendant should be continued on probation subject to certain modifications.

IT IS THEREFORE ORDERED that the Defendant, **Noe Andres Gonzalez**, shall remain and continue on probation in accordance with the Order Deferring Adjudication and Placing Defendant on Probation of **April 11, 2000**, provided:

> As a sentencing alternative and in lieu of incarceration in the Texas
> Department of Criminal Justice - Institutional Division the defendant is
> hereby committed to the Homer Salinas Rehabilitation Center (Adult
> Probation Boot Camp) located on M Road & Richardson Road in
> Edinburg, Texas for a period not to exceed six (6) months, commencing as
> soon as placement can be made. The defendant shall remain committed to
> the Center, cooperate fully with the program, and abide by all program
> rules until released by order of the Court. Upon release the defendant may
> be assigned to any program under the continuum of sanctions of the
> Cameron County Community Supervision and Corrections Department.

All of the terms and conditions of the Order Deferring Adjudication and Placing Defendant on Probation signed for entry on **April 6, 2000**, shall remain in full force and effect.

The Community Supervision and Corrections Department is directed to cause probationer to appear forthwith to receive and acknowledge a copy of this Order.

SIGNED FOR ENTRY: July 6, 2001.

7/17/01 COPIES TO:
ADULT PROB. DEPT. CC

Judge Presiding

FILED
AURORA DE LA GARZA CLERK
JUL 6 2001
DISTRICT COURT

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 7-17-01
BY_____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALES,* | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **Civil Action No. B-02-194** |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| **Defendants.** | § | |

STATE OF TEXAS

COUNTY OF HIDALGO

## AFFIDAVIT OF J.C. GOMEZ

Before me, the undersigned notary, on this day, personally appeared J.C. Gomez, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. My name is J.C. Gomez. I am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct. I am a defendant in this lawsuit.

2. I am the Director of the Judge Homer Salinas Rehabilitation Center Boot Camp operated by the Hidalgo County Community Supervision and Corrections Department.

3. Attached is a copy of the "Chronological" showing that Noe Gonzalez processed into the Boot Camp on June 18, 2001. The original was contained in a file maintained by the Boot Camp on Mr. Gonzalez.

4. This records was kept by the Judge Homer Salinas Rehabilitation Center in the regular course of business, and it was the regular course of business of the Judge Homer Salinas Rehabilitation Center for an employee or representative of the Judge Homer Salinas Rehabilitation Center, with knowledge of the act, event, condition, opinion, or diagnosis that was recorded, to make this record or to transmit the information to be included in this record. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded. The record attached to this affidavit is an exact duplicate of the original.

IN WITNESS WHEREOF, I have hereto set my hand this 25th day of April, 2003.

**SIGNATURE**

## CERTIFICATION

BEFORE ME, *Melissa R. Garza*, on this 25th day of April, 2003, personally appeared J.C. Gomez, known to me (or proved to me on the oath of State ID) to be the person whose name is subscribed to the foregoing instrument and he/she has acknowledged to me that he executed the same for the purpose and the consideration therein expressed.

GIVEN under my hand and seal of office this 25th day of April, 2003.

**MELISSA R. GARZA**
Notary Public, State of Texas
My Commission Expires
May 27, 2006

**SIGNATURE OF NOTARY**

2

HIDALGO COUNTY BOOT CAMP

### CHRONOLOGICAL

Name: Gonzalez Nor      DOB: 05-04-82    CAUSE NO.: CO-CR-122-B

DATE ENTERED: Jun 18-2001      EXIT DATE: _____

| Month for reporting Date-all other enteries | Cont. or Act. |
|---|---|

ON THIS SAID DATE RESIDENT Gonzalez Nor    WAS ADMITTED TO THE
JUDGE HOMER SALINAS REHAB. CENTER (BOOT CAMP). HE WAS PROCESSED
BY DRILL STAFF. AND HE SIGNED THE FOLLOWING FORMS:

June18-01    1.  CONSENT OF DISCLOSURE AND AUTHORITY TO RELEASE INFORMATION
June18-01    2.  RELEASE OF LIABILITY FOR PERSONAL INJURY
June18-01    3.  RELEASE OF RESPONSIBILITY FOR PERSONAL BELONGINGS
June18-01    4.  RELIGIOUS CONSENT FORM
             RESIDENT ALSO FILLED OUT THE FOLLOWING FORMS:
June18-01    1.  PERSONAL DATA FORM
June18-01    2.  FAMILY HISTORY & CRIMINAL INFORMATION
June18-01    3.  VISITATION LIST
             RESIDENT READ AND ACKNOWLEDGED THE FOLLOWING RULES AND
             REGULATIONS:
June18-01    1.  BOOT CAMP RULES AND REGULATIONS
June18-01    2.  BOOT CAMP BILLETS RULES
             RESIDENT WAS GIVEN A HAIRCUT AND ISSUED BOOT CAMP UNIFORMS.
             TOWELS, LINEN AND ASSIGNED A BUNK. HIS PERSONAL BELONGINGS HERE
             INVENTORIED AND TAGGED FOR STORAGE. Rl were read, and explain
the Rules Right to the Boot Camp. Also they were
explain th (3) things need to make it in the Boot Camp
Listen, do, observe. June 18 2001 and always ask
for permission

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALES,* | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **Civil Action No. B-02-194** |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| **Defendants.** | § | |

STATE OF TEXAS

COUNTY OF HIDALGO

### BUSINESS RECORD AFFIDAVIT

Before me, the undersigned notary, on this day, personally appeared Frank Luevano, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. My name is Frank Luevano. I am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2. I am the staff nurse and custodian of medical records of the Judge Homer Salinas Rehabilitation Center operated by the Hidalgo County Community Supervision and Corrections Department.

3. Attached to this affidavit are 55 pages of medical records for Noe Gonzalez, a resident at the Judge Homer Salinas Rehabilitation Center during portions of June and July in 2001.

4. These records are kept by the Judge Homer Salinas Rehabilitation Center in the regular course of business, and it was the regular course of business of the Judge Homer Salinas Rehabilitation Center for an employee or representative of the Judge Homer Salinas Rehabilitation Center, with knowledge of the act, event, condition, opinion, or diagnosis that was recorded, to make this record or to transmit the information to be included in this record. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded. The records attached to this affidavit are exact duplicates of the original.

04/24/03  11:40  ☎580-454                                                          ☑005
04/24/03  10:29  ☎                              STX Atty Gen                    ☑003/003

IN WITNESS WHEREOF, I have hereto set my hand this 24th day of April, 2003.

_Frank Luevano_

Frank Luevano

## CERTIFICATION

BEFORE ME, MELISSA R. GARZA, on this 24th day of April, 2003, personally appeared Frank Luevano, known to me (or proved to me on the oath of State ID) to be the person whose name is subscribed to the foregoing instrument and he/she has acknowledged to me that he executed the same for the purpose and the consideration therein expressed.

GIVEN under my hand and seal of office this 24th day of April, 2003.

- MELISSA R. GARZA
Notary Public, State of Texas
My Commission Expires
May 27, 2006

SIGNATURE OF NOTARY

2

## FAMILY PRACTICE — HISTORY AND PHYSICAL

Name: Nae Hamaut            SSN: 4103-17-3545   Date: 6-

254 Suga Garren Hut        Phone: 954 574-0424   Occupation:

Birth Date:

### PAST MEDICAL HISTORY

| | Self | Mother | Father | Brothers | Sisters | Children |
|---|---|---|---|---|---|---|
| Heart disease | | X | | | | |
| High blood pressure | | X | | | X | |
| Stroke | X | | | | | |
| Cancer | | | | | | X |
| Glaucoma | | | | | | |
| Diabetes | | | ✓ | | | |
| Illness/Convulsions | | | | | | |
| Bleeding disorder | | | | | | |
| Kidney disease | | | | | | |
| Thyroid disease | | | | | | |
| Mental illness | | | | | | |

### PAST HOSPITALIZATIONS/SURGERIES

| | Date | Reason | Date |
|---|---|---|---|
| NONE | | | |

WOMEN ONLY: Pregnant?  ☐ Yes  ☐ No    Planning Pregnancy?  ☐ Yes  ☐ No

### PAST MEDICAL HISTORY

- Headache
- Shortness of breath
- Heart palpitations
- Heart murmur
- Chest Pain
- Dizziness/Fainting
- Peripheral vascular disease
- Allergies/Hay fever
- Asthma
- Bronchitis
- Pneumonia

- ☐ GI disorder
- ☐ Gall bladder disease
- ☐ Prostate disease
- ☐ Bowel irregularly
- ☐ Incontinence
- ☐ Sexual/Menstrual dysfunction
- ☐ Venereal disease
- ☐ Frequent infections  Sinus / Throat
- ☐ Hepatitis
- ☐ Anemia
- ☐ Arthritis
- ☐ Nervousness

- ☐ Depression
- ☐ Gout
- ☐ Scarlet fever
- ☐ Chronic rashes
- ☐ Rheumatic fever
- ☐ Mumps
- ☐ Measles
- ☐ Rubella
- ☐ Polio
- ☐ Diphtheria
- ☐ Tetanus

### HABITS

Smoke: Packs daily  Socially          How long                    When stopped
Exercise routine: Daily              ☐ Coffee: Cups daily  Rarely    Other caffeine  Coas & Tea
Alcohol: Type/Amount  Socially        Diet: Salt intake  Normal       Fat intake  Normal
SLEEP: Difficulty falling asleep  Ø   Continuity disturbances  Ø      Early morning awakening  Ø
Snoring                               Daytime drowsiness

Contact with blood or body fluid at work  Ø

000001

CliniForms

## REVIEW OF SYSTEMS

☐ Neurological ☐ GI ☐ Cardiovascular
☐ GU ☐ Cardiovascular ☐ Musculoskeletal
☐ Peripheral vascular ☐ Dermatologic ☐ Hematologic

## PHYSICAL EXAM

Temp. 97.3   Pulse 64   BP 120/80
R. 51½2   Weight 168½2   Respiration 20

GENERAL APPEARANCE   good

## EXAM NOTES

| | | |
|---|---|---|
| Skin | N | |
| HEENT | N | |
| Neck | N | |
|   Thyroid | N | |
|   Lymph nodes | N | |
|   Veins Carotid | N | |
| Chest | N | |
| Lungs | N | |
| Heart | N | |
| Abdomen | N | |
| Genital | N/A | |
| Rectal | N/A | |
| Extremities | N | |
|   Joints | N | |
|   Clubbing/Cyanosis | N | |
|   Peripheral pulses | N | |
| Edema | N | |
| Neurological | N | |

## TESTS ORDERED

☐ Chest X-ray ☐ Barium Enema ☐ T.B. Test ☐ Flexsigmoidoscopy
☐ Kidney X-ray ☐ Gall bladder ☐ Air contrast: Obstruction series ☐ ERCP
☐ U.G.I. Series ☐ Electrocardiogram ☐ Endoscopy ☐ Liver biopsy
☐ Colonoscopy ☐ Blood tests

## IMPRESSIONS

normal exam

000002

Owens MD
541 - 5231

K-Vita ® Potassium K-...

## SICK CALL

RESIDENTS REQUESTING MEDICAL ATTENTION WILL SIGN UP ON A BI-WEEKLY BASIS FOR SCREENING BY THE ECCT CAMP'S NURSE.(UNLESS EMERGENCIES)

DATE: _1-27-01_

| 1ST PLATOON | 2ND PLATOON |
|---|---|
| Mendoza, Andy | Gonzales, Joe |
| | Solis, Raul |
| | Dela Rosa, Fernando |

| 3RD PLATOON | 4TH PLATOON |
|---|---|
| Meier, Christopher | Garcia, Ryan |
| Ceron, Jorge | Hernandez, Reynaldo |
| Metz, David | Vasquez, Rick Lee |

000003

## SICK CALL

RESIDENTS REQUESTING MEDICAL ATTENTION WILL SIGN UP ON A BI-WEEKLY

BASIS FOR SCREENING BY THE BOOT CAMP'S NURSE. (UNLESS EMERGENCIES)

DATE 7/2/01

**1ST PLATOON**

Salinas #14

_____

_____

_____

_____

_____

_____

_____

_____

_____

**2ND PLATOON**

Gonzalez Jose #22

Hidrogo Luis #35 (___)

Jimenez Raul #45 (___)

Salinas Mario #44 (___)

Martinez J. #27 (___)

_____

_____

_____

_____

**3RD PLATOON**

_____

_____

_____

_____

_____

_____

_____

_____

_____

**4TH PLATOON**

_____

_____

_____

_____

_____

_____

_____

_____

_____

000004

.DALGO COUNTY BOOT CAMP

PROGRESS NOTES

| DATE | NOTES |
|------|-------|
| 7-9-0. | Phoned Nurse Irene 2nd floor. |
| | Says Gonzalez Noe is getting better. |
| | Seeing Physical therapist right |
| | Released in 1-2 days. (opinion) cris X |
| | |
| 7-10-01 | Visited Gonzalez Noe in hospital. |
| | Looking good. Mrs. Gonzalez states |
| | Noe Gonzalez needs a 2nd Surgery |
| | As per a doctors orders. cris X |
| | |
| 7-11-01 | Noe Gonzalez released from |
| | hospital. Released to family |
| | As per Judge Garza (Cameron Co.) |
| | phone orders. Mr. Lizcano informed |
| | me by phone. cris X |
| | |
| | |
| | |
| | |
| | |

Gonzalez Noe

RESIDENTS NAME

2

RESIDENTS #    PLT.

DALGO COUNTY BOOT CAMP

PROGRESS NOTES

| DATE | NOTES |
|---|---|
| 6-21-01 | |
| | |
| | |
| | |
| | |
| 6-22-01 | Skin Test ⓪ forearm 0.1 mL Lot # |
| | C035114 Exp. 10-6-01 cnt 𝓧 |
| | |
| 6-25-01 | Negative ⓪ Skin Test 5 mm cnt 𝓧 |
| | |
| 6-27-01 | C/o pain c swelling to Ⓡ knee x |
| | 2 days. cnt 𝓧 |
| | No previous problems – exercise related |
| | I BP 600 bid x 20 days |
| | Knee brace. |
| | |
| 7-2-01 | Infected Ⓡ knee c phlebitis — |
| | Dr Anzing / MS |
| | To E1K for C+S, Mx |
| | Bedrest till Weds — |

Gonzalez Noe

RESIDENTS NAME                              RESIDENTS #    PLT. 2nd

*Romeo F. Montalvo, Jr. M. D., F. A. A. P.*

June 19, 2001

Judge Homer Salinas
Rehabilitation Center
Attn:  Liz Cano

Re:    Noe Andres Gonzalez
       DOB 05/04/1982

Noe was seen in our office on 10/01, 1996 for a contusion to the sacral spine.
Treatment plan was myoflex cream and heating pad with recommendation that if
there was no improvement a referral to an orthopedic specialist would be
necessary.  An orthopedic evaluation was never required.

Noe was again seen at our office on 04/31/1997 with no mention of a back
problem.

I see no problem from his medical history for him to continue any physical activity.
Please do not hesitate to call me if I can be of further assistance regarding this
matter.

Sincerely,

Romeo F. Montalvo, Jr., M.D., F.A.A.P.

000007

**B. N. Lakshmikanth, M.D.**
ORTHOPEDIC SURGEON

GONZALEZ, NOE                    05-23-95

While playing baseball, this patient felt pain going down the right leg. Since then, the pain has been bothering him. He is here at this time for a further evaluation.

On examination, thin-built, pleasant, young boy, in some discomfort. Forward flexion is limited to 30 degrees. Walking on his heels and toes well. Straight leg raising on the right is about 60 degrees; on the left is about 80 degrees with discomfort in the same area, in the right sacroiliac region. He has a prominence of the right iliac crest. On the right side of the posterior iliac spine, he is vaguely tender to palpation. The pain goes all the way down to the right ankle on the lateral aspect. Reflexes are good, even though they had to be reenforced; otherwise, no sensory changes. X-rays of the lumbosacral spine show a bilateral spondylolysis. The may possibly also be the cause of his pain. This has been discussed with the father.

IMPRESSION: Pinched nerve in the low back region.

RECOMMENDATION: Conservative therapy with anti-inflammatory medication and back instructions. If he is still having problems in about a week, I would like a neurosurgical evaluation.

GONZALEZ, NOE   06-01-95

Is feeling much better, very little pain. He has a straight leg raising of almost 90 degrees without any discomfort. We will see him back in four weeks. If everything is all right we will discharge him. He is to gradually get back to activities.

THIS LETTER HAS BEEN DICTATED BY B.N. LAKSHMIKANTH M.D. BUT NOT READ AND IS SUBJECT TO DICTATION AND TRANSCRIPTION VARIANCE.

000008

# Medication Administration Record

Date Therapy Started 6/29/__

Date Therapy to End: 7/17/01

Name: Gonzales Noé                    # 40

Client#_____

Platoon: 2nd

Medication: Ibuprofen 400mg

Lot#: 003199    Manufac.: Interpharm    Exp: 3/02

| Date | Time | Resident | Drill Sgt. | Time | Residn | Drill Sgt. |
|------|------|----------|------------|------|--------|------------|
| 6/29 | 0800 | | | 2000 | | |
| 6/29 | 0800 | | | 2000 | | |
| 6/30 | 0800 | | | 2000 | | M.D. |
| 7/1 | 0800 | N.G. | | 2000 | | M.D. |
| 7/2 | 0800 | N.G. | C | 2000 | | |
| 7/3 | 0800 | | | 2000 | | |
| 7/4 | 0800 | | | 2000 | | |
| 7/5 | 0800 | | | 2000 | | |
| 7/6 | 0800 | Hospital | | 2000 | | |
| 7/7 | 0800 | | | 2000 | | |
| 7/8 | 0800 | Hospital | | 2000 | | |
| 7/9 | 0800 | | | 2000 | Hospital | C |
| 7/10 | 0800 | | | 2000 | | |
| 7/11 | 0800 | | | 2000 | | |
| 7/12 | 0800 | | | 2000 | | |
| 7/13 | 0800 | | | 2000 | | |

## DIRECTIONS

Give __1__ ~~capsule~~ tablet (s) by mouth twice daily at 8am and at 8 pm.

taken with food.

000009

## BOOT CAMP PROFILE

DATE 9 / 2 / 01

Resident _Gonzalez Noe_ is on profile for the next ___3___ days.

| NO | | YES | |
|---|---|---|---|
| _____ | RUNNING | _____ | RUNNING |
| _____ | JUMPING | _____ | JUMPING |
| _____ | PUSH-UPS | _____ | PUSH-UPS |
| _____ | SIT-UPS | _____ | SIT-UPS |
| _____ | KP | _____ | KP |
| _____ | BED REST | ✓ | BED REST |

Fill wels

_____
BOOT CAMP PHYSICIAN

_____
BOOT CAMP NURSE

000010

(BOOT CAMP)

EDWARD G. APARICIO
JUDGE 92ND DISTRICT COURT

RODOLFO 'RUDY' DELGADO
JUDGE 93RD DISTRICT COURT

LETICIA HINOJOSA
JUDGE 139TH DISTRICT COURT

ROSE GUERRA REYNA
JUDGE 206TH DISTRICT COURT

JUAN R. PARTIDA
JUDGE 275TH DISTRICT COURT

MARIO E. RAMIREZ, JR.
JUDGE 332ND DISTRICT COURT

NOE GONZALEZ
JUDGE 370TH DISTRICT COURT

JOE E. LOPEZ
EXECUTIVE DIRECTOR

J.C. GOMEZ
DIRECTOR/ASST. BANK

1000 NORTH 'M' RD.
PO BOX 1109
EDINBURG, TEXAS 78540
PHONE 956-380-3311
FAX 956-380-3324

LETICIA LOPEZ
JUDGE 389TH DISTRICT COURT

AIDA SALINAS FLORES
JUDGE 398TH DISTRICT COURT

RODOLFO 'RUDY' GONZALEZ
JUDGE COUNTY COURT AT LAW NO. 1

G. JAIME GARZA
JUDGE COUNTY COURT AT LAW NO. 2

HOMERO GARZA
JUDGE COUNTY COURT AT LAW NO. 3

FEDERICO 'FRED' GARZA, JR.
JUDGE COUNTY COURT AT LAW NO. 4

ATTN: _Sara_ OR _Noe_.

Fax to
385-6017

# FAX
## COVER SHEET

TO: _Release of Medical Info. Edinburg Regional Medical Center_

DATE: _14 Aug. 2001_

SUBJECT: _Noe Gonzalez    Medical Record # 313695_

We are transmitting _2_ pages(s) (including cover sheet). If you do not receive all the pages, please call _Frank Luevano_ at (956) 380-3311.

COMMENTS: _____

_____

_____

_____

From the desk of....

_Frank Luevano_

Homer Salinas Rehab. Center
(Boot Camp)
1000 M. Rd./P.O. Box 1109
Edinburg, Texas 78539

The information contained in the accompanying transmission is or may be protected by grand juror other confidentiality statute, or by a work product privilege and is confidential. This transmission is intended only for use by the addressee or entity above named. If you are not the intended recipient, or the recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. No applicable privilege is waived or relinquished by the party sending the accompanying transmission.

If you have received this communication in error, please notify us immediately. Under certain facts, improper dissemination may be a criminal offense.

000011

## AUTHORIZATION FOR RELEASE OF INFORMATION

I hereby authorize  Edinburg  Regional Medical Ctr.  to release to:

Name: Judge Homer Salinas Rehabilitation Center (Boot Camp)

Address: P.O. Box 1109, Edinburg Tx. 78540 Fax = (956)380-3324

The following information from the hospital records of:

Patient name: Noe Gonzalez                Date of Birth:      05/04/1982

Treatment Date:   7/02/01-7/11/01         Medical Record/SSN:  313695

Information to be released:

<table>
<tr><td>_X_ Entire Chart</td><td>_X_ Short Stay Form</td></tr>
<tr><td>_X_ Emergency Room</td><td>_X_ History & Physical</td></tr>
<tr><td>_X_ Face sheet</td><td>_X_ Discharge Summary</td></tr>
<tr><td>_X_ Operative Report</td><td>_X_ Consultation</td></tr>
<tr><td>_X_ Physician's Order</td><td>_X_ Physician's Notes</td></tr>
<tr><td>_x_ Lab</td><td>_X_ EKG</td></tr>
<tr><td>_X_Radiology Report</td><td>___ Pathology Reports</td></tr>
<tr><td>___Other_____</td><td></td></tr>
</table>

There are no limitations placed on dates, history of illness or diagnostic and therapeutic information, including any treatment of alcohol/drug abuse, HIV-AIDS, or psychiatric treatment.  Please initial authentication _____

The above information is release for the following purposes and that purpose only.  Medical review by Dr. Omar Garza.

I understand that I may revoke this authorization ant any time except to the extent that action has been taken in reliance on it and that in any event this authorization will expire 3 months from the date of my signature or otherwise specified by date, event or condition as follows.

I further authorize that a photocopy of this authorization form will be fully acceptable as an original.

Patient Signature:_____     Date: 8/10/01

Relationship to Patient: _____     Witness:_____

Prohibition of Redisclosure: This information has been disclose to you from records whose confidentiality is protected by Federal Law 42 C.F.R, Part 2, You are prohibited from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by law. A general authorization for the release of medical or other information is not sufficient for this purpose.

000012

CONSENT OF DISCLOSURE AND AUTHORITY TO RELEASE INFORMATION

I, _____, authorize the disclosure and or release of information with regard to my background and any data on file which could provide pertinent information i obtaining any type of treatment, evaluation, academic education, vocational training, employment and any other type of rehabilitative services.

I authorize Hidalgo County Community Supervision and Corrections Department and its staff to furnish this information to any agency that may be deemed appropriate to provide services during my Commitment to the Boot Camp.

I further understand that any information released by the Hidalgo County Community Supervision and Corrections Department or any information sought by said department from other sources will be handled confidentially and on a need-to-know basis.

I shall save and hold harmless the Hidalgo County Community Supervision and Corrections Department and any other agency providing that department with information for any and all disclosures made with regard to my commitment to the Boot Camp.

_____
SIGNATURE

_____
SIGNATURE OF WITNESS

6/18/01
DATE

Jun 18-2001
DATE

000013

# AUTHORIZATION FOR RELEASE OF INFORMATION

**I hereby authorize** Romeo F. Montalvo Jr. M.D.    **to release to:**

**Name:** Judge Homer Salinas Rehabilitation Center

**Address:** P.O. Box 1109, Edinburg, Tx. 78540 / (956) 330-3324    Fax #

The following information from the hospital records of:

**Patient Name:** Noe Gonzalez    **Date of Birth:** 5-4-52

**Treatment Date:** Oct 96, 90    **Medical Record/SSN:** 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

**Information to be released:**

| | |
|---|---|
| ___ Entire Chart | ___ Short Stay Form |
| ___ Emergency Room | ✓ History & Physical |
| ___ Face Sheet | ✓ Discharge Summary |
| ✓ Operative Report | ✓ Consultation |
| ✓ Physician's Order | ✓ Physician's Notes |
| ___ Lab | ___ EKG |
| ✓ Radiology report | ___ Pathology Reports |
| ✓ Other    M R I Results | |

There are no limitations placed on dates, history of illness or diagnostic and therapeutic information, including any treatment of alcohol/drug abuse, HIV-AIDS, or psychiatric treatment. Please initial Authentication X  N G

The above information is release for the following purposes and that purpose only.  Dr. Omar Garza , M.D.

I understand that I may revoke this authorization at any time except to the extent that action has been taken in reliance on it and that in any event this authorization will expire 3 months from the date of my signature or otherwise specified by date, event or condition as follows.

I further authorize that a photocopy of this authorization form will be fully acceptable as an original.

**Patient Signature:** _____    **Date:** 6-18-01

**Relationship to Patient:** Boot Camp Nurse    **Witness:** Frank Lucio

**Prohibition of Redisclosure:** This information has been disclosed to you from records whose confidentiality is protected by Federal Law 42 C.F.R., Part 2. You are prohibited from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by law. A general authorization for the release of medical or other information is not sufficient for this purpose.

000014

# AUTHORIZATION FOR RELEASE OF INFORMATION

I hereby authorize _____ to release to:

**Name:** Judge Homer Salinas Rehabilitation Center

**Address:** P.O. Box 1109, Edinburg, Tx.  78540    (956) 380-3324    Fax #

The following information from the hospital records of:

**Patient Name:** Noe Ganzea    **Date of Birth:** 5-4-5_

**Treatment Date:** Oct. 96, 97    **Medical Record/SSN:** 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

Information to be released:

- ✓ Entire Chart
- ✓ Emergency Room
- ✓ Face Sheet
- ✓ Operative Report
- ✓ Physician's Order
- ✓ Lab
- ✓ Radiology report
- ✓ Other   M R I  Results

- ✓ Short Stay Form
- ✓ History & Physical
- ✓ Discharge Summary
- ___ Consultation
- ✓ Physician's Notes
- ___ EKG
- ___ Pathology Reports

There are no limitations placed on dates, history of illness or diagnostic and therapeutic information, including any treatment of alcohol/drug abuse, HIV-AIDS, or psychiatric treatment. Please Initial Authentication X  N.G.

The above information is release for the following purposes and that purpose only.   Dr.  Omar Garza M.D.

I understand that I may revoke this authorization at any time except to the extent that action has been taken in reliance on it and that in any event this authorization will expire 3 months from the date of my signature or otherwise specified by date, event or condition as follows:

I further authorize that a photocopy of this authorization form will be fully acceptable as an original.

**Patient Signature:** _____    **Date:** 6-18-01

**Relationship to Patient:** Boot Camp Nurse    **Witness:** Frank Luevano

Prohibition of Redisclosure: This information has been disclosed to you from records whose confidentiality is protected by Federal Law 42 C.F.R. Part 2. You are prohibited from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by law. A general authorization for the release of medical or other information is not sufficient for this purpose.

000015

BOOT CAMP

EDWARD G. APARICIO
JUDGE 32ND DISTRICT COURT

RODOLFO "RUDY" DELGADO
JUDGE 93RD DISTRICT COURT

LETICIA HINOJOSA
JUDGE 139TH DISTRICT COURT

ROSE GUERRA REYNA
JUDGE 275TH DISTRICT COURT

JUAN R. PARTIDA
JUDGE 275TH DISTRICT COURT

MARIO E. RAMIREZ, JR.
JUDGE 332ND DISTRICT COURT

NOE GONZALEZ
JUDGE 370TH DISTRICT COURT



JOE E. LOPEZ
EXECUTIVE DIRECTOR

J.C. GOMEZ
DIRECTOR-BOOT CAMP

1000 NORTH "M" RD.
P.O. BOX 1109
EDINBURG, TEXAS 78540
PHONE (956) 380-3311
FAX (956) 380-3324

LETICIA LOPEZ
JUDGE 389TH DISTRICT COURT

AIDA SALINAS FLORES
JUDGE 398TH DISTRICT COURT

RODOLFO "RUDY" GONZALEZ
JUDGE COUNTY COURT AT LAW NO. 1

G. JAIME GARZA
JUDGE COUNTY COURT AT LAW NO. 2

HOMERO GARZA
JUDGE COUNTY COURT AT LAW NO. 3

FEDERICO "FRED" GARZA, JR.
JUDGE COUNTY COURT AT LAW NO. 4

*Fax) to 544-0831
(956)*

# F A X
## COVER SHEET

TO  *P.O. Rolando Trevino*

DATE  *08-08-07*

SUBJECT  *Release of Medical Info.*

We are transmitting *2* page(s) (including cover sheet). If you do not receive all the pages, please call *(956) 380 3324*
at (956) 380-3311.

COMMENTS: _____

_____

_____

_____

From the desk of...

Homer Salinas Rehab. Center
(Boot Camp)
1000 M. Rd./P.O. Box 1109
Edinburg, Texas 78539

The information contained in the accompanying transmission is or may be protected by grand juror other confidentiality statute, or by a work product privilege and is confidential. This transmission is intended only for use by the addressee or entity above named. If you are not the intended recipient, or the recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. No applicable privilege is waived or relinquished by the party sending the accompanying transmission.

If you have received this communication in error, please notify us immediately. Under certain facts, improper dissemination may be a criminal offense.

000016

## AUTHORIZATION FOR RELEASE OF INFORMATION

I hereby authorize  Edinburg Regional Medical Ctr.  to release to:

Name: Judge Homer Salinas Rehabilitation Center (Boot Camp)

Address: P.O. Box 1109, Edinburg  Tx. 78540 Fax # (956)380-3324

The following information from the hospital records of:

Patient name:  Noe Gonzalez                    Date of Birth:     05/04/1982

Treatment Date:   7/02/01-7/11/01          Medical Record/SSN:  313695

Information to be released:

____X Entire Chart                          __X__ Short Stay Form
____X Emergency Room                 __X__ History & Physical
____X Face sheet                              __X__ Discharge Summary
____X Operative Report                    __X__ Consultation
____X Physician's Order                    __x__ Physician's Notes
____x Lab                                           __X__ EKG
____X Radiology Report                     ____ Pathology Reports
____Other_____

There are no limitations placed on dates, history of illness or diagnostic and therapeutic information, including any treatment of alcohol/drug abuse, HIV-AIDS, or psychiatric treatment.  Please initial authentication /_____

The above information is release for the following purposes and that purpose only.  Medical review by Dr. Omar Garza.

I understand that I may revoke this authorization ant any time except to the extent that action has been taken in reliance on it and that in any event this authorization will expire 3 months from the date of my signature or otherwise specified by date, event or condition as follows.

I further authorize that a photocopy of this authorization form will be fully acceptable as an original.

Patient Signature:_____          Date:_____

Relationship to Patient:_____     Witness:_____

Prohibition of Rediscolsure: This information has been disclose to you from records whose confidentiality is protected by Federal Law 42 C.F.R, Part 2, You are prohibited from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by law. A general authorization for the release of medical or other information is not sufficient for this purpose.

000017

COMMUNITY SUPERVISION & CORRECTIONS DEPARTMENT
(BOOT CAMP)

EDWARD G. APARICIO
JUDGE 92ND DISTRICT COURT

RODOLFO "RUDY" DELGADO
JUDGE 93RD DISTRICT COURT

LETICIA HINOJOSA
JUDGE 139TH DISTRICT COURT

ROSE GUERRA REYNA
JUDGE 206TH DISTRICT COURT

JUAN R. PARTIDA
JUDGE 275TH DISTRICT COURT

MARIO E. RAMIREZ, JR.
JUDGE 332ND DISTRICT COURT

NOE GONZALEZ
JUDGE 370TH DISTRICT COURT

JOE E. LOPEZ
EXECUTIVE DIRECTOR

J.C. GOMEZ
DIRECTOR-BOOT CAMP

1000 NORTH "M" RD.
P.O. BOX 1109
EDINBURG, TEXAS 78540
PHONE (956) 380-3311
FAX (956) 380-3324

LETICIA LOPEZ
JUDGE 389TH DISTRICT COURT

AÍDA SALINAS FLORES
JUDGE 398TH DISTRICT COURT

RODOLFO "RUDY" GONZALEZ
JUDGE COUNTY COURT AT LAW NO. 1

G. JAIME GARZA
JUDGE COUNTY COURT AT LAW NO. 2

HOMERO GARZA
JUDGE COUNTY COURT AT LAW NO. 3

FEDERICO "FRED" GARZA, JR.
JUDGE COUNTY COURT AT LAW NO. 4

*OR Noe*

*Attn: Sara*

*Fax to 388-6017*

# FAX
## COVER SHEET

TO: *Release of Medical Info. Edinburg Regional Medical Center*

DATE: *14 Aug 2001*

SUBJECT: *Noe Gonzalez    Medical Record # 313695*

We are transmitting *2* pages(s) (including cover sheet). If you do not receive all the pages, please call *Frank Luevano*
at (956) 380-3311.

COMMENTS: _____

_____

_____

_____

From the desk of....

*Frank Luevano*

Homer Salinas Rehab. Center
(Boot Camp)
1000 M. Rd./P.O. Box 1109
Edinburg, Texas 78539

The information contained in the accompanying transmission is or may be protected by grand juror other confidentiality statute, or by a work product privilege and is confidential. This transmission is intended only for use by the addressee or entity above named. If you are not the intended recipient, or the recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. No applicable privilege is waived or relinquished by the party sending the accompanying transmission.

If you have received this communication in error, please notify us immediately. Under certain facts, improper dissemination may be a criminal offense.

000018



RECEIVED
AUG 2 0 2001
BOOT CAMP
HIDALGO COUNTY EDINBURG, TX.

# McALLEN MEDICAL CENTER
McALLEN, TEXAS 78503

PATIENT:    GONZALEZ, NOE                          MR#:   313695
PHYSICIAN:  Socrates Garrigos, M.D.                RM#:

PHYSICAL EXAMINATION:  General appearance, pleasant male, no
distress.  Vital signs, blood pressure 142/80, temperature 101.5,
pulse 88, respirations 22.  HEENT, atraumatic, pupils are PERRLA.
Neck, no JVD.  Lungs clear.  Heart, regular rate.  Abdomen, soft.
Extremities, distal peripheral pulses are good.  The right knee
has an area of fluctuance at the tip of the patella with purulent
discharge and tip of necrosis in the left anterior thigh.  There
is also an area of about 3 cm in diameter with erythema and
necrotic 2 mm center.  There is no pus or fluctuance in this
lesion.  Neurologically, unremarkable.

LABS:  White blood cell count 13.7, hemoglobin 14.4, platelet
359,000, 83.3% neutrophils.

HOSPITAL COURSE:  The patient was admitted to the services of
Dr.Socrates Garrigos, started on Claforan 1 gm IV q.8h. and
analgesia using Vicodin ES 2 p.o. q.6h. as well as Tylenol 500 mg.
He was placed on regular diet and with a surgical consultation.
Wound cultures were done and wet-to-dry dressing was done.
Surgery saw the patient and recommended debridement and irrigation
of the prepatellar abscess in the right knee.  Ortho consult saw
the patient, and the patient underwent wound debridement, incision
and drainage of the abscess, with irrigation of the prepatellar
abscess on the right knee.  This was done on 07/04/01.  Iodoform
packing of the prepatellar abscess in the right knee was also
done.  The left thigh wound revealed Staph aureus and the right
knee wound revealed MRSA.  The patient was started on Vancomycin 1
gm q.12h. continuing Zosyn which had been started.  By 07/06, ID
consult went ahead and discontinued Zosyn and continued the
patient on Vancomycin since MRSA was isolated from both wound
cultures.  The patient was taken back to the OR on 07/10/01 for a
wound debridement, irrigation, and closure, placing 1 small
Hemovac drain.  By 07/11 the patient was afebrile, doing well, no
new complaints, stable, and was dismissed home on Levaquin 500 mg
q.d. for 10 days, Vicodin p.r.n.  Follow up with Dr. Romero or Dr.
Jelinek in 2 weeks.  Follow with Dr. Schroeder 07/20.  Wound care
precautions given.

Socrates Garrigos, M.D.

TL422/SG   JOB: 16262
DD:  07/28/01
DT:  07/29/01

This information has been disclosed to
you from confidential medical records.
You are prohibited from making any
further disclosure without specific written
consent of the person to whom it pertains
or his legal representative.

DISCHARGE SUMMARY

2

000019

*ERMC*

## ~~McALLEN MEDICAL CENTER~~
### McALLEN, TEXAS 78503

**DISCHARGE SUMMARY**

---

PATIENT:    GONZALEZ, NOE                          MR#:    313695
PHYSICIAN:  Socrates Garrigos, M.D.                RM#:

---

ADMISSION DATE: 07/02/01

DISCHARGE DATE: 07/11/01

Dictated by:  Alfredo Lopez, CRNA

ADMITTING DIAGNOSIS:  Right lower extremity cellulitis, rule out abscess, rule out septic arthritis, possible brown recluse spider bite.

DISCHARGE DIAGNOSES.
1.  Toxic affects of venom.
2.  Cellulitis of the right leg.
3.  Lymphangitis.
4.  Venomous spider bite.

PROCEDURE:  Excision, debridement, irrigation, and closure of open wound, status post incision and drainage of prepatellar abscess of the right knee.

CONSULTANTS:
1.  Frank Schroeder MD
2.  Jesus Valdez MD

SUMMARY OF HISTORY AND PHYSICAL:  This is a 19-year-old who was brought in from boot camp to the emergency room with complaint of intense pain and swelling to the right knee area and right leg associated with fever.  This started 5 days ago after an insect bite to this area.  He had been working out and kneeling on the floor.  His guardian stated that there have been several incidents with brown recluse spiders at the boot camp.  The patient reportedly also mentions an insect bite or spider bite in the left anterior thigh.

PAST MEDICAL HISTORY:  Negative.

ALLERGIES:  Negative.

PAST SURGICAL HISTORY:  Negative.

FAMILY HISTORY: Noncontributory.

IMMUNIZATIONS:  Up to date.

SOCIAL HISTORY:  Does not smoke.  Occasionally drinks alcohol.

Continued.....

000020

EDINBURG REGIONAL MEDICAL CENTER
1102 W. TRENTON ROAD, P.O. BOX 2000
EDINBURG, TEXAS 78539
(956) 388-6000

PATIENT: GONZALEZ, NOE          AGE: 19     RM: 0208    MR#: 313695

DOCTOR: SOCRATES GARRIGOS, M.D.    ADM: 07/02/2001     AR#: 341731594

CONTINUATION.....Page 3


LABORATORY RADIOLOGICAL DATA.

Total white blood cell count 13,700, hemoglobin 14.4, and platelet
count 359,000, 83.8% neutrophils.

Blood cultures have been ordered in the Emergency Room and are pending
at this point.

ASSESSMENT:
1.    RIGHT LOWER EXTREMITY CELLULITIS.
2.    RULE OUT ABSCESS.
3.    RULE OUT SEPTIC ARTHRITIS WHICH I REALLY DOUBT GIVEN THE
      APPEARANCE OF THE KNEE.
4.    POSSIBILITY OF BROWN RECLUSE SPIDER BITE IS PRESENT.

PLAN:
1.    The patient will be treated accordingly with Claforan.
2.    We will obtain a surgical consultation for incision and drainage.

DATE POSTED:



_____
SOCRATES GARRIGOS, M.D.


SG/azg
D:  07/02/2001
T:  07/03/2001   JOB#: 14716

HISTORY AND PHYSICAL EXAMINATION

000021

EDINBURG REGIONAL MEDICAL CENTER
1102 W. TRENTON ROAD, P.O. BOX 2000
EDINBURG, TEXAS  78539
(956)  388-600,0

---

PATIENT: GONZALEZ, NOE        AGE: 19    RM: 0208    MR#: 313695

DOCTOR: SOCRATES GARRIGOS, M.D.    ADM: 07/02/2001    AR#: 341731594

---

CONTINUATION.....Page 2

PHYSICAL EXAMINATION:

GENERAL APPEARANCE:  The patient a very pleasant young man who appears to be in no acute distress but appears to be in pain. He is well developed, well nourished. He has an antalgic position to the right lower extremity. His mood, affect, and memory are intact.

VITAL SIGNS: Blood pressure: 143/80, temperature: 101.5, pulse: 88, respiration: 22.

HEAD, EYES, EARS, NOSE AND THROAT:  Atraumatic.  The pupils are equal, round and reactive to light and accommodation, normal conjunctivae, cornea, eyelids, and fundi.  The ear canals look normal. The membranes look normal. Nose: No bleeding or discharge, no congestion. The oropharynx looks normal.

NECK:  Shows no jugular venous distention, no bruits, no adenopathy.

CHEST:  The lungs are clear to auscultation and percussion.

HEART:  Reveals a regular rate and rhythm.  S1 and S2.  There is no gallop.

ABDOMEN:  Bowel sounds are present.  No hepatosplenomegaly.

EXTREMITIES:  Reveal good distal peripheral pulses. In the right knee area there is an area of fluctuance at the tip of the patella with purulent discharge and a tip of necrosis in the left anterior thigh. There is also an area of about 3 centimeters in diameter with erythema and necrotic 2 millimeter center. There is no pus or fluctuance in this lesion.

NEUROLOGICAL:  His speech is normal. CRANIAL NERVES: II through XII are intact.  REFLEXES: Normal.  STRENGTH:  Strength is symmetrical and normal.

This information has been disclosed to you from confidential medical records. You are prohibited from making any further disclosure without specific written consent of the person to whom it pertains or his legal representative.

CONTINUED.......HISTORY AND PHYSICAL

000022

EDINBURG REGIONAL MEDICAL CENTER
1102 W. TRENTON ROAD, P.O. BOX 2000
EDINBURG, TEXAS  78539
(956)  388-6000

PATIENT: GONZALEZ, NOE          AGE: 19    RM: 1206   MR#: 313695

DOCTOR: SOCRATES GARRIGOS, M.D.    ADM: 07/02/2001   AR#: 341731594

CHIEF COMPLAINT:    RIGHT KNEE PAIN.

HISTORY OF PRESENT ILLNESS:  The patient is a 19-year-old gentleman who
is brought from the Boot Camp to the Emergency Room at Edinburg
Regional Medical Center with a chief complaint of intense pain and
swelling of the right knee area and right leg area associated with
fever. The symptoms started about five days ago after he had an insect
bite to this area. He also states that he has been working out and
kneeling on the floor.

His guardian states that there have been several incidents with brown
recluses at the Boot Camp.  The patient reportedly also  mentions an
insect bite or spider bite in the left anterior thigh.

His parents have been contacted by Dr. Martinez from the Emergency Room
and they have given verbal permission to treat the patient.

PAST MEDICAL HISTORY:  Negative.

ALLERGIES:  HE DENIES ANY ALLERGIES.

PAST SURGICAL HISTORY:  Negative.

REVIEW OF SYSTEMS:
CONSTITUTIONAL SYMPTOMS:  Other than fever and chills, the review of
systems is basically unremarkable.  The patient denies nausea and
vomiting, diarrhea, headaches, visual problems,  or pain in any other
area other than the affected right lower extremity and left anterior
thigh.

FAMILY HISTORY:  Not contributory.

IMMUNIZATIONS:  Up to date as per the patient.

SOCIAL HISTORY:  He states that he doesn't smoke and he occasionally
drinks alcohol.

CONTINUED.......HISTORY AND PHYSICAL                    000023

**PHYSICAL EXAM: POSITIVE / NEGAT**   :Normal AB=Abnormal NE=Not Exam

Vital Signs: Temp _101.5_ P _88_ RR _<_ BP _143_ _80_ O2Sat _____ %

General Appearance: Normal___ Alert/Oriented x ___ Acute Distress ✓ Well Developed ✓ Nourished ✓

PSYCH: Normal___ Mood___ Affect___ Memory___

HEAD / FACE: Normal___ Atraumatic___

EYES: Normal___ PERRLA ✓ Conjunctivas___ Eyelid___ Cornea___ Fundi___

EARS: Normal___ Pinna___ Ear Canal___ TM___ R___ L___

NOSE: Normal___ Discharge___ Bleeding___ Congested___

OROPHARYNX: Normal___ Mouth___ Teeth___ Tongue___ Pharynx___ Tonsils___ Mucous___

NECK: Normal___ Supple___ Tender___ Thyromegaly___ Masses___ JVD___ Bruits___

BREAST: Normal___ Masses___ Tender___ Symmetric___ Nipple Discharge___

CHEST: Normal___ Tenderness___ Crepitus___ Paradoxical Movement___ Retractions___

LUNGS: Normal ✓ Clear ✓ Ventilation ✓ Symmetric___ Rales___ Wheezing___ Ronchi___

Stridor___ Percussion___ R___ L___

HEART: Normal___ Rate: Regular ✓ Irregular___ Murmurs___ Gallops___ PMI___

VASCULAR: Normal___ Carotid Bruits___ JVD___ Distal Pulses: Radial___ Femeral___ Pedal___

Abdominal Aorta___ Peripheral Edema___ Varicose Veins___

ABDOMEN: Normal___ Soft___ Distended___ Guarding___ Tender___ Rebound (−)___ Masses___

Hepatomegaly___ Splenomegaly___ Murphy (−)___ CVA's___ Bowel Sounds___ Hernias___

RECTAL: Normal___ Tone___ Fissures___ Hemorrhoids___ Masses___

GENITAL: Normal___ Penis___ Testis___ VAGINAL: Vulva___ Vagina___ Discharge___

_____ Bleeding___ Cervix___ Uterus___ Adnexa___ R___ L___

NEUROLOGICAL: Normal___ Speech___ CNII-XII___ DTR's___ Motor___ Sensory Function___

MUSCULOSKELETAL: Normal___ Neck___ Back___ Extremities___ Gait___

SKIN: Normal___ Color___ Dry___ Turgor___ Rash___ Hair___ Nails___ Lacerations___ Abrasions___ Contusions___

LYMPHATIC: Normal___ Nodes___ Cervical___ Axillary___ Inguinal___

| CBC | SMA7: | CARDIAC: | UA: | LFT: |
|---|---|---|---|---|
| WBC | Gluc | CPK | PH | SGPT |
| Hgb | Bun | CPKMB | Prot | SGOT |
| Hct | Cr | Troponin | Glucose | LDH |
| Plat | Na | BLOOD GAS: | Ketones | BILI |
| Neut | K | PH | WBC | Alkphos |
| Lym | Cl | PCO2 | RBC | Amylase |
| Band | CO2 | PC2 | Bac | Lipase |
| Other | | HCO2 | | INR |
| EKG: | | | | PT |
| XRAYS: | | | | PTT |

ER COURSE / PROCEDURES:

DX:

PLAN:

PHYSICIAN SIGNATURE _____   TIME OF DISCHARGE _____   DICTATION NO _____

000024

**Name:** ______________ **Time Seen:** 2045

**CHIEF COMPLAINT:** abcess / cellulitis / localize necrosis (Rt knee

**HPI:** (Symptom, Location, Onset, Severity, Quality, Associated Symptoms, Treatment Prior to Arrival)

THA HPA 19 y/o c/o [illegible]
[illegible]
[illegible] cellulitis /
abcess formation c focal necrosis
[illegible] of the (R) knee, two
5 days ago 2° due to insect bite ?

Fever 101.5° F

**REVIEW OF SYSTEMS** **POSITIVE / NEGATIVE**

**CONSTITUTIONAL**
Fever, Chills
Weight Loss / Gain
Malaise / GBW
Decreased Appetite

**HEAD**
Headache
Head Trauma

**EYES**
Vision Problems
Pain
Discharge

**EARS**
Decreased Hearing
Earache
Discharge

**NOSE**
Nasal Congestion
Post Nasal Drip
Runny Nose

**OROPHARYNX**
Toothache
Sore Throat
Voice Changes

**NECK**
Neck Pain
Swollen Glands

**RESPIRATORY**
Productive Cough
Nonproductive Cough
SOB
Wheezing
Pleuritic Chest Pain

**VASCULAR**
Claudication
Pedal Edema

**HEMOTOLOGICAL**
Easy Bruising
Excessive Bleeding
Enlarged Node

**CARDIOVASCULAR**
Chest Pain
Effort Related Dys
Palpitations
Orthopnea
PND

**GASTROINTESTINAL**
Abdominal Pain
Nausea / Vomiting
Diarrhea
Hematemesis
Melena
Constipation

**URINARY**
Flank Pain
Dysuria
Frequency
Hematuria

**GENITAL**
Testicular Pain
Penile Discharge
Vaginal Bleeding
Vaginal Discharge

**MUSCULOSKELETAL**
Neck Pain
Back Pain
Extremity Pain
Joint Swelling
Joint Tenderness

**NEUROLOGICAL**
Altered Mental Status
Syncope
Dizziness
Focal Weakness
Focal Numbness
Seizures

**ENDOCRINE**
Heat / Cold Tolerance
Polydipsia
Polyphagia

**BREAST**
Breast Lump / Pain
Nipple Discharge

**SKIN**
Rash
Lesion

**PSYCHIATRIC**
Mood Swings
Insomnia
Anxiety

**ALL SYSTEMS NORMAL EXCEPT AS NOTED.** **UNABLE TO OBTAIN DUE TO ALTERED MENTAL STATUS.**

**PAST MEDICAL HX:** Negative // A-Fib / AMI / Aneurysm / Angina / CAD / CHF / HTN / PTCA // Asthma / COPD / TB // Cirrhosis
Gall Stones / GI Bleed / PUD // Kidney Stones / UTI // DM / Hyperthyroidism / Hypothyroidism // CVA / Migraines / Seizures //
Arthritis / Gout // Glaucoma / Cataracts // Anemia // Depression // HIV // Psych. // Others ______________

**SURGICAL HX:** Negative / Abd / Colecy / Appe / Hernia / Hyst / BTL / C-Sect. / CABG / Cataracts / Cervical or Lumbar / Ortho / TUF
Other ______________

LMP: __________ EDC __________ G_____ P_____ A_____ B_____

**FAMILY HX:** Negative / CA / CAD / Depression / DM / HTN

**MEDICATIONS:** See Nurses' List **IMMUNIZATIONS:** ______________

**ALLERGIES:** NKA

**SOCIAL HX:** Lives with: __________ Smokes: __________ Drugs: __________ ETOH: __________

Occupation: __________ **Primary MD:** __________

This information has been disclosed to you from confidential medical records. You are prohibited from making any further disclosure without specific written consent of the person to whom it pertains or his legal representative.

**(OVER)**

000025

EDINBURG REGIONAL MEDICAL CENTER
1102 WEST TRENTON ROAD    P.O. BOX 2000
EDINBURG, TEXAS  78539
(956)  388-6000

---

PATIENT: GONZALEZ, NOE          AGE: 19    ROOM: 0208    MR#: 313695

DOCTOR: FRANK W. SCHROEDER, D.C.      ADM: 07/02/2001 AR#: 341731594

---

CONTINUATION.......Page 3

Having tolerated the procedure well, the patient was uneventfully reacted from general anesthesia and brought to Post Anesthesia Care Unit  in satisfactory condition.

CC:  MICHAEL JELINEK, M.D.
     SOCRATES GARRIGOS, M.D.

DATE POSTED: _____

_____
FRANK W. SCHROEDER, D.O.

FWS/se
D:  07/04/2001
T:  07/05/2001      JOB#: 15203

---

OPERATIVE REPORT

3

000026

EDINBURG REGIONAL MEDICAL CENTER
1102 WEST TRENTON ROAD    P.O. BOX 2000
EDINBURG, TEXAS  78539
(956) 388-6000

PATIENT: GONZALEZ, NOE        AGE: 19    ROOM: 0208    MR#: 313695

DOCTOR: FRANK W. SCHROEDER, D.O.    ADM: 07/02/2001 AR#: 341731594

CONTINUATION.......Page 2

into the knee joint or other areas, need for addressing other areas of
infection not determined by the patient's physical exam, pain, limited
motion, stiffness, weakness of limb.  They understand and wish to
proceed.  Informed consent was obtained.

PROCEDURE:  With the patient on the Operating Room in the supine
position on the Operating Room table, general anesthesia was
uneventfully administered.  Examination was first directed to the left
thigh.  There was a small pimple-like lesion approximately 2-3
millimeters in diameter obviously containing purulent material.  This
was expressed, approximately 3 cc of purulent was obtained.  The
surrounding wound was quite clean.  There was no evidence of cellulitis,
or extension of this wound area.  A dressing was placed to this area.

Next, attention was directed to the right lower extremity.  A
tourniquet was placed but not inflated about the upper right thigh and
the right lower extremity was then prepped and draped in a sterile
fashion.  The wound edge was sharply debrided with a knife.  A curet
was then used to debride the anterior of the abscessed cavity.
Approximately 10 cc of purulent material and nonviable tissue was
removed.

The abscessed cavity was then copiously irrigated.  There did not
appear to be any intra-articular extension of this.  The cultures and
gram stain were obtained.  Following this, the wound was packed with
Iodoform gauze.  Sterile dressing was applied.

CONTINUED.........OPERATIVE REPORT                    000027

2

EDINBURG REGIONAL MEDICAL CENTER
1102 WEST TRENTON ROAD    P.O. BOX 2000
EDINBURG, TEXAS    78539
(956)  388-600,0

PATIENT: GONZALEZ, NOE          AGE: 19     ROOM: 0208    MR#: 313695

DOCTOR: FRANK W. SCHROEDER, D.O.      ADM: 07'02.2001 AR#: 341731594

DATE OF SURGERY:            7/4/2001

PREOPERATIVE DIAGNOSIS.     1.  PREPATELLAR ABSCESS OF THE RIGHT KNEE
                           2.  ABSCESS LEFT THIGH

POSTOPERATIVE DIAGNOSIS:    1.  PREPATELLAR ABSCESS OF THE RIGHT KNEE
                           2.  ABSCESS LEFT THIGH

OPERATION:                 1.  DEBRIDEMENT, INCISION AND DRAINAGE OF
                           ABSCESS WITH IRRIGATION OF PREPATELLAR
                           ABSCESS RIGHT KNEE.
                           2.  DRAINAGE OF ABSCESS LEFT THIGH.

SURGEON:                   FRANK W. SCHROEDER, D.O.

ANESTHESIA:                GENERAL.

COMPLICATIONS:             NONE.

ESTIMATED BLOOD LOSS:      15 CC.

DRAINS:                    IODOFORM PACKING OF PREPATELLAR ABSCESS
                           RIGHT KNEE.

INDICATIONS:  This 19 year old male presented to the hospital several
days ago with a history of a fall onto his left knee about one week
ago.  His knee became progressively painful and obviously infected.

He was admitted to the hospital and placed on intravenous antibiotics.
Orthopedic evaluation determined that there was a prepatellar abscess
present.  The pus was expressed at the bedside to decompress this area
and surgery was scheduled for the next day as the patient had just had
a full dinner.  Also, in the morning of surgery it was brought to my
attention by the family that there was a small abscess involving the
left thigh.  Apparently this is the result of a spider bite the patient
had sustained some time before.

The proposed surgery, expected outcome and possible complications have
been discussed with the family and patient in detail.  They understand
the potential complications to include but not be limited to continued
infection, failure to resolve infection, worsening of the infection,
failure to cure infection, chronic pain, extension of the infection

CONTINUED.........OPERATIVE REPORT

000028

EDINBURG REGIONAL MEDICAL CENTER
1102 WEST TRENTON ROAD    P.O. BOX 2000
EDINBURG, TEXAS  78539
(956)  388-6000

PATIENT: GONZALEZ, NOE          AGE: 19     ROOM: 0208    MR#: 313695

DOCTOR: FRANK W. SCHROEDER, D.O.      ADM: 07/02/2001 AR#: 341731594

CONTINUATION. .... Page 2


Copious irrigation was carried out and the wound appeared to be clean
and free of any pus.  All portions of the wound were viable and
granulating.

The wound was then closed using a combination of simple and interrupted
and vertical mattress nylon sutures. The wound was closed over a small
Hemovac drain.  A sterile dressing was applied.

Having tolerated the procedure well, the patient was uneventfully
reacted from the general anesthesia  and brought to the Post Anesthesia
Care Unit in satisfactory condition.

CC:   SOCRATES GARRIGOS, M.D.

DATE POSTED:


FRANK W. SCHROEDER, D.O.


FWS/azg
D:  07/10/2001
T:  07/11/2001      JOB#: 17548

OPERATIVE REPORT

000029

EDINBURG REGIONAL MEDICAL CENTER
1102 WEST TRENTON ROAD    P.C. BOX 2000
EDINBURG, TEXAS   78539
(956)  388-6000

---

PATIENT: GONZALEZ, NOE          AGE: 19    ROOM: 0203    MR#: 313595

DOCTOR: FRANK W. SCHROEDER, D.C.      ADM: 07/02/2001 AR#: 341731594

---

DATE OF SURGERY:              07/10/2001

SURGEON:                      FRANK W. SCHROEDER, D.C

ANESTHESIA:                   GENERAL.

PREOPERATIVE DIAGNOSIS:       OPEN WOUND STATUS POST INCISION AND
                             DRAINAGE OF PREPATELLAR ABSCESS RIGHT KNEE.

POSTOPERATIVE DIAGNOSIS:      OPEN WOUND STATUS POST INCISION AND
                             DRAINAGE OF PREPATELLAR ABSCESS RIGHT KNEE.

OPERATION:                    WOUND DEBRIDEMENT.
                             IRRIGATION AND CLOSURE.

COMPLICATIONS:                NONE.

DRAINS:                       ONE SMALL HEMOVAC.

FLUIDS:                       600 CC CRYSTALLOIDS.

ESTIMATED BLOOD LOSS:         5 CC.

HISTORY:  This 19 year-old male was brought to the Operating Room
approximately six days ago for debridement and drainage of a
prepatellar abscess of the right knee.  The patient has been on
intravenous antibiotics and has responded very well.  It is felt that
the wound is in satisfactory condition for closure at this point.

The proposed surgery, expected outcome, and possible complications
including but not limited to infection, bleeding, blood vessel or nerve
injury, recurrence of the infection, need to reopen the wound,
dehiscence of the wound, need to maintain the leg in a protected
position to allow the wound to heal, have been discussed with the
patient and his mother and they understood.  An informed consent was
obtained.

PROCEDURE:  With the patient in the supine position on the Operating
Room table, general anesthesia  was uneventfully administered.  No
tourniquet was utilized.  The wound was debrided in its interior with a
curet.  The wound edges were sharply incised with a knife.

This information has been disclosed to
you from confidential medical records.
You are prohibited from making any
further disclosure without specific written
consent of the person to whom it pertains
or his legal representative.

CONTINUED.........OPERATIVE REPORT

000030

RADIOLOGY REPORT                        = 208

GONZALEZ, NOE                    DOB: 05/04/82 AGE:  19    ROOM: 12
PO BOX 1109                  , EDINBURG, TX  78540         956-380-3311
EXAM PERFORMED/QC BY: DELUNA, MICHELLE                      F/C  F
XR#: 000313695 EXAM DATE: 07/02/01  SEQ#:  117  SSN: 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 VT: ER

    XR KNEE 3V RT                   73562


PX R KNEE
================================================================================

CLINICAL HISTORY:   RIGHT KNEE PAIN.

RIGHT KNEE 3 VIEWS

There  is soft tissue swelling.   An  MRI may be considered to exclude
any internal derangement.  There is no fracture or dislocation.

**IMPRESSION:    SOFT TISSUE SWELLING.**


SID/AA
V:  07/02/01  18:16
D:  07/03/01  09:36            READ BY A. S SIDHARTHAN, M.D.
T:  07/03/01  09:36         RELEASED BY A. S SIDHARTHAN, M.D.
================================================================================
 EDINBURG REGIONAL MEDICAL CENTER  |  GONZALEZ, NOE                 ER
          EDINBURG, TEXAS          |  ACCT#:  0341731594
                                   |  XRAY#:  000313695  05/04/82 M/19
     DEPARTMENT OF IMAGING         |  NICHOLAS METCALF, M.D.
 RADIOLOGY - NUCLEAR MEDICINE      |
  ULTRASOUND - C.T. - M.R.I.       |
                        Page  1 of  1

***CHART COPY***

000031

EDINBURG REGIONAL MEDICAL CENTER
1102 W. Trenton, Edinburg, TX 78539
(956) 388-6710    CLIA ID# 4SD0503580

C U M U L A T I V E   L A B O R A T O R Y   R E P O R T

| | | | | | GONZALEZ,NOE |
|---|---|---|---|---|---|
Collection Date>|SA 07/07/2001 |MO 07/02/2001 | | | ID#: 341731594

Time> 00:05  2FL | 18:30  2FL |                               Report:1   Page: 1

Lab Acn# 5651 |Lab Acn# 4251  Lab Acn#     Lab Acn#      Lab Acn#          ====Reference Ranges=====

Collection Cmt. Coll. by RDA ,Coll. by RB                                    [        -        ]
Comment -> aa                                                                [        -        ]
Comment   aa COLLECTED BY NURSE

C H E M I S T R Y

| | | | | | | |
|---|---|---|---|---|---|---|
| Vanco.-Trough | H E M A T O L O G Y | | | | ug/mL | [  5.0  -  10.0 ] |
| | | | | | | [        -        ] |
| CBC | :CBC | | | | | |
| WBC | 13.7  HI | | | | x 10 3 | [  4.3  -  11.0 ] |
| RBC | 4.63 | | | | x 10 6 | [  4.60  -  6.20 ] |
| Hemoglobin | 14.4 | | | | g/dl | [  14.0  -  18.0 ] |
| Hematocrit | 43.2 | | | | % | [  40.0  -  54.0 ] |
| MCV | 93.3 | | | | fl | [  80.0  -  94.0 ] |
| MCH | 31.2 | | | | pg | [  26.0  -  33.0 ] |
| MCHC | 33.4 | | | | g/dl | [  31.0  -  36.0 ] |
| RDW - % | 12.4 | | | | % | [  10.0  -  20.0 ] |
| MPV | 8.4 | | | | fl | [  0.0  -  11.0 ] |
| Platelet Count | 359 | | | | x 10 3 | [  150  -  375  ] |
| AUTO DIFF | !AUTO DIFF | | | | | [        -        ] |
| Neutrophils % | 83.8  HI | | | | % | [  53.2  -  78.4 ] * |
| Lymphocytes % | 8.0  LO | | | | % | [  17.0  -  39.5 ] |
| Monocyte % | 6.7 | | | | % | [  0.0  -  14.0 ] |
| Eosinophil % | 1.0 | | | | % | [  0.0  -  6.0 ] |
| Basophil % | 0.5 | | | | % | [  0.0  -  2.0 ] |
| Neutrophils # | 11.5  HI | | | | x 10 3 | [  2.0  -  7.0 ] |
| Lymphocytes # | 1.1  LO | | | | x 10 3 | [  1.3  -  4.4 ] |
| Monocytes # | 0.9 | | | | x 10 3 | [  0.0  -  1.4 ] |
| Eosinophils # | 0.1 | | | | x 10 3 | [  0.0  -  0.5 ] |
| Basophils # | 0.1 | | | | x 10 3 | [  0.0  -  0.2 ] |

Patient: GONZALEZ,NOE              Loc: 2FL  Room:  208S      Doctor : GARRIGOS, SOCRATES A
Hosp. #: 341731594                 Sex: M   Age:  19          Printed: 07/07/2001 @ 19:06
SSN     000313695                  DOB: 5 -4 -1982             Report: 1   Page: 1

000032

EDINBURG REGIONAL MEDICAL CENTER
1102 W Trenton, Edinburg, TX 78539
(956) 388-6710    CLIA ID# 4SDG503580

C U M U L A T I V E   L A B O R A T O R Y   R E P O R T

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••• GONZALEZ,NOE

Collection Dates>|WE 07/11/2001 |SA 07/07/2001 |MO 07/02/2001 |          | ID#: 341731594
         Times>| 17 45  | 02:05   2FL | 18:30  2FL |                      | Report:1    Page: 1
                |Lab Acn# D482 |Lab Acn# 5651 |Lab Acn# 4251 |Lab Acn#   |Lab Acn#
--------------- ••Most Recent•----------------------------------------------------------Reference Ranges--------
Collection Cnt.              |Coll. by RDA   Coll. by RB                                    |            :          |
                                            Comment -> aa                                  :            :          |
          Comment   aa COLLECTED BY NURSE
              C H E M I S T R Y
Discharged    Comment -> aa|                                                            :          ]
          Comment   aa "See Addendum Single Reports for Pending
                         Test Results"
Vanco.-Trough                      5.9                                    | ug/mL  |  5.0  -  10.0 |
              H E M A T O L O G Y
CBC                        |          |CBC                                |          :          |
  WBC                      |          | 13.7   HI |                        | x 10 3 |  4.3  -  11.0 |
  RBC                      |          |  4.63    |                  ⚌      | x 10 6 |  4.60 -   6.20 |
  Hemoglobin               |          | 14 4     |                        | g,dl   | 14.0  -  18.0 |
  Hematocrit               |          | 43.2     |                        | %      | 40.0  -  54.0 |
  MCV                      |          | 93 3     |                        | fl     | 80.0  -  94.0 |
  MCH                      |          | 31.2     |                        | pg     | 26.0  -  33.0 |
  MCHC                     |          | 33.4     |                        | g,dl   | 31.0  -  36.0 |
  RDW - %                  |          | 12.4     |                        | %      | 10.0  -  20.0 |
  MPV                      |          |  8 4     |                        | fl     |  0.0  -  11.0 %
  Platelet Count           |          | 159      |                        | x 10 3 | 150   -  375  |
  AUTO DIFF                |          |.AUTO DIFF                         | [                    |
  Neutrophils %            |          | 83.8   HI |                        | %      | 53.2  -  78.4 |
  Lymphocytes %            |          |  8.0   LO |                        | %      | 17.0  -  39.5 |
  Monocyte %               |          |  6.7     |                        | %      |  0.0  -  14.0 |
  Eosinophil %             |          |  1.0     |                        | %      |  0.0  -   6.0 %
  Basophil %               |          |  0.5     |                        | %      |  0.0  -   2.0 |
  Neutrophils #            |          | 11.5   HI |                        | x 10 3 |  2.0  -   7.0 |
  Lymphocytes #            |          |  1.1   LO |                        | x 10 3 |  1.3  -   4.4 |
  Monocytes #              |          |  0.9     |                        | x 10 3 |  0.0  -   1.4 |
  Eosinophils #            |          |  0.1     |                        | x 10 3 |  0.0  -   0.5 |
  Basophils #              |          |  0.1     |                        | x 10 3 |  0.0  -   0.2 |



***** DISCHARGED SUMMARY REPORT *****

Patient: GONZALEZ,NOE            Loc: DIS  Room:  208S        Doctor :  GARRIGOS, SOCRATES A
Hosp. #: 341731594               Sex: M    Age:  19           Printed:  07/11/2001 @ 19:38
SSN    000313695                 DOB: 5 -4 -1982              Report: 1   Page: 1

# Edinburg Regional Medical Center

UHS  A Universal Health Services, Inc. Facility

1102 West Trenton Road
Edinburg, TX 78539
(956) 388-6000

MED. REC. NO.
313696

| PT. NO. 341731594 | PATIENT NAME GONZALEZ   NOE | | | | | | |
| ADDRESS PO BOX 1109 | | | | | | | COUNTY 108 |
| EDINBURG | STATE TX | ZIP 78540- | PHONE 956-380-3311 | EXT | SOCIAL SECURITY NO. 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 | | |
| AGE 19 | DOB 05/04/1983 | SEX M | RACE | WS | PREVIOUS NAME | RELIGION | TNS NUMBER 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  PT  C208 S |
| ADM DATE 07/02/01 | TIME 81:00 | SER 50 | TYPE 3 | SVR E | ACCIDENT INFO | VOLUNTARY ACM | ORGAN DNR  ISOL  INFANT AGE |
| EMPLOYER INMATE | | | | TELEPHONE | EXT | OCCUPATION INMATE | |
| EMPLOYER ADDRESS | | | | | | | |
| | | STATE | ZIP | | | RETIREMENT DATE | |
| NEAREST RELATIVE NAME | | | | | | | |
| PLTN  ADDRESS | | | | | | | |
| | | STATE | ZIP | PHONE | - | EXT | |
| EMERGENCY CONTACT NAME | | | | | | | |
| PLTN  ADDRESS | | | | | | | |
| | | STATE | ZIP | PHONE | | EXT | |
| INSURANCE NAME 3 | | | CODE POLICY # | | GROUP # | SUBSCRIBER | REL / AUTH # |

| GUARANTOR NAME GONZALEZ   NOE | | | | | SEX S | SOCIAL SECURITY NUMBER 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 | |
| ADDRESS PO BOX 1109 | | | | | | PHONE 956-380-3311 | |
| EDINBURG | | STATE TX | ZIP 78540- | OCCUPATION INMATE | | EXT | |
| GUARANTOR EMPLOYER INMATE | | | | PHONE | - | EXT | |
| ADDRESS | | | | | | | |
| | | STATE | ZIP | | | | PC F |
| INSURANCE NAME PRIVATE PAY | | CODE POLICY # 611 | | GROUP # | SUBSCRIBER GONZALEZ | REL / AUTH # |
| INSURANCE NAME 2 | | CODE POLICY # | | GROUP # | SUBSCRIBER | REL / AUTH # |

| ATTENDING PHYSICIAN GARIGOS  SOCRATES | | ATTENDING # 00969 | REF # 00000 | ADM # | GUERRO | PREV ADM DATE | PREVIOUS FACILITY |
| ADM DIAGNOSIS LACERATIS RT KNEE | | MED SVC MM | | ALLERGIES NKA | | | SURGERY DATE |
| ADMITTING PHYSICIAN GARIGOS  SOCRATES | | ADMITTING # 00969 | AUTHORIZED BY | | | | |
| PROCEDURE | | CLINICAL COMMENT | | | MODE OF ARRIVAL/ACCOMPANIED BY ESCORTED BY OFFICER | | |
| REL OF INFO  ADV DIR (LIVING WILL)  LOCATION OF WILL DIRECTIVE | | | | | FAMILY DOCTOR | | |

## FINAL DIAGNOSES  (FIRST DIAGNOSIS PRINCIPAL UNLESS NOTED)    CODE

---
---
---
---
---
---
---

## PROCEDURES

This information has been disclosed to you from confidential medical records. You are prohibited from making any further disclosure without specific written consent of the person to whom it pertains or his legal representative.

---
---
---
---

## CONSULTING PHYSICIANS

DRG _____

LOS _____

| TRANS TO | ACUTE | SNF | REHAB | HOSPICE | HOME HEALTH | HOME IV | AGAINST MED ADV | HOME |
| DISCHARGE DATE  TIME | OTHER | | | | | | | |

| EXPIRED  TIME | <48HRS | >48HRS | CORONER | AUTOPSY  YES | NO |

ATTENDING PHYSICIAN SIGNATURE & DATE

RxLASER. INC. C2330-20051 (714) 986-1559 (3/99)    **CHART COPY - DO NOT REMOVE FROM CHART**    000034

ATTORNEY AT LAW
5350 S. STAPLES · SUITE 209
CORPUS CHRISTI, TEXAS 78411
TELEPHONE (361) 992-8999 · FACSIMILE (361) 992-8373
E-MAIL ADDRESS: amoss@amlawyers.com

November 29, 2001

CM RRR: # 7000 0520 0024 6733 2111

ATTN: Boot Camp Program Coordinator
Judge Homero Salinas Rehabilitation Center
1000M RD
P.O. Box 1109
Edinburg, Texas 78540

RE:    Our Client:    Noe Gonzalez
       D/B:           May 4, 1982
       SS#:           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
       D/A:           end of June or by July 2, 2001

Dear Sir:

The undersigned attorney represents Noe Gonzalez in a claim for personal injuries resulting from a spider bite that occurred on your premises while Mr. Gonzalez was serving as a cadet at your facility.

As you are aware, Mr. Gonzalez received two bites by brown recluse spiders and did not receive proper medical attention for at least five days after the incident. As a result of the incident, Mr. Gonzalez suffered toxic venom effects resulting in cellulitis and permanent disabling injuries.

I am sending this letter as part of my investigation of the occurrence which resulted in severe injury to Mr. Gonzalez. In furtherance of my investigation, I am requesting that you forward copies of all records in your possession concerning Mr. Gonzalez, including but not limited to his detention at your facility, his medical records and all documents involving Mr. Gonzalez' spider bite incident.

Enclosed is an authorization allowing you to furnish the requested information to me. If there are any costs incurred in this request, please bill me.

My client has requested that you do not contact him directly but that should you have any questions or comments, you should not hesitate to call me.

This letter is also meant to serve as a Notice of Claim pursuant to §101.101 of Ch. 101, Texas Civil Practices & Remedies Code.

Thank you for your anticipated cooperation and attention in this matter.

Very truly yours,

Abraham Moss

AM/lb

000035

```
PT NO:    341731594   GONZ  EZ ,NOE          MR NO:  3695       ACCT TYPE: A
REG: 07/02/01  DSCH: 07/11,     FC: A  PT: E  EXP IND.    ACCT BAL:    26827.25
-------------------------------------------------------------------  PAGE NO:  32
    ACCT BAL         978  V                                              PT BAL
    26827.25      26827.25                                                 .00
  SVC    POST    SVC CD   DESCRIPTION/COMMENT-REF DATE     AMOUNT  B   BALANCE
 081601 081601              ON RM DIFF.
 081601 081601             BALX RENDOE BALANCE TRANSFER
 081601 081601 88810254   PT/INS TRANSFER                -2700.00 ;  24478.25
 081601 081601 83871074   GUARANTEED SERVICE DISCOUNT     -351.00     24127.25
 081601 081601 88810254   PT/INS TRANSFER                 2700.00     26827.25
-----------------------------------------------------------------------------
  ! (PF14) RETURN TO COLL WKST      !(PF3) SELECT DTL
  ! (PF15) RETURN TO PT OVERVIEW    !(PF10) ACCT CMNTS      PF16  D/E ____
  ! (PF6) PREVIOUS                  ! (PF8) BEGINNING
 PA4XRSD1
```

APPROVED OMB NO. 0938-0023

| EDINBURG REGIONAL MED CTR | | 3 PATIENT CONTROL NO | P | 4 TYPE OF BILL |
|---|---|---|---|---|
| 1102 W. TRENTON RD. | | 341731594 | | 111 |
| EDINBURG      TX 78539 | 5 FED TAX NO  B | 6 STATEMENT COVERS PERIOD FROM      THROUGH | 7 COV D. | 8 N-C D. | 9 C-ID | 10 L-R D | |
| 3003861747 9563832430 | | 233069260 070201 071101 .009 | | | | | |

| 12 PATIENT NAME | | 13 PATIENT ADDRESS | | | |
|---|---|---|---|---|---|
| GONZALEZ, NOE | | PO BOX 1109 | EDINBURG | TX 78540 | |

| 14 BIRTHDATE | 15 SEX | 16 MS | 17-18 ADMISSION DATE HR TYPE SRC | 20 | 21 22 23 MEDICAL RECORD NO | 24 | 25 | CONDITION CODES 26 27 28 29 30 |
|---|---|---|---|---|---|---|---|---|
| 06041982 | M | S | 070201 21 C | | 17 01 313695 | | | C5 |

| 31 OCCURRENCE CODE DATE | 33 OCCURRENCE CODE DATE | 34 OCCURRENCE CODE DATE | 35 OCCURRENCE CODE DATE | 36 OCCURRENCE SPAN CODE FROM  THROUGH | A |
|---|---|---|---|---|---|
| | | | | | B |
| | | | | | C |

| 38 | | | 39 VALUE CODES CODE AMOUNT | 40 VALUE CODES CODE AMOUNT | 41 VALUE CODES CODE AMOUNT |
|---|---|---|---|---|---|
| NOE GONZALEZ | | | a 01    574.00 | | a |
| PO BOX 1109 | | | b | | b |
| EDINBURG TX 78540 | | | c | | c |
| | | | d | | d |

| 42 REV. CD | 43 DESCRIPTION | 44 HCPCS/RATES | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES | 49 |
|---|---|---|---|---|---|---|---|
| 1 | 110 | ROOM-BOARD/PVT | 913.00 | | 9 | 8217.00 | | 1 |
| 2 | 250 | PHARMACY | | | 74 | 3033.75 | | 2 |
| 3 | 258 | IV SOLUTIONS | | | 39 | 1216.50 | | 3 |
| 4 | 260 | IV THERAPY | | | 27 | 1507.75 | | 4 |
| 5 | 270 | MED-SUR SUPPLIES | | | 6 | 230.00 | | 5 |
| 6 | 271 | NON-STER SUPPLY | | | 6 | 158.00 | | 6 |
| 7 | 272 | STERILE SUPPLY | | | 23 | 949.00 | | 7 |
| 8 | 301 | LAB/CHEMISTRY | | | 17 | 93.75 | | 8 |
| 9 | 305 | LAB/HEMATOLOGY | | | 6 | 66.50 | | 9 |
| 10 | 306 | LAB/BACT-MICRO | | | 5 | 510.50 | | 10 |
| 11 | 320 | DX X-RAY | | | 4 | 157.00 | | 11 |
| 12 | 360 | OR SERVICES | | | 5 | 3072.00 | | 12 |
| 13 | 372 | ANESTHE/INCIDENT OTHER D | | | 5 | 1393.00 | | 13 |
| 14 | 420 | PHYSICAL THERP | | | 2 | 146.00 | | 14 |
| 15 | 424 | PHYS THERP/EVAL | | | 2 | 438.00 | | 15 |
| 16 | 450 | EMERG ROOM | | | 3 | 773.00 | | 16 |
| 17 | 636 | DRUG/DETAIL CODE | | | | 4020.50 | | 17 |
| 18 | 710 | RECOVERY ROOM | | | 2 | 1102.00 | | 18 |
| 19 | 001 | TOTAL CHARGES | | | | 27139.25 | | 19 |



| 50 PAYER | 51 PROVIDER NO. | 52 REL INFO | 53 ASG BEN | 54 PRIOR PAYMENTS | 55 EST. AMOUNT DUE | 56 |
|---|---|---|---|---|---|---|
| A HOMER SALINAS B | | Y | Y | | | A |
| B | | | | | | B |
| C | | | | | | C |

| 57 | | DUE FROM PATIENT > | 3051.00 | |
|---|---|---|---|---|

| 58 INSURED'S NAME | 59 P. REL | 60 CERT. -SSN-HIC-ID NO | 61 GROUP NAME | 62 INSURANCE GROUP NO. |
|---|---|---|---|---|
| A GONZALEZ, NOE | 01 | 462733452 | INMATE | A |
| B | | | | B |
| C | | | | C |

| 63 TREATMENT AUTHORIZATION CODES | 64 ESC | 65 EMPLOYER NAME | 66 EMPLOYER LOCATION | |
|---|---|---|---|---|
| A | 3 | INMATE | | A |
| B | | | | B |
| C | | | | C |

| 67 PRIN. DIAG. CD | 68 CODE | 69 CODE | 70 CODE | 71 CODE | 72 CODE | 73 CODE | 74 CODE | 75 CODE | 76 ADM. DIAG. CD | 77 E-CODE | 78 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9895 | 6826 | 4572 | | | | | | | 6826 | | |

| 79 P.C. | 80 | PRINCIPAL PROCEDURE CODE DATE | 81 | OTHER PROCEDURE CODE DATE | | OTHER PROCEDURE CODE DATE | 82 ATTENDING PHYS. ID | | |
|---|---|---|---|---|---|---|---|---|---|
| 9 | | 8622 070401 | 8622 | 071001 | 8604 | 071001 | TXBK1821 GARRIGOS SOCRATES | a | a |
| | | OTHER PROCEDURE CODE DATE | | OTHER PROCEDURE CODE DATE | | OTHER PROCEDURE CODE DATE | 83 OTHER PHYS. ID | | |
| | | 8659 071001 | | | | | TXBK4234 SCHROEDER FRANK | b | b |
| 84 REMARKS | HOMER SALINAS BOOTCA | | | | | | OTHER PHYS. ID | b | b |
| | PO BOX 1109 | | | | | | 85 PROVIDER REPRESENTATIVE | | 86 DATE |
| | EDINBURG    TX 78540 | | | | | | X Adam Mendrasa | | 07/15/01 |

I CERTIFY THE CERTIFICATIONS ON THE REVERSE APPLY TO THIS BILL AND ARE MADE A PART HEREOF

UB-92 HCFA-1450
LASER GENERATED FORM

OCR/ORIGINAL

000037

110 ? TRENTON RD
EDIN 1G, TX                        78539
!9AUD 07/16/01          800 346-1747      MON
INP.    A/R             FEI # 23-3069260

E
NZALEZ ,NOE              341731574 M 19  07/02/01 07/11/01   9
GUAR PH  (956)380-3311

NOE GONZALEZ                   1 HIDALGO COUNTY BO        462733452
PO BOX 1109
EDINBURG TX 78540

GARRIGOS SOCRATES

ETAIL OF CURRENT CHARGES, PAYMENTS AND ADJUSTMENTS

| | | | |
|---|---|---|---|
| /02 74020069 001 | | 2.25 | 2.25 |
| UPROFEN 600MG | TAB 250 | | |
| /02 74029067 002 | | 3.00 | 3.00 |
| ETAMINOPHEN 500MG | TAB 250 | | |
| /02 74030255 001 | | 1.50 | 1.50 |
| DROCOD/APAP/7.5/750MG T3 250 | | | |
| /02 74030255 002 | | 3.00 | 3.00 |
| DRUCOD/APAP7.57750MG T3 250 | | --- | |
| /02 74042854 001 | | 99.50 | 99.50 |
| TAXIME 1GM VIAL | 636 | | |
| /02 74055674 001 | | 13.25 | 13.25 |
| D.CHLOR 0.9% 10ML VIAL | 636 | | |
| /02 74103052 001 | | 60.00 | 60.00 |
| RMAL SALINE 250ML | 258 | | |
| /02 71300198 001 | | 95.00 | 95.00 |
| OOD CULTURE | 1 306 | | |
| /02 71300198 001 | | 95.00 | 95.00 |
| OOD CULTURE | 1 306 | | |
| /02 71300644 001 | | 32.75 | 32.75 |
| AM STAIN SMEAR | 1 306 | | |
| /02 71300644 001 | | 32.75 | 32.75 |
| AM STAIN SMEAR | 1 306 | | |
| /02 71300859 001 | | 55.50 | 55.50 |
| NSTIVITY/ORGANISM ROUT1 306 | | | |
| /02 71302004 001 | | 38.75 | 38.75 |
| CTERIAL ID | 306 | | |
| /02 71302004 001 | | 38.75 | 38.75 |
| CTERIAL ID | 306 | | |
| /02 71304331 001 | | 29.75 | 29.75 |
| UND CULTURE | 306 | | |
| /02 71304331 001 | | 29.75 | 29.75 |
| UND CULTURE | 306 | | |
| /02 71500136 001 | | 66.50 | 66.50 |
| C COMPLETE BLOOD | 1 305 | | |

000038

```
                        EDIN.  G, TX                        76539
 18AUD 07/16/01        800 366-1747    MON
 INP.   A/R            FEI #  23-3069250

   E                                                                    
 NZALEZ ,NOE              341731594 M 19   07/02/01 07/11/01    9
   GUAR PH  (956)380-3311


       NOE GONZALEZ                      1 HIDALGO COUNTY 80      462733452
       PO BOX 1109
       EDINBURG TX 76540

                                   GARRIGOS SOCRATES



/02 53219101 001            157.00    157.00           =
 KNEE 3V RT           320
/02 43021401 002            180.00    180.00
NJECTION OF ANTIBIOTIC    450
/02 43022557 001            593.00    593.00
VEL 5 ED W/ PROCEDURES    450
/02 61200010 001            913.00    574.00                  339.00
CM   0208
/03 74030073 001              9.75      9.75
NITIDINE 150MG GEL CAP    250
  3 74030255 002              3.00      3.00
LOCOD/APAP/7.5/750MG TB   250
/03 74030255 001              1.50      1.50
DROCOD/APAP/7.5/750MG TB  250
/03 74030255 001              1.50      1.50
DROCOD/APAP/7.5/750MG TB  250
/03 74030255 001              1.50      1.50
DROCOD/APAP/7.5/750MG TB  250
/03 74042854 001             98.50     98.50
FOTAXIME 1GM VIAL         636
/03 74042854 001             98.50     98.50
FOTAXIME 1GM VIAL         636
/03 74047580 004             86.00     86.00
NTAMICIN 80MG INJ         636
/03 74055674 001             13.25     13.25
D CHLOR 0.9% 10ML VIAL    636
/03 74059684 001            126.50    126.50
PERACIL/TAZABACT 4.5GM    250
/03 74059684 001            126.50    126.50
PERACIL/TAZABACT 4.5GM    250
/03 74102716 001             86.25     86.25
CL IRRG POUR BTL 1000ML   258
/03 74113028 001             72.00     72.00
RMAL SALINE 50ML PF       258
```

000039

```
                        110   / TRENTON RD
                        EDIN  RG, TX                    78539
ISAUD 07/16/01          800  568-1747    MON
INP.   A/R              FEI # 23-3069260

 .    E              .-.
   NZALEZ ,NOE            . 341731594 M 19   07/02/01 07/11/01    9
     GUAR PH. (956)380-3311


        NOE GONZALEZ                        1 HIDALGO COUNTY BC      162733432
        PO BOX 1109
        EDINBURG TX 78540

                                            GARRIGOS SOCRATES
```

```
'/03 74113029 001             72.00    72.00
IRMAL SALINE 50ML PF     258
'/03 74113044 002            129.50   129.50
IRMAL SALINE 100ML PF    260
'/03 74102690 001             86.25    86.25
HCL IRRG FOUR BTL 500ML  260
'/03 61200010 001            913.00   574.00              339  00
JOM  0208
'/04 74000985 001              6.50     6.50
JD CIT/CIT ACID SF 1OZ   250
 '4 74012550 001               1.50     1.50
JUSATE SODIUM 100MG CAP  250
'/04 74029612 001              2.25     2.25
'DROCODONE/APAP    TAB   250
'/04 74029612 001              2.25     2.25
'DROCODONE/APAP    TAB   250
'/04 74029612 001              2.25     2.25
'DROCODONE/APAP    TAB   250
'/04 74029612 001              2.25     2.25
'DROCODONE/APAP    TAB   250
'/04 74030073 001              9.75     9.75
NITIDINE 150MG GEL CAP   250
'/04 74051871 001             16.50    16.50
RPHINE SULF 10MG INJ     636
'/04 74051871 001             16.50    16.50
RPHINE SULF 10MG INJ     636
'/04 74058785 001             27.50    27.50
DAZOLAM HCL 1MG/ML 2 ML  250
'/04 74059684 001            126.50   126.50
PERACIL/TAZABACT 4.5GM   250
'/04 74059684 001            126.50   126.50
PERACIL/TAZABACT 4.5GM   250
'/04 74059684 001            126.50   126.50
PERACIL/TAZABACT 4.5GM   250
```

```
                    EDIN.  'G, TX              78539
ISAUD 07/16/01      800 366-1747    MON
INP.    A/R         FEI # 23-3069260

 A   E          .               341731594 M 19  07/02/01 07/11/01   9
  NZALEZ ,NOE
    GUAR PH. (956)380-3311


      NOE GONZALEZ                    1 HIDALGO COUNTY 30      462733452
      PO BOX 1109
      EDINBURG TX 78540

                                      GARRIGOS SOCRATES
```

```
'/04 74059684 001            126.50   126.50
PERACIL/TAZABACT 4.5GM   250
'/04 74059684 001            126.50   126.50
PERACIL/TAZABACT 4.5GM   250
'/04 74078056 001              6.50     6.50
DROGEN PEROXIDE   4 OZ   250
'/04 74113044 001             64.75    64.75
RMAL SALINE 100ML PF     260
'/04 74113044 001             64.75    64.75
RMAL SALINE 100ML PF     260
'/04 74113044 001             64.75    64.75
 AL SALINE 100ML PF      260
'/04 74113044 001             64.75    64.75
RMAL SALINE 100ML PF     260
'/04 74113044 001             64.75    64.75
RMAL SALINE 100ML PF     260
'/04 74113044 001             64.75    64.75
RMAL SALINE 100ML PF     260
'/04 74102872 001             92.50    92.50
CTATED RINGERS 1000ML    260
'/04 70500095 001             22.00    22.00
NDAGE ACE 4"             271
'/04 70500145 001              5.00     5.00
APTIC GAUZE 3 X 3        272
'/04 70501473 002              2.00     2.00
D COMBINE 7 1/2 X 8      272
'/04 70503354 001              8.00     8.00
NDAGE KERLIX ROLL        272
'/04 70503354 001              8.00     8.00
NDAGE KERLIX ROLL        272
'/04 70503545 001             14.00    14.00
NER SUCTION LINER 3000   272
'/04 70504766 001             47.00    47.00
EET EXTREMITY     DISP   272
```

EDI       , TX
IBAUD 07/16/01          800 500-1747      MON
INP.    A/R            FEI # 23-3057260

A     E
GONZALEZ ,NOE               341731594 M 19  07/02/01 07/11/01   9
    GUAR PH: (956)380-3311

        NOE GONZALEZ               1 HIDALGO COUNTY BO      462733452
        PO BOX 1109
        EDINBURG TX 78540

                                GARRIGOS SOCRATES

'/04 70505318 001              74 00     74 00
"OCKINETTE IMPERVIOUS      272
'/04 70505318 001              74 00     74.00
"OCKINETTE IMPERVIOUS      272
'/04 70510193 003              18.00     18.00
-TH IV ALL SIZES           272
'/04 70541602 001              20.00     20.00
:AP"COBAN" ALL SIZES       272
'/04 70545843 001
JBING MEDULLAR VENT        272
'/04 70574074 003               6.00      6.00
- TRODE ALL PURPOSE        272
'/J4 70583430 002              18.00     18.00
'M BOARD PERSONAL COVER'   271
'/04 72100464 001             140.00    140.00
:YGEN/AEROSOL (4 HR CHG)   270
'/04 71300644 001              32.75     32.75
:AM STAIN SMEAR          1 306
'/04 71304331 001              29.75     29.75
:UND CULTURE               306
'/04 70400155 002             176.00    176.00
IESTHESIA GNRL EA AD 30MN  372
'/04 70400163 001             442.00    442.00
IESTHESIA GNRL 001-030MN   372
'/04 70401070 001             245.00    245.00
'PRANE PER CASE            372
'/04 70200019 001            1069.00   1069.00
'ER ROOM 0-30 MIN          360
'/04 70200159 002             370.00    370.00
'RGERY EACH ADD'L 30 MIN   360
'/04 74056417 001              26.50     26.50
:NTANYL .05MG/ML 2ML       636
'/04 70101001 001             441.00    441.00
:CU 0-30 MIN               710

11(    TRENTON RD
EDIN.  G. TX                          78539
IBAUD 07/16/01      800 336-1747     MON
INP.   A/R          FEI #  23-3069260

E
.NZALEZ .NOE            341731594 M 19  07/02/01 07/11/01   9
   GUAR FH: (956)380-3311

NOE GONZALEZ                    1 HIDALGO COUNTY BC       462733452
PO BOX 1109
EDINBURG TX 78540

                                GARRIGOS SOCRATES

| | | | | |
|---|---|---|---|---|
| 7/04 70101019 001 | | 110.00 | 110.00 | |
| .CU EACH ADD 30 MIN | 710 | | | |
| 7/04 61200010 001 | | 913.00 | 574.00 | 339.00 |
| CCM  0208 | | | | |
| 7/05 74012550 001 | | 1.50 | 1.50 | |
| CUSATE SODIUM 100MG CAP | 250 | | | |
| 7/05 74012550 001 | | 1.50 | 1.50 | |
| CUSATE SODIUM 100MG CAP | 250 | | | |
| 7/05 74012550 001 | | 1.50 | 1.50 | |
| CUSATE SODIUM 100MG CAP | 250 | | | |
| 5 74029612 002 | | 4.50 | 4.50 | |
| DROCODONE/APAP    TAB | 250 | | | |
| 7/05 74030255 002 | | 3.00 | 3.00 | |
| DROCOD/APAP/7.5/750MG TB | 250 | | | |
| 7/05 74030255 002 | | 3.00 | 3.00 | |
| DROCOD/APAP/7.5/750MG TB | 250 | | | |
| 7/05 74058611 001 | | 242.75 | 242.75 | |
| NCOMYCIN 1 GRAM INJ | 636 | | | |
| 7/05 74058611 001 | | 242.75 | 242.75 | |
| NCOMYCIN 1 GRAM INJ | 636 | | | |
| 7/05 74058611 001 | | 242.75 | 242.75 | |
| NCOMYCIN 1 GRAM INJ | 636 | | | |
| 7/05 74059684 001 | | 126.50 | 126.50 | |
| PERACIL/TAZABACT 4.5GM | 250 | | | |
| 7/05 74059684 001 | | 126.50 | 126.50 | |
| PERACIL/TAZABACT 4.5GM | 250 | | | |
| 7/05 74078056 001 | | 6.50 | 6.50 | |
| DROGEN PEROXIDE  4 OZ | 250 | | | |
| 7/05 74079831 001 | | 83.25 | 83.25 | |
| LYETHYLENE GLYCOL PWD | 250 | | | |
| 7/05 74079831 002 | | 166.50 | 166.50 | |
| LYETHYLENE GLYCOL PWD | 250 | | | |
| 7/05 74113044 001 | | 64.75 | 64.75 | |
| RMAL SALINE 100ML PF | 260 | | | |

1107  TRENTON RD,
EDIN  RG, TX                          78539
18AUD  07/16/01        800 386-1747     MON
INP.     A/R           FEI #  23-3069260

E
NZALEZ ,NOE              341731594 M 19  07/02/01 07/11/01   9
   GUAR PH: (956)380-3311

         NOE GONZALEZ               1 HIDALGO COUNTY BO      462733452
         PO BOX 1109
         EDINBURG TX 78540

                                    GARRIGOS SOCRATES

'/05 74113044 001           64.75      64.75        =
CRMAL SALINE 100ML PF    250
'/05 74102872 001           92.50      92.50
ACTATED RINGERS 1000ML   250
'/05 74103052 001           60.00      60.00
CRMAL SALINE 250ML       258
'/05 74103052 001           60.00      60.00
CRMAL SALINE 250ML       258
'/05 74103052 001           60.00      60.00
CRMAL SALINE 250ML       258
'  5 70574074 003            6.00       6.00
LECTRODE ALL PURPOSE     272
'/05 70574074 003            6.00-      6.00-
LECTRODE ALL PURPOSE     272
'/05 70583430 002           18.00      18.00
EM BOARD PERSONAL COVER  271
'/05 70583430 002           18.00-     18.00-
EM BOARD PERSONAL COVER  271
'/05 76001643 001        1  420  73.00      73.00
IT TRAINING
'/05 76004019 001          219.00     219.00
HYSICAL THERAPY EVALUATION424
'/05 76004019 001          219.00     219.00
HYSICAL THERAPY EVALUATION424
'/05 61200010 001          913.00     574.00              339.00
OM   0208
'/06 74012550 001            1.50       1.50
OCUSATE SODIUM 100MG CAP 250
'/06 74029612 001            2.25       2.25
DROCODONE/APAP     TAB   250
'/06 74051368 001           18.75      18.75
EPERIDINE 50MG/ML INJ    636
'/06 74053687 001           18.75      18.75
OMETHAZINE 25MG INJ      636

110   : TRENTON RD
EDIN  G, TX          78539
800 366-1747    MON
FEI # 23-3069260

18AUD 07/16/01
INP.   A/R

E
NZALEZ ,NOE          341731594 M 19  07/02/01 07/11/01    9
GUAR PH: (956)380-3311

NOE GONZALEZ                    1 HIDALGO COUNTY BO     462733452
PO BOX 1109
EDINBURG TX 78540

GARRIGOS SOCRATES

'/06 74058611 001           242.75   242.75
NCOMYCIN 1 GRAM INJ    636
'/06 74058611 001           242.75   242.75
NCOMYCIN 1 GRAM INJ    636
'/06 74059684 001           126.50   126.50
PERACIL/TAZABACT 4.5GM  250
'/06 74059684 001           126.50   126.50
PERACIL/TAZABACT 4.5GM  250
'/06 74059684 001           126.50   126.50
PERACIL/TAZABACT 4.5GM  250
'  5 74059684 001           126.50   126.50
PERACIL/TAZABACT 4.5GM  250
'/06 74059684 001           126.50-  126.50-
PERACIL/TAZABACT 4.5GM  250
'/06 74059684 001           126.50-  126.50-
PERACIL/TAZABACT 4.5GM  250
'/06 74113044 001            64.75    64.75
RMAL SALINE 100ML PF   260
'/06 74113044 001            64.75    64.75
RMAL SALINE 100ML PF   260
'/06 74113044 001            64.75    64.75
RMAL SALINE 100ML PF   260
'/06 74113044 001            64.75    64.75
RMAL SALINE 100ML PF   260
'/06 74113044 001            64.75-   64.75-
RMAL SALINE 100ML PF   260
'/06 74113044 001            64.75-   64.75-
RMAL SALINE 100ML PF   260
'/06 74103052 001            60.00    60.00
RMAL SALINE 250ML      258
'/06 74103052 001            60.00    60.00
RMAL SALINE 250ML      258
'/06 76001643 001            73.00    73.00
IT TRAINING         1  420

000045

110.   TRENTON RD.
EDIN RG, TX                          78539
ISAUD 07/16/01          800 386-1747    MON
INP.    A/R             FEI # 23-3069260

E
NZALEZ ,NOE            341731594 M 19  07/02/01 07/11/01   9
  GUAR PH: (956)380-3311

         NOE GONZALEZ              1 HIDALGO COUNTY BO        462733452
         PO BOX 1109
         EDINBURG TX 78540

                                   GARRIGOS SOCRATES


/06 61200010 001          913.00    574.00                    339.00
OM  0208
/07 74012550 001            1.50      1.50
CUSATE SODIUM 100MG CAP   250
/07 74012550 001            1.50      1.50
CUSATE SODIUM 100MG CAP   250
/07 74029612 001            2.25      2.25
DROCODONE/APAP      TAB   250
/07 74029612 001            2.25      2.25
PROCODONE/APAP      TAB   250
  7 74029612 001            2.25      2.25
DROCODONE/APAP      TAB   250
/07 74055674 001           13.25     13.25
D CHLOR 0.9% 10ML VIAL    636
/07 74058611 001          242.75    242.75
NCOMYCIN 1 GRAM INJ       636
/07 74058611 001          242.75    242.75
NCOMYCIN 1 GRAM INJ       636
/07 74059684 001          126.50    126.50
PERACIL/TAZABACT 4.5GM    250
/07 74059684 001          126.50    126.50
PERACIL/TAZABACT 4.5GM    250
/07 74113044 001           64.75     64.75
RMAL SALINE 100ML PF      260
/07 74113044 001           64.75     64.75
RMAL SALINE 100ML PF      260
/07 74103052 001           60.00     60.00
RMAL SALINE 250ML         258
/07 74103052 001           60.00     60.00
RMAL SALINE 250ML         258
/07 71205215 001           93.75     93.75
NCOMYCIN            2  301
/07 61200010 001          913.00    574.00                    339.00
OM  0208

```
                      110.    TRENTON RD.
                      EDIN. RG, TX                        7S539
ISAUD 07/16/01        800 386-1747      MON
INP.    A/R           FEI #  23-3069260

   E
 NZALEZ ,NOE              341731594 M 19  07/02/01 07/11/01    9
    GUAR PH: (956)380-3311


      NOE GONZALEZ                 1 HIDALGO COUNTY SO        462733452
      PO BOX 1109
      EDINBURG TX 78540

                                 GARRIGOS SOCRATES
```

```
 /08 74012550 001                1.50      1.50
 CUSATE SODIUM 100MG CAP   250
 /08 74012550 001                1.50      1.50
 CUSATE SODIUM 100MG CAP   250
 /08 74055674 001               13.25     13.25
 ED CHLOR 0.9% 10ML VIAL   636
 /08 74055674 001               13.25     13.25
 ED CHLOR 0.9% 10ML VIAL   636
 /08 74058611 001              242.75    242.75
 ANCOMYCIN 1 GRAM INJ      636
   3 74058611 001              242.75    242.75
 ANCOMYCIN 1 GRAM INJ      636
 /08 74058611 001              242.75-   242.75-
 ANCOMYCIN 1 GRAM INJ      636
 /08 74059684 001              126.50    126.50
 IPERACIL/TAZABACT 4.5GM   250
 /08 74059684 001              126.50    126.50
 IPERACIL/TAZABACT 4.5GM   250
 /08 74079831 001               83.25     83.25
 LYETHYLENE GLYCOL PWD     250
 /08 74079831 001               83.25     83.25
 LYETHYLENE GLYCOL PWD     250
 /08 74113044 001               64.75     64.75
 ORMAL SALINE 100ML PF     260
 /08 74113044 001               64.75     64.75
 ORMAL SALINE 100ML PF     260
 /08 74103052 001               60.00     60.00
 ORMAL SALINE 250ML        258
 /08 74103052 001               60.00     60.00
 ORMAL SALINE 250ML        258
 /08 74103052 001               60.00-    60.00-
 ORMAL SALINE 250ML        258
 /08 61200010 001              913.00    574.00              339.00
 OM  0208
```

110: TRENTON RD.
EDINI  G, TX          78539
1BAUD 07/16/01      800 386-1747    MON
INP.    A/R         FEI # 23-3069260

^    E
NZALEZ , NOE        341731594 M 19  07/02/01 07/11/01   9
  GUAR PH: (956)380-3311

       NOE GONZALEZ              1 HIDALGO COUNTY BO      462733452
       PO BOX 1109
       EDINBURG TX 78540

                          GARRIGOS SOCRATES


'/09 74012550 001              1.50      1.50
CCUSATE SODIUM 100MG CAP   250
'/09 74012550 001              1.50      1.50
CCUSATE SODIUM 100MG CAP   250
'/09 74029612 001              2.25      2.25
/DROCODONE/APAP    TAB     250
'/09 74029612 001              2.25      2.25
/DROCODONE/APAP    TAB     250
'/09 74055674 001             13.25     13.25
:D CHLOR 0.9% 10ML VIAL    636
'  7 74058611 001            242.75    242.75
i..JOMYCIN 1 GRAM INJ      636
'/09 74058611 001            242.75    242.75
NCOMYCIN 1 GRAM INJ        636
'/09 74059684 001            126.50    126.50
:PERACIL/TAZABACT 4.5GM    250
'/09 74059684 001            126.50    126.50
:PERACIL/TAZABACT 4.5GM    250
'/09 74059684 001            126.50    126.50
.PERACIL/TAZABACT 4.5GM    250
'/09 74059684 001            126.50-   126.50-
PERACIL/TAZABACT 4.5GM     250
'/09 74113044 001             64.75     64.75
:RMAL SALINE 100ML PF      260
'/09 74113044 001             64.75     64.75
:RMAL SALINE 100ML PF      260
'/09 74113044 001             64.75     64.75
:RMAL SALINE 100ML PF      260
'/09 74113044 001             64.75-    64.75-
:RMAL SALINE 100ML PF      260
'/09 74103052 001             60.00     60.00
:RMAL SALINE 250ML         258
'/09 74103052 001             60.00     60.00
:RMAL SALINE 250ML         258

```
                           11C    . TRENTON RD.
                           EDIN  .G, TX                                   78539
19AUD 07/16/01             800 386-1747        MON
INP.    A/R                FEI # 23-3069260

    E
 .NZALEZ ,NOE                    341731594 M 19   07/02/01 C7/11/01   9
    GUAR PH: (956)380-3311


        NOE GONZALEZ                        1 HIDALGO COUNTY SO         462733452
        PO BOX 1109
        EDINBURG TX 78540


                                            GARRIGOS SOCRATES
```

```
'/09 61200010 001               913.00   574.00      =                  339.00
 CCM  0208
'/10 74029612 001                 2.25     2.25
/DROCODONE/APAP       TAB   250
'/10 74045964 001                95.75    95.75                          :
ROPOFOL 10MG/ML       AMP   250
'/10 74051350 001                18.75    18.75                          4
EPERIDINE 25MG/ML INJ      636
'/10 74053687 001                18.75    18.75
ROMETHAZINE 25MG INJ       636
  0 74058611 001               242.75   242.75
NCOMYCIN 1 GRAM INJ        636
'/10 74058611 001              242.75   242.75
NCOMYCIN 1 GRAM INJ        636
'/10 74058785 001               27.50    27.50
DAZOLAM HCL 1MG/ML 2 ML    250
'/10 74059684 001              126.50   126.50
PERACIL/TAZABACT 4.5GM     250
'/10 74059684 001              126.50   126.50
PERACIL/TAZABACT 4.5GM     250
'/10 74059684 001              126.50   126.50
PERACIL/TAZABACT 4.5GM     250
'/10 74059684 001              126.50-  126.50-
PERACIL/TAZABACT 4.5GM     250
'/10 74088154 001               41.50    41.50
DOCAINE 2% JELLY 5ML       250
'/10 74113044 001               64.75    64.75
RMAL SALINE 100ML PF       260
'/10 74113044 001               64.75    64.75
RMAL SALINE 100ML PF       260
'/10 74113044 001               64.75    64.75
RMAL SALINE 100ML PF       260
'/10 74113044 001               64.75-   64.75-
RMAL SALINE 100ML PF       260
```

110   TRENTON RD.
EDIN   RG, TX                    78539
8AUD 07/16/01        800 386-17 7    MON
INP.   A/R           FEI # 23-3069260

    E
NZALEZ ,NOE              341731594 M 19  07/02/01 07/11/01   9
   GUAR PH: (956)380-3311

       NOE GONZALEZ                    1 HIDALGO COUNTY BO        162733452
       PO BOX 1109
       EDINBURG TX 78540

                                       GARRIGOS SOCRATES


'/10 74102272 001              92.50    92.50
CTATED RINGERS 1000ML     260
'/10 74103052 001              60.00    60.00
RMAL SALINE 250ML         258
'/10 74103052 001              60.00    60.00
RMAL SALINE 250ML         258
'/10 70500095 001              22.00    22.00
NDAGE ACE 4"              271
'/10 70500137 001              14.00    14.00
APTIC GAUZE 3 X 8         272
   ) 70501473 001               1.00     1.00
D COMBINE 7 1/2 X 8       272
'/10 70501473 001               1.00     1.00
D COMBINE 7 1/2 X 8       272
'/10 70503354 001               8.00     8.00
NDAGE KERLIX ROLL         272
'/10 70503545 001              14.00    14.00
NER SUCTION LINER 3000    272
'/10 70504766 001              47.00    47.00
EET EXTREMITY     DISP    272
'/10 70505003 001              33.00    33.00
AY SKIN SCRUB             272
'/10 70505318 001              74.00    74.00
OCKINETTE IMPERVIOUS      272
'/10 70512611 001              20.00    20.00
D GROUND W/SENSOR ADULT   272
'/10 70514153 001             266.00   266.00
CK MAJOR LAP              272
'/10 70523105 001              25.00    25.00
UTERY TIPCLEAN            272
'/10 70541602 001              20.00    20.00
AP"COBAN" ALL SIZES       272
'/10 70575063 001             170.00   170.00
MOVAC 400ML W/TROCAR      272

```
                    1102    TRENTON RD.
                    EDINI  G, TX                    78539
3AUD 07/16/01       800 386-1747        MON
NP.    A/R          FEI # 23-3069260

   E
.NZALEZ ,NOE              341731594 M 19   07/02/01 07/11/01   9
   GUAR PH: (956)380-3311


     NOE GONZALEZ              1 HIDALGO COUNTY BO      462733452
     PO BOX 1109
     EDINBURG TX 78540

                              GARRIGOS SOCRATES
```

```
/10 70577101 001              76.00     76.00
MOBILIZER KNEE ALL SIZE  272
/10 72100464 001             140.00    140.00
YGEN/AEROSOL (4 HR CHG)  270
/10 70400155 001              66.00     66.00
ESTHESIA GNRL EA AD 30MN 372
/10 70400163 001             442.00    442.00
ESTHESIA GNRL 001-030MN  372
/10 70200506 001            1318.00   1318.00
FR OPER ROOM 0-30 MIN    360
 D 70200704 001             315.00    315.00
ERG OPER ROOM ADD 30 MIN 360
/10 74056417 001              26.50     26.50
NTANYL .05MG/ML 2ML       636
/10 70101001 001             441.00    441.00
CU 0-30 MIN              710
/10 70101019 001             110.00    110.00
CU EACH ADD 30 MIN       710
/10 61200010 001             913.00    574.00            339.00
OM  0208
/11 74012550 001               1.50      1.50
CUSATE SODIUM 100MG CAP  250
/11 74018979 001              41.50     41.50
VOFLOXACIN 500MG TAB     250
/11 74029612 001               2.25      2.25
DROCODONE/APAP     TAB   250
/11 74058611 001             242.75    242.75
NCOMYCIN 1 GRAM INJ      636
/11 74058611 001             242.75    242.75
NCOMYCIN 1 GRAM INJ      636
/11 74059684 001             126.50-   126.50-
PERACIL/TAZABACT 4.5GM   250
/11 74113044 001              64.75-    64.75-
RMAL SALINE 100ML PF     260
```

000051

```
                         1102    TRENTON RD.                                      16
                         EDIN1 .G, TX                    78539
18AUD 07/16/01           800 386-1747    MON
INP.    A/R              FEI # 23-3069260

      E
GONZALEZ ,NOE            341731594 M 19   07/02/01 07/11/01   9
    GUAR PH: (956)380-3311


      NOE GONZALEZ                    1 HIDALGO COUNTY BO      462733452
      PO BOX 1109
      EDINBURG TX 78540

                                     GARRIGOS SOCRATES
```

SUMMARY OF CHARGES

| | | | | | |
|---|---|---|---|---|---|
| R&C IP-PVT  9DAYS@  913.00 | 8217.00 | 5166.00 | | | 3051.00 |
| PHARMACY | 8519.75 | 8519.75 | | | |
| MED/SURG SUPPLY | 1387.00 | 1387.00 | | | |
| IV THERAPY | 1263.75 | 1263.75 | | | |
| LABORATORY | 670.75 | 670.75 | | | |
| RADIOLOGY | 157.00 | 157.00 | | | |
| ANESTHESIA | 1393.00 | 1393.00 | | | |
| PHYSICAL THER | 584.00 | 584.00 | | | |
| EMERGENCY ROOM | 773.00 | 773.00 | | | |
| OPER ROOM | 3072.00 | 3072.00 | | | |
| RECOVERY ROOM | 1102.00 | 1102.00 | | | |

```
SUB-TOTAL OF CHARGES        27139.25 24088.25                  3051.00
BALANCE FORWARD


GUAR RELATIONSHIP: S            SEX: M     GUAR NO:   462733452
ACC-DATE:          TYPE: Z    TIME:           PLACE:       EMPL REL: N
DIAGNOSIS:         TOXIC EFFECT VENOM
                   CELLULITIS OF LEG
PROCEDURE: 86.22    07/04/01   EXC DEBRIDE WND/INFECT
           86.22    07/10/01   EXC DEBRIDE WND/INFECT




T O T A L S           27139.25 24088.25                       3051.00
```

WESTERN EMERGENCY PHYSICIANS A TEXAS LTD
2620 RIDGEWOOD R STE
AKRON, OH 44313

# CREDIT LETTER

*1st bill emailed out on 18 July 2001 (5A-) 1LLy*

September 27, 2001

NOE GONZALEZ
PO BOX 1109
EDINBURG TX 78540-1109

### RE: OVERDUE PAYMENT FOR ACCOUNT NUMBER 15966643/116 FOR $328.00

Dear NOE GONZALEZ,

We are writing regarding an overdue account for medical services provided to you. We should receive your payment in full at the above address within the next ten (10) days to avoid further action. Payment by credit card can be made by visiting our website at hcfs.teamhealth.com, by telephone at 1-888-952-6772 or by FAX 330-873-2787, or by completing the form below and mailing to:

*P.O.C Karen Starts*

WESTERN EMERGENCY PHYSICIANS A TEXAS LTD
2620 RIDGEWOOD RD STE 100
AKRON, OH 44313

If your payment is already in the mail, thank you for your attention to this matter, and please disregard this notice.

Thank You,

Patient Services
WESTERN EMERGENCY PHYSICIANS A TEXAS LTD

**NOTE:**    **CREDIT CARD CHARGES WILL APPEAR AS "TEAM HEALTH" ON YOUR CREDIT CARD STATEMENT.**

*RECEIVED*

---

NAME AS IT APPEARS ON YOUR CARD:_____

CARD NUMBER:_____     EXPIRATION DATE:_____

CHECK ONE:    VISA_____    MASTERCARD_____

AUTHORIZING SIGNATURE:_____

15966643/116

110  TRENTON RD.
EDINBG, TX                                    78539
1BAUD 07/16/01          800 386-1747      MON
INP.     A/R            FEI # 23-3069260

    E
NZALEZ , NOE            341731594 M 19   07/02/01 07/11/01   9
   GUAR PH: (956)380-3311


        NOE GONZALEZ                    1 HIDALGO COUNTY BO        462733452
        PO BOX 1109
        EDINBURG TX 78540

                                        GARRIGOS SOCRATES



7/11 74103052 001              60.00    60.00
CRMAL SALINE 250ML       258
7/11 74103052 001              60.00    60.00
CRMAL SALINE 250ML       258
BALANCE FORWARD


TALS            27139.25 24088.25                     3051.0
341731594                               PAY THIS AMOUNT   3051.

EDINBURG REG MED CTR
EDINBURG, TX                                          000054

110    TRENTON RD.
EDIN, G, TX                          78539
ISAUD 07/16/01          800 386-1747    MON
INP.    A/R             FEI # 23-3069260

17

E
NZALEZ ,NOE              341731594 M 19  07/02/01 07/11/01   9
  GUAR PH: (956)380-3311

NOE GONZALEZ                    1 HIDALGO COUNTY BO        462733452
PO BOX 1109
EDINBURG TX 78540

                                GARRIGOS SOCRATES

                DRG-PAGE

CONCURRENT GROUPER USED:  MCOO
DRG #:  440    MDC #:  21
DRG-RATE-PER-CASE:    11754.76
OUTLIER VALUE:

GROUPER USED:          MCOO    (978)
DRG #:  440
DRG RATE PER CASE:    11754.76
OUTLIER VALUE:

T A L S              27139.25 24088.25              3051.00

341731594                         PAY THIS AMOUNT    3051.0

EDINBURG REG MED CTR
EDINBURG, TX                                        000055

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

*NOE GONZALES,*                         §
        **Plaintiff,**              §
                                   §
*v.*                                    §      Civil Action No. B-02-194
                                   §
*HIDALGO COUNTY, TEXAS, ROBERT*         §
*LIZCANO, MICHAEL WILSON, JOE*          §
*E. LOPEZ, SGT ALEX RAMIREZ, AND*       §
*J.C. GOMEZ,*                           §
        **Defendants.**             §

STATE OF TEXAS

COUNTY OF HIDALGO

### AFFIDAVIT OF J.C. GOMEZ

Before me, the undersigned notary, on this day, personally appeared J.C. Gomez, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. My name is J.C. Gomez. I am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct. I am a defendant in this lawsuit.

2. I am the Director of the Judge Homer Salinas Rehabilitation Center (Center) operated by the Hidalgo County Community Supervision and Corrections Department.

3. On December 4, 2002, I completed a 12-page chronology of the efforts to correct a suspected problem with spiders at the Center. The chronology, which is attached to this affidavit, is based on documents maintained at the Center, and my personal recollections of events that occurred between September 26, 2000, and June 14, 2002. I believe its contents are true and accurate.

IN WITNESS WHEREOF, I have hereto set my hand this 24 day of April, 2003.

_____
SIGNATURE

Case 1:02-cv-00194   Document 24   Filed in TXSD on 04/19/2004   Page 113 of 137
04/24/03   11:39   ☎380 ⁻²⁴
04/24/03   09:36   ☎
STX Atty Gen
☒003
☒006/019

## CERTIFICATION

BEFORE ME, *Melissa R. Garza*, on this *24th* day of April, 2003, personally appeared J.C. Gomez, known to me (or proved to me on the oath of State ID) to be the person whose name is subscribed to the foregoing instrument and he/she has acknowledged to me that he executed the same for the purpose and the consideration therein expressed.

GIVEN under my hand and seal of office this *24th* day of April, 2003.

MELISSA R. GARZA
Notary Public, State of Texas
My Commission Expires
May 27, 2006

SIGNATURE OF NOTARY

2

TO .     Joe Lopez. Executive Director
         Hidalgo County CSCD

FROM:    J.C. Gomez. Director
         Homer Salinas Rehabilitation Center

DATE.    December 04. 2002

RE.      Report on Lesions. Spider Bites and Methicillin-Resistant Staphylococcus Aureus
         (MRSA). on Boot Camp Residents.


Sep. 26, 2000  Soliz Pest Control - Service Contract for general pest control Sep. 2000 - Dec. 2000

Nov 03, 2000   Purchased diazinon pest control for ants and other insects from Wal-Mart.

Dec. 11, 2000  First Reported Spider Bite incident Resident Jose Cantu, diagnosed and treated in house.

Dec. 25, 2000  Spider Bite incident Resident Rudy Guzman, diagnosed and treated in house.

Dec. 26, 2000  General Fumigation- Solis Pest Control.

Dec. 29, 2000  Spider Bite incident Resident Israel E. Estrada, diagnosed and treated in house.

Dec. 30, 2000  Purchased Home pest spider poison from Wal-Mart.

Jan. 2, 2001   First Treatment. Specifically for Spiders,  by Solis Pest Control.

Jan. 2, 2001   Spider Bite incident Resident Jesus Resendez, diagnosed and treated in house.

Jan. 15, 2001  Termite fumigation - ABC Pest Control Service

Jan. 22, 2001  General Fumigation by Solis Pest Control.

Feb. 8, 2001   Two Spider Bite incidents Resident Jesus Resendez (2nd. time) and Resident Jesus
               Espinoza, diagnosed and treated in house.

Mar. 3, 2001   Duct taped openings of boot camp bunks and torn mattresses.
               Caulked visible openings/crevices in dorm areas.
               Covered inside and outside of air conditioning vents with screens.

Mar. 5, 2001   Spider Bite incident Resident Rodrigo Zuniga, diagnosed and treated in house.

*01*

Mar. 12, 2001   Purchased role of aluminum screen from Home Depot to cover A/C vents and ducts.

Mar. 14, 2001   Spider Bite incident Resident Juan Ortiz, diagnosed and treated in house. Started daily visual inspection of all residents for spider bite symptoms by Boot Camp Staff and Nurse.

Mar. 19, 2001   Spider Bite incident Resident Daniel Salazar, diagnosed and treated in house.

Mar. 21, 2001   Purchased additional aluminum screens from McCoys to cover A/C vents and ducts.

Mar. 23, 2001   General Fumigation- Solis Pest Control.

Mar. 24, 2001   Re-inspected dorms and did additional caulking on all open areas along walls.

Mar. 26, 2001   Spider Bite incident Resident Javier Lucas, diagnosed and treated in house.

Mar. 28, 2001   Spider Bite incident Resident David Delgado, diagnosed and treated in house.

April 5, 2001    Spider Bite incident Resident Jesus Espinosa, diagnosed and treated in house (2nd. time).

April 12, 2001   Spider Bite incident Resident Jaime Lucio, diagnosed and treated in house.

April 19, 2001   Spider Bite incident Resident Michael Vera, diagnosed and treated in house.

April 25, 2001   General Fumigation- Solis Pest Control.

May 7, 2001     Spider Bite incident Resident Jose Ramirez, diagnosed and treated in house.

May 9, 2001     Spider Bite incident Resident Gilbert Garcia, diagnosed and treated in house.

May 14, 2001    Spider Bite incident Resident Eugenio Flores, diagnosed and treated in house.

May 18, 2001    Spider Bite incident Resident Joaquin Cantu, diagnosed and treated in house.

May 21, 2001    Spider Bite incident Resident Ryan Garza, diagnosed and treated in house.

May 22, 2001    First referral for hospitalization at Edinburg Regional Medical Center for a spider bite, Resident Joaquin Cantu.

May 23, 2001    General Fumigation by Solis Pest Control and additional spider treatment for both dorms.

**02**

May 24, 2001     Purchased painters caulking from Broadway Hardware to continue covering opening and crevices in dorm areas.

May 29. 2001     Resident Joaquin Cantu was released from Edinburg Regional Medical Center.

May 30. 2001    Spider Bite incident Resident David Delgado. diagnosed and treated in house.

May 30, 2001    Spider Bite incident Resident Michael Skief, diagnosed and treated in house.

May 31, 2001    Purchased additional caulking and a blade set to cover openings and crevices in dorm areas.

June 4, 2001    Spider Treatment on both dorms by Esparza Pest Control (New Vendor).

June 4. 2001    Additional caulking of plumbing areas inside and outside of dorms.

June 4. 2001    Initiated daily procedure by residents of removing linen and covers of bunk mattresses to check for spiders before going to bed.

June 4, 2001    Initiated hourly monitoring spider watch by residents from 9:00 P.M.. to 5:30 A.M.(aisles, bunks and residents)

June 4, 2001    Arranged bunks and lockers away from barrack walls.

June 14, 2001   Mandatory Staff Training by Dr. Garza.  Presentation entailed recognition of lesions, preventive measures and who to report them to.  A question/answer session was held after the meeting.

June 21, 2001   Spider Treatment by Esparza Pest Control.

June 22, 2001   General Fumigation by Solis Pest Control.

June 28, 2001   Spider Bite incident Resident David Mata, diagnosed and treated in house.

June 29, 2001   Spider Bite incident Resident Fernando de la Rosa, diagnosed and treated in house.

July 2, 2001    Second referral for hospitalization at Edinburg Regional Medical Center for a Spider Bite- Resident Noe Gonzalez.

July 3, 2001    Spider Bite incident Resident David Mata, diagnosed and treated in house (2nd. time).

July 4, 2001    Spider Bite incident Resident Enrique Valdez, diagnosed and treated in house.

**03**

July 4, 2001    Spider Bite incident Resident Randy Jimenez, diagnosed and treated in house.

July 4, 2001    Spider Bite incident Resident Guadalupe Gonzalez, diagnosed and treated in house.

July 6, 2001    Spider Treatment by Esparza Pest Control on both dorms.

July 6, 2001    Contacted Hidalgo County Risk Management Office and asked them for assistance.  Spoke to Mr. Daniel Flores.  He said he would come at a later date.

July 6, 2001    Purchased additional caulking from Wal-Mart to cover opening and crevices in dorm areas.

July 8, 2001    Third Referral for hospitalization at Edinburg Regional Medical Center for a Spider Bite Resident Enrique Valdez.

July 9, 2001    Spider Bite incident Resident Sean Fox, diagnosed and treated in house.

July 9, 2001    Spider Bite incident Resident Leroy Gutierrez, diagnosed and treated in house.

July 9, 2001    Service contract signed with D-Best Pest Control for General Pest Control Services.

July 10, 2001   Spider Bite incident Resident Ricky Lee Vasquez, diagnosed and treated in house.

July 10, 2001   Spider Bite incident Resident David Mata, diagnosed and treated in house.

July 10, 2001   D-Best Pest Control  first treatment.

July 11, 2001   Resident Noe Gonzalez was released from Edinburg Regional Medical Center.

July 12, 2001   Spider Bite incident Resident Joel Cruz, diagnosed and treated in house.

July 16, 2001   Spider Bite incident Resident Randy Jimenez, diagnosed and treated in house (2nd. time).

July 16, 2001   Spider Bite incident Resident Joaquin Cantu, diagnosed and treated in house (2nd. time).

July 17, 2001   Resident Enrique Valdez was released from Edinburg Regional Medical Center.

July 18, 2001   Spider Bite incident Resident Rodolfo Castillo, diagnosed and treated in house.

July 18, 2001   Follow up visit from D-Best Pest control

**04**

July 20, 2001   Dr. Stormy Sparks, from the Texas A&M Agriculture Service, came to the Boot Camp for an on site tour of our facility. He stated that the preventive measures we had taken and the tent fumigation, using the chemical "vikane" would be very beneficial. He recommended that we forward any spiders caught at the Boot Camp to him for identification.

July 20, 2001   General fumigation by Solis Pest Control.(after this treatment, his contract was terminated).

July 24, 2001   Received fax from Dr. Sparks informing us that the spiders we had taken to him for identification purposes were sent to Texas A&M - College Station's Research Lab. He stated that the findings were not Brown Recluse Spiders or any species of normal concern. He further stated that in discussing this problem with experts on spiders, that the problem was probably not recluse spiders. The number, frequency and location of bites is highly unusual for this spider.

July 24, 2001   Spider Bite incident Resident Mario Salinas, diagnosed and treated in house.

July 24, 2001   Purchased additional caulking from McCoys.

July 25, 2001   Spider Bite incident Resident Michael Garcia, diagnosed and treated in house.

July 31, 2001   Completed Tent fumigation by Orkin Pest Control-Both Dorms.

Aug. 1, 2001   Spider Bite incident Resident Ricky Lee Vasquez, diagnosed and treated in house (2nd. time).

Aug. 1, 2001   Spider Bite incident Resident Reynaldo Ybarra, diagnosed and treated in house.

Aug. 1, 2001   Spider Bite incident Resident Joaquin Cantu, diagnosed and treated in house (3rd. time).

Aug. 1, 2001   Spider Bite incident Resident Luis Hidrogo, diagnosed and treated in house.

Aug. 2, 2001   Daniel Flores, Hidalgo County Risk Management Employee stated that we may be bringing the spiders from outside CSR Projects. He specifically stated that the San Carlos Warehouse had spider problems. We immediately stopped the CSR project at San Carlos.

Aug. 8, 2001   Pest control fumigation and Glue boards by D-Best Pest Control.

Aug. 16, 2001   Spider Treatment and Glue Boards by D-Best Pest Control.

05

Aug. 17, 2001 Spider Bite incident Resident Javier Gonzalez, diagnosed and treated in house.

Aug. 20, 2001 Spider Bite incident Resident Julio Sanchez, diagnosed and treated in house.

Aug. 29, 2001 Spider Bite incident Resident Joel Cruz, diagnosed and treated in house (2nd. time).

Aug. 29, 2001 Spider Bite incident Resident Jeremiah Gonzalez, diagnosed and treated in house.

Sept. 1, 2001  Spider Bite incident Resident Sean Fox, diagnosed and treated in house (2nd. time).

Sept. 3, 2001  Spider Bite incident Resident Randy Jimenez, diagnosed and treated in house (3rd. time).

Sept. 5, 2001  Spider Bite incident Resident Raul Solis, diagnosed and treated in house.

Sept. 5, 2001  Spider Bite incident Resident Rodolfo Mejia, diagnosed and treated in house.

Sept. 5, 2001  Spider Bite incident Resident Ricky Lee Vasquez, diagnosed and treated in house (3rd. time).

Sept. 5, 2001  Spider Bite incident Resident Jorge Zavala, diagnosed and treated in house.

Sept. 6, 2001  Spider Bite incident Resident Jose Ceja, diagnosed and treated in house.

Sept. 6, 2001  Spider Treatment and Glue Boards by D-Best Pest Control.

Sept. 13, 2001 Spider Bite incident Resident Felix Martinez, diagnosed and treated in house.

Sept. 17, 2001 Spider Bite incident Resident Jesus Salazar, diagnosed and treated in house.

Sept. 17, 2001 Contacted Dr. Kenneth R. Summy, Science Professor at the University of Texas Pan American. Informed him of our spider problem and asked him for assistance.

Sept. 18, 2001 Spider Bite incident Resident Fernando de la Rosa, diagnosed and treated in house (2nd. time).

Sept. 18, 2001 Dr. Summy came to the Boot Camp and was given a tour of our facility. Dr. Summy recommended that we do an additional three fumigations.

Sept. 19, 2001 Meeting with Max Davis, owner of D-Best Pest Control, reference spiders.

Sept. 21,2001  Meeting with Max Davis, owner of D-Best Pest Control, reference spiders.

06

Sept. 26, 2001 Spider Bite incident Resident Isidro Martinez, diagnosed and treated in house.

Sept. 26, 2001 Spider Bite incident Resident Jose Bazan, diagnosed and treated in house.

Oct. 1, 2001   Spider Bite incident Resident Steven Trevino. diagnosed and treated in house.

Oct. 4, 2001   Spider Bite incident Resident Cipriano Olivarez, diagnosed and treated in house.

Oct. 10, 2001  Tent Fumigation- Alpha Dorm by Orkin Pest Control.

Oct. 12, 2001  Met with Omar Garza, Boot Camp Doctor, Dr. Kenneth Summy, Science
               Professor University of Texas Pan American, Max Davis, owner of D-Best Pest
               Control and Esteban Trevino, Orkin Representative for a conference on all steps
               taken up to now for spider control.

Oct. 13, 2001  Dormitory air condition ducts cleaned by Coit Services Company.

Oct. 15, 2001  Spider Bite incident Resident Jose Gonzalez, diagnosed and treated in house.

Oct. 15, 2001  Spider Bite incident Resident Ruben Martinez, diagnosed and treated in house.

Oct. 15, 2001  Spider Bite incident Resident Aaron Marquez, diagnosed and treated in house.

Oct. 17, 2001  On this date, I in the presence of Dr. Omar Garza called Dr. Rick Vetter,
               Department of Entomology, University of California at Riverside. The purpose of
               this call was to ask Dr. Vetter for help in reference to our spider problem and an
               article he had written, entitled the "Myth of the Brown Recluse." Dr. Vetter stated
               that he was not familiar with our geographical area and that unless we had found a
               brown recluse spider. he was ruling out the brown recluse spider as being the
               the source of our problems. When Dr. Vetter asked "Why do you think these
               incidents are spider bites?" Dr. Garza informed Dr. Vetter that the wounds or bites
               were consistent with those of a brown recluse spider bite and that he was treating
               the same problem at the Segovia State Prison facility, and at Evin's Juvenile
               Detention Center. Dr. Vetter replied that he was not a medical doctor, yet;
               he was not convinced that the problem was brown recluse spiders.

Oct. 22, 2001  Tent Fumigation- Bravo Dorm by Orkin Pest Control.

Oct. 22, 2001  Spider Bite incident Resident Jeremiah Gonzalez, diagnosed and treated in house
               (2nd. time).

Oct. 24, 2001  Spider Treatment and Glue Boards by D-Best Pest Control.

Oct. 29, 2001  Spider Bite incident Resident Juan Lopez, diagnosed and treated in house.

Oct. 29, 2001  Spider Bite incident Resident Felix Martinez, diagnosed and treated in house (2nd. time).

Oct. 31, 2001  Spider Bite incident Resident Aaron Marquez, diagnosed and treated in house (3rd. time).

Nov. 09, 2001  Tent Fumigation--Alpha Dorm by Orkin Pest Control.

Nov. 12, 2001  Tent Fumigation--Bravo Dorm by Orkin Pest Control.

Nov. 30, 2001  Spider Treatment and Glue Boards by D-Best Pest Control.

Dec. 11, 2001  Spider Bite incident Resident Aaron Marquez, diagnosed and treated in house (2nd. time).

Dec. 21, 2001  Spider Bite incident Resident Samuel Mcleod, diagnosed and treated in house.

Dec. 26, 2001  Spider Bite incident Resident Joe Mican, diagnosed and treated in house.

Dec. 26, 2001  Spider Treatment and Glue Boards by the D-Best Pest Control.

Dec. 30, 2001  Spider Bite incident Resident Jorge Suarez, diagnosed and treated in house.

Jan. 7, 2002  New pest control after treatment vendor-Orkin Pest Control, twice per month.

Jan. 9, 2001  Spider Treatment and Glue Boards by Orkin Pest Control.

Jan. 12, 2002  Spider Bite incident Resident Artemio Castañeda, diagnosed and treated in house.

Jan. 12, 2002  Spider Treatment and Glue Boards by Orkin Pest Control.

Jan. 14, 2002  Tent Fumigation for Bravo Dorm postponed by Orkin, rescheduled for January 15, 2002.

Jan. 14, 2002  Spider Bite incident Resident Rico Garza, diagnosed and treated in house.

Jan. 15, 2002  Tent Fumigation postponed by Orkin Pest Control for 2nd time, rescheduled for January 21, 2002.

Jan. 16, 2002  Spider Bite incident Resident Carlos Guerra, diagnosed and treated in house.

Jan. 16, 2002  Spider Bite incident Resident Eric Iglesias, diagnosed and treated in house.

Jan. 17, 2002  Mattress fogging- Bravo Dorm by Orkin Pest Control.

Jan. 21, 2002   Tent Fumigation postponed by Orkin Pest Control for 3rd time, rescheduled for January 22, 2002.

Jan. 23, 2002   Tent Fumigation Bravo Dorm by Orkin Pest Control.

Jan. 23, 2002   Spider Bite incident Resident Charlie Perez, diagnosed and treated in house.

Jan. 25, 2002   Spider Bite incident Resident Samuel Mcleod, diagnosed and treated in house (2nd. time).

Jan. 26, 2002   Fourth Referral for hospitalization at Edinburg Regional Medical Center Resident Charlie Perez.

Jan. 28, 2002   Spider Bite incident Resident Aaron Marquez, diagnosed and treated in house (4th. time).

Jan. 30, 2002   Mattress fogging - Alpha Dorm by Orkin Pest Control- 2nd time.

Jan. 31, 2002   Tent Fumigation of Alpha Dorm by Orkin Pest Control was postponed.

Feb. 1, 2002    Resident Charlie Perez released from Edinburg Medical Center.

Feb. 4, 2002    Contacted Texas Department of Health, Harlingen Office and obtained the number for the Austin office of the Texas Department of Health.

Feb. 4, 2002    Spider Bite incident Resident Nathan Hyer, diagnosed and treated in house.

Feb. 4, 2002    Spider Bite incident Resident Otoniel Tanguma, diagnosed and treated in house.

Feb. 5, 2002    Contacted Texas Department of Health, Austin Office.  Left word for Mr. Roy G. Burton, Vector Control Entomologist to give me a call.

Feb. 6, 2002    Mr. Burton, Texas Department of Health, Austin Texas, returned my call and I apprised him of our problem.  He informed me that he was going to talk to his supervisor and see if he could come down to our facility.

Feb. 6, 2002    Spider Treatment and Glue Boards by Orkin Pest Control.

Feb. 11, 2002   Spider Bite incident Resident Juan Lopez, diagnosed and treated in house (2nd. time).

Feb. 13, 2002   Tent Fumigation Alpha Dorm by Orkin Pest Control.

09

Feb. 13, 2002   Spider Bite incident Resident Artemio Castañeda, diagnosed and treated in house (2nd. time).

Feb. 14, 2002   Spider Treatment and Glue Boards by Orkin Pest Control.

Feb. 20, 2002   Spider Treatment and Glue Boards by Orkin Pest Control.

Feb. 27, 2002   Spider Bite incident Resident Luis Ramirez, diagnosed and treated in house.

Feb. 28, 2002   Spider Bite incident Resident Otoniel Tanguma, diagnosed and treated in house (2nd. time).

March 5, 2002   Purchased new plastic mattress covers for existing bunk mattresses.

March 6, 2002   Spider Treatment and Glue Boards by Orkin Pest Control.

March 14, 2002  On this date, Mr. Roy G. Burton, Vector Control Entomologist, Alberto J. Garcia, and Roy Tijerina, employees of the Texas Department of Health, toured our facility. Mr. Burton suggested that we put glue boards on the coil springs of the bunk beds and in the supply storage area. He further stated that he would get back to us and provide additional information. He felt that we had taken adequate preventive measures.

March 20, 2002  Met with Charlie Montgomery, Hidalgo County Risk Management Director and informed her about our continued problem at the Boot Camp. She suggested that we disinfect the bathrooms and showers with bleach and water.

March 20, 2002  Spider Bite incident Resident Stephen Sevilla, diagnosed and treated in house.

March 20, 2002  Spider Treatment and Glue Boards by Orkin Pest Control.

March 21, 2002  Initiated disinfecting bathrooms and showers with bleach and water.

March 22, 2002  Bought special disinfectant to treat showers and bathroom areas as per Ms. Montgomery. She thinks that our problem is Staphylococcus Aureus.

March 25, 2002  Fifth Referral for hospitalization at Edinburg Regional Center Resident Stephen Sevilla.

March 25, 2002  Ms. Charlie Montgomery faxed me information on Methicillin-resistant Staphylococcus Aureus (MRSA). MRSA is a germ that can cause Staph infection.

March 25, 2002  Spider Bite incident Resident David Hernandez, diagnosed and treated in house.

**10**

March 25, 2002    Held battalion formation and informed all residents and staff about MRSA.

March 26, 2002    Spider Bite incident Resident Noe Basquez, diagnosed and treated in house.

March 27, 2002    Spider Bite incident Resident Juan Jose Ramirez, diagnosed and treated in house.

March 27, 2002    As per Dr. Omar Garza we isolated all residents that were being treated for Staph infection.

March 28, 2002    Telephone Conversation with Dr. Jelinek, Contagious Disease Specialist, who is treating Resident Stephen Sevilla for Staphylococcus Aureus. He stated that he was not completely ruling out spider bites, but that all cases referred to him by the hospital were being treated as having Staph infection. Dr. Jelinek further suggested that we continue with our preventive measures of isolation and disinfecting. Dr. Jelinek also recommended that we screen everybody for Staph Infection by getting a nasal culture test for all residents and staff.

April 1, 2002    Ms. Charlie Montgomery, Hidalgo County Risk Management Director, informed me that she was going to contact a medical lab for a price quote for nasal culture testing for everybody at the Boot Camp.

April 2, 2002    Spider Bite incident Resident Robert Hanover, diagnosed and treated in house.

April 3, 2002    Spider Treatment and Glue Boards by Orkin Pest Control.

April 3, 2002    Resident Stephen Sevilla released from Edinburg Regional Medical Center.

April 4, 2002    Started use of anti-bacterial soap by residents on a daily basis before/after morning, afternoon and evening meals.

April 8, 2002    Spider Bite incident Resident Todd Peikert, diagnosed and treated in house.

April 12, 2002    Telephone conversation with Dr. Laura E. Robinson, Texas Department of Health, informing me that she, along with some staff from the Harlingen Office of the Texas Department of Health would be at the Boot Camp at 9:30 A.M. on April 19, 2002. Purpose of their visit would be to draw blood from those residents that are being treated for lesions or spider bites. She further stated that the cause could be bed mites.

April 14, 2002    Spider Bite incident Resident David Hernandez, diagnosed and treated in house.

April 17, 2002    Spider Treatment by Orkin Pest Control.

April 17, 2002    Spider Bite incident Resident Andres Garcia, diagnosed and treated in house.

*11*

April 18, 2002   Mr. Joe Lopez, Executive Director for the Hidalgo CSCD and myself met with District Judge Noe Gonzalez, overseer of The Hidalgo County Community Supervision and Corrections Department, to discuss the resident population afflicted with lesions, spider bites or MRSA. We recommended to Judge Gonzalez that he give us permission to release 1st Platoon residents early and to postpone the entry of the incoming platoon scheduled to come in on April 22 until a later date.   The 1st Platoon had been scheduled to graduate on May 31, 2002. This will give us the opportunity to culture test all staff and residents for MRSA and identify those who are positive or negative.  Those testing positive would be isolated and treated until medically cleared by the Boot Camp Doctor. It will also give us time to take appropriate steps to stop the spread of MRSA by conducting a thorough disinfecting procedure of dorm areas. New policies and procedures will also be implemented to screen all incoming Boot Camp residents for MRSA. We will also contact the Texas Department of Health and request additional help and information on what other steps we can take to stop the spread of MRSA.

April 18, 2002   Mr. Joe Lopez, Frank Luevano, Boot Camp Nurse and myself took Resident Steven Sevilla to Dr. Jelinek for Resident Sevilla's follow-up visit and to inform him on steps we planned to take at the Boot Camp.  Dr. Jelinek agreed with our action plan and that both staff and residents should take the nasal culture test for MRSA(methicillin-resistant staphylococcus aureus).  Dr. Jelenik further stated that this staph infection was very prevalent in the community.

April 19, 2002   Dr. Laura Robinson, Texas Department of Health, Austin Texas and two nurses from the Harlingen Office of the Department of Health met with me at the Boot Camp.  During this meeting I gave Dr. Robinson information on the number of residents that have been medically treated, the number that have been hospitalized, the number in isolation and the steps we have taken to address this problem. After the meeting Dr. Robinson and the assisting nurses drew blood samples from the five residents that were in isolation.

April 19, 2002   All staff and residents underwent a nasal swab culture for MRSA and swabs were forwarded to Microbiology Specialty Lab, McAllen, Texas.

April 22, 2002   Received culture test results from Microbiology Specialty Lab resulting in all staff being negative and four residents positive for MRSA.

April 22, 2002   Spider Bite Incident- Isaac Gonzalez, diagnosed and treated in house.

April 29, 2002   Initiated process of releasing those residents that tested negative for MRSA.

May 2, 2002   Board of Judges approved the new policy of having all incoming residents tested for MRSA before entering the Boot Camp.

12

| | |
|---|---|
| May 3, 2002 | Released Resident Andres Garcia who had tested positive for MRSA after being medically cleared by Boot Camp Dr. Omar Garza. |
| May 7, 2002 | Released Residents Noe Basquez, Robert Hanover and Issac Gonzalez who had had tested positive for MRSA after being medically cleared by Boot Camp Dr. Omar Garza. |
| May 28, 202 | All Boot Camp Staff attended 4 hours of HIV/AIDS and Hepatitis Training. |
| May 29, 2002 | All Boot Camp Staff attended 2 hours of MRSA Training and Tuberculosis Infection Control. |
| May 29, 2002 | Contacted Dr. Robinson, of the Harlingen Office of the Texas State Department of Health to come and conduct an inspection of our facility. |
| June 14, 2002 | Meeting with Mr. Joe Lopez, Dr. Omar Garza, Boot Camp Doctor, Frank Luevano, Boot Camp Nurse, Charlie Montgomery, Hidalgo County Risk Management Director and Ms. Carmen Velarde, Infectious Disease Control Nurse, Edinburg Regional Hospital. At this meeting we reviewed all the steps that we had taken to control the spread of MRSA. It was agreed by Dr. Omar Garza, Ms. Carmen Velarde, and Mrs. Charlie Montgomery that we could start accepting new residents into the Boot Camp |

*13*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *NOE GONZALEZ,* | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **Civil Action No. B-02-194** |
| | § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* | § | |
| *LIZCANO, MICHAEL WILSON, JOE* | § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* | § | |
| *J.C. GOMEZ,* | § | |
| **Defendants.** | § | |

## AFFIDAVIT OF KIRK LONG

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, personally appeared Kirk Long who, being by me duly sworn, deposed as follows:

My name is Krik Long. I am over twenty-one years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am currently employed as the Director of Residential Services for the Texas Department of Criminal Justice Community Justice Assistance Division (TDCJ-CJAD). I have worked for TDCJ-CJAD since January 2, 1994. I also worked in the residential facility operated by the Bastrop County Community Supervision and Corrections Department from 1988 through 1993.

In general, TDCJ-CJAD determines the core services community supervision and corrections departments (CSCDs) will provide. The division develops minimum standards for the departments' programs, facilities and equipment and develops methods for measuring the success of the programs. The division tracks the performance of CSCDs, monitors and reviews their budgets, offers technical

help and training, and awards special state grants.

TDCJ-CJAD distributes State funds to CSCDs. The funds are allotted to departments annually by the Texas Legislature and provide about 65 percent of their operating budgets. Departments received about $224M in fiscal year (FY) 2002 and again in FY 2003. Additionally, they receive funds by collecting court-ordered fees from offenders, and through support of their local governments, they have office space, equipment and other operational necessaries.

The Residential Unit develops standards (found at Texas Administrative Code §163.39) and monitors residential facilities operated by CSCDs throughout the State of Texas. Residential facilities allow judges to save prison beds for violent felons while giving other offenders the treatment or sanction that will serve them and society best. The facilities include restitution centers, court residential treatment centers, intermediate sanctions facilities, substance abuse treatment facilities and boot camps. The unit consults with the planning staff during the review of the residential program proposals.

Boot camps are highly structured residential punishment programs modeled after military basic training. They target young, first-time offenders and emphasize physical exercise, strict supervision and discipline. They also offer education and life skills training and require offenders to make restitution to their victims and society. Boot camps also may also offer substance abuse education.

I am familiar with the Judge Homer Salinas Rehabilitation Center Boot Camp operated by the Hidalgo County CSCD. I have carefully reviewed the chronology prepared by the Boot Camp's Director, Mr. J.C. Gomez. In my opinion, the actions taken by Mr. Gomez and the staff of the Boot Camp to address the problem of suspected spiders in the facility were reasonable, met TDCJ-CJAD

standards, and complied American Corrections Association standards.


IN WITNESS WHEREOF, I have hereto set my hand this 26th day of March, 2003.

KIRK LONG


## CERTIFICATION

BEFORE ME, _Kirk Long_____, on this 26th day of March, 2003, personally appeared Kirk Long, known to me (or proved to me on the oath of State ID) to be the person whose name is subscribed to the foregoing instrument and he/she has acknowledged to me that he executed the same for the purpose and the consideration therein expressed.


GIVEN under my hand and seal of office this 26th day of March, 2003.

SIGNATURE OF NOTARY

GLORIA A. CHANDLER
Notary Public, State of Texas
My Commission Expires
FEBRUARY 15, 2006

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| *NOE GONZALES,* § | |
| **Plaintiff,** § | |
| § | |
| *v.* § | Civil Action No. B-02-194 |
| § | |
| *HIDALGO COUNTY, TEXAS, ROBERT* § | |
| *LIZCANO, MICHAEL WILSON, JOE* § | |
| *E. LOPEZ, SGT ALEX RAMIREZ, AND* § | |
| *J.C. GOMEZ,* § | |
| **Defendants.** § | |

STATE OF TEXAS

COUNTY OF HIDALGO

### AFFIDAVIT

Before me, the undersigned notary, on this day, personally appeared J.C. Gomez, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. My name is J.C. Gomez. I am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct. I am a defendant in this lawsuit.

2. I am the Director and custodian of the **grievance records** of the Judge Homer Salinas Rehabilitation Center (Center) operated by the Hidalgo County Community Supervision and Corrections Department.

3. Residents at the Center are advised when they enter the facility at intake that they will be treated fairly and equally. They are told that any resident who feels that he has been treated unfairly or has been discriminated against for any reason may file a grievance. According to our policy, documentation concerning grievances must be kept on file at the center.

4. These grievance records are kept by the Center in the regular course of business, and it is the regular course of business for an employee or representative of the Center to file grievances made by residents.

5. I have reviewed the grievance files for the Judge Homer Salinas Rehabilitation Center and have noted that Resident Noe Gonzales, a resident at the Center in June and July of 2001 and the plaintiff in this lawsuit, did not file a grievance during his stay at the Center.

IN WITNESS WHEREOF, I have hereto set my hand this __7__ day of February, 2003.

SIGNATURE

## CERTIFICATION

BEFORE ME, _Melissa R. Garza_, on this __7th__ day of February, 2003, personally appeared J.C. Gomez, known to me (or proved to me on the oath of State ID) to be the person whose name is subscribed to the foregoing instrument and he/she has acknowledged to me that he executed the same for the purpose and the consideration therein expressed.

GIVEN under my hand and seal of office this __7th__ day of February, 2003.

SIGNATURE OF NOTARY

**MELISSA R. GARZA**
Notary Public, State of Texas
My Commission Expires
May 27, 2006

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

*NOE GONZALES,*                          §
    **Plaintiff,**              §
                  §
*v.*                                     §    Civil Action No. B-02-194
                  §
*HIDALGO COUNTY, TEXAS, ROBERT*          §
*LIZCANO, MICHAEL WILSON, JOE*           §
*E. LOPEZ, SGT ALEX RAMIREZ, AND*        §
*J.C. GOMEZ,*                            §
    **Defendants.**             §

STATE OF TEXAS

COUNTY OF HIDALGO

### AFFIDAVIT OF J.C. GOMEZ

Before me, the undersigned notary, on this day, personally appeared J.C. Gomez, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. My name is J.C. Gomez. I am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct. I am a defendant in this lawsuit.

2. I am the Director of the Judge Homer Salinas Rehabilitation Center Boot Camp operated by the Hidalgo County Community Supervision and Corrections Department.

3. Attached is a copy of the Boot Camp's one-page policy concerning Resident's Rights that was in effect during 2001. This policy contains the grievance procedures for the Boot Camp.

IN WITNESS WHEREOF, I have hereto set my hand this 25th day of April, 2003.

SIGNATURE

## CERTIFICATION

BEFORE ME, Melissa R Garza, on this 25th day of April, 2003, personally appeared J.C. Gomez, known to me (or proved to me on the oath of State ID) to be the person whose name is subscribed to the foregoing instrument and he/she has acknowledged to me that he executed the same for the purpose and the consideration therein expressed.

GIVEN under my hand and seal of office this 25th day of April, 2003.

MELISSA R. GARZA
Notary Public, State of Texas
My Commission Expires
May 27, 2006

SIGNATURE OF NOTARY

2

## RESIDENT'S RIGHTS

The Boot Camp staff will make every effort to avoid the elements of discrimination which can affect service delivery to the residents. Specifically the types of conduct which would constitute discrimination are those based on race, color, national origin, religion, age, handicap, or political belief. We understand cross cultural aspects of our residents, to include attitudes and feelings evoked by different racial/cultural values and the need for sensitivity to these and their impact on client services.

All residents who are received at the Boot Camp are informed at intake that they will all be treated fairly and equally. Positive behavior will be rewarded with equal privileges and infractions of the rules will carry sanctions which apply to all.

Any resident who feels that he has been treated unfairly or has been discriminated against for any reason may file a grievance by utilizing the following steps:

1. The resident will discuss his grievance with his sergeant and if it is not resolved, the sergeant will assist the resident in putting his grievance in writing.
2. The written grievance will be submitted to the Duty Officer.
3. The Duty Officer will meet with the resident and his sergeant and will attempt to resolve the issue.
4. If no resolution is agreed on, the Duty Officer will submit the written grievance along with a written summary of the meeting with the resident to the Boot Camp Director.
5. The Boot Camp Director will review the information and meet with the resident, his Sergeant, and the Duty Officer will provide guidance to the resident so his grievance can be heard by the Department Director where a final decision will be made.

Documentation will be made and kept on file on any grievance or action taken on any grievance which has been filed by a resident.

All residents are informed of their rights by the Duty Officer at the time of intake. This is done in either English or Spanish, whichever language the resident understands the best. Some of those rights which are explained in detail are as follows:

1. You have the right to expect that as a human being you will be treated respectfully, impartially, and fairly by all staff members.
2. You have the right to be informed of the rules, schedules, and procedures concerning the operations of the Boot Camp.
3. You have the right to freedom of religious affiliation and voluntary religious worship.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOE GONZALEZ, | § | |
| | § | |
| *Plaintiff,* | § | C. A. NO. B-02-194 |
| | § | **JURY DEMAND** |
| vs. | § | |
| | § | |
| ROBERT LIZCANO, MICHAEL | § | |
| WILSON, JOE E. LOPEZ, | § | |
| SGT. RAMIREZ and J.C. GOMEZ | § | |
| | § | |
| *Defendants.* | § | |

AFFIDAVIT OF NOE GONZALEZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, on this day personally appeared Noe Gonzalez, known to me to be the person whose signature appears below, and after being duly sworn upon oath, deposed and stated as follows:

"My name is Noe Gonzalez. I am over twenty-one years of age, of sound mind, and competent in all other respects to make this affidavit. Everything stated herein is based on upon personal knowledge and is true and correct.

1.    I am the plaintiff bringing this claim in the above captioned cause.

2.    I was a resident cadet of the Judge Homer Salinas Rehabilitation Center ("Boot Camp") from June 18, 2001 until July 2, 2001. I was housed in one of two dorms in the Boot Camp I was in the Alpha dorm.

3.    On or about June 27, 2001, I reported to sick call because my right knee was extremely swollen, itching and inflamed, and I could hardly bend it. My knee was as big as a football. I told the doctor that I thought I had been bitten by a spider. There had previously been many occurrence of spider bites at the Boot Camp. The doctor at the Boot Camp gave me a brace and a couple of aspirins, told me not to worry about it, and then released me to full duty on June 27, 2001.

4.     From June 27, 2001 until July 2, 2001, I had to go through the regular routine of the Boot Camp just like all the other cadets. I had to do strenuous training involving my swollen knee with no restrictions. My sleeping bunk was a top bunk, about six to eight feet above the ground. Part of the regular routine of the defendants was that they had us scramble in and out of our bunks numerous times in a regimen called "30 in 30 out." Routinely, beginning sometime after we turned in, various defendants would come into the dorms and make us do exercises for thirty minutes and let us sleep with the lights on for 30 minutes. This would happen roughly six times from evening hours into the morning. This routine went on every night I was at the Boot Camp. Our uniforms were boxer shorts and tee shirts. It was real obvious to everyone, including the defendants that I was in pain, that I was having difficulty getting in and out of my bunk, difficulty doing the training, and that my knee was incredibly swollen.

5.     Other parts of the training that I was forced to participate in involved an exercise in which we were forced to stand, leaning back against a wall, holding our footlockers, weighing about 40-50 lbs. for 20-30 minutes. The pain in my knee would become unbearable. To get to the mess hall, we were forced to assume a catcher's position, bending deep at the knees but with our hands behind our heads and "duck walk" in only our socks across hot pavement scattered with pebbles for 10-20 minutes. It got so that I couldn't bend my knee at all. I was limping badly and I complained about the pain in my knee everyday. I requested help from the defendants, but no one cared, and no action was taken to give me any relief from the unending pain and suffering I was going through. The occasional aspirin defendants threw at me was not relieving the pain in my knee. Defendants, Ramirez and Wilson told old me to "suck it up" and "quit being a baby."

6.     The defendants made us sleep with the lights on because, we were told by our sergeant, the lights would prevent the spiders from coming into our dorms. There was a fluorescent light fixed about four feet above where I lay in my bunk. Between the pain in my knee and the lights being on all night, I was unable to sleep. Most nights, I lay in bed with tears in my eyes. I was miserable and suffered a lot of excruciating pain right up to the time I was finally treated at the hospital.

2

7.    I was able to get on sick call again on July 2, 2001. The doctor finally had me transported to the hospital. I was released from the hospital after about nine days of treatment. When I was released, I was not returned to the Boot Camp and I was not placed in a jail, prison, or other correctional facility."

Further affiant sayeth not.



Noe Gonzalez

SUBSCRIBED AND SWORN TO BEFORE ME on the 19th day of May, 2003, to certify which witness my hand and official seal.

NOTARY PUBLIC, IN AND FOR THE STATE OF TEXAS
Printed Name   Gabriela A. Alcalde
My Commission expires:   06-13-2005

GABRIELA A. ALCALDE
MY COMMISSION EXPIRES
June 13, 2005

3